UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA MILLER, PATSY LUND, AMBER WEST, EVAN WEST, DARRICK CHRISTODARO, AMY HOFFER, JAMES PADGETT, JILLIAN CONSTABLE, MONTERIO BUTCHER, HARLAMPI BOZHINOV, MARY GLADE, TERESA BALSZEK, CRAIG MORFORD, KELLI MORFORD, AARON MANFRA, VICTORIA MANFRA, STACEY COPPOCK, RACHEL GOODRICH, BRIAN SIMONDS, DAVID SCHIAVI, ROBYN PIROG, BENITO ALMANZA, TAMMY ALMANZA, ZACHARY SCOTT DAMM, and SHARI TECHLIN, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | No. 2:20-cv-01796-TLN-CKD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL** |

Before the Court is Plaintiffs' Motion for Appointment of Interim Class Counsel. (ECF No. 46.) Having considered the submission of the parties, and good cause having been shown, the Court GRANTS the Motion, as follows:

1. Pursuant to Fed. R. Civ. P. 23(g), after due consideration of (i) the work counsel has done in identifying or investigating potential claims in this action; (ii) counsel's experience in

handling class actions, other complex litigation, and the types of claims asserted in this action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class; the Court appoints the following attorneys to serve as Interim Lead Class Counsel and as members of an Interim Class Counsel Executive Committee ("EC") with the following responsibilities:

    a.    <u>Interim Lead Class Counsel</u>: The Court hereby appoints (1) Mark P. Chalos of Lieff Cabraser Heimann & Bernstein, LLP, and (2) Tarek H. Zohdy of Capstone Law APC, as Interim Lead Class Counsel, with duties and responsibilities to efficiently manage and direct all aspects of the litigation on behalf of Plaintiffs and the putative classes, including without limitation:

- To determine the overall litigation strategy and position of the Plaintiffs on all matters arising during pretrial proceedings, including drafting of briefs, initiation of and response to discovery on behalf of Plaintiffs, and consultation with experts;
- To delegate specific tasks to other counsel in a manner that ensures that pretrial preparation for Plaintiffs is conducted efficiently, effectively, and economically;
- To act as the spokespeople for Plaintiffs at pretrial proceedings, and prepare and argue all motions presented to the Court on behalf of Plaintiffs, as well as to oppose any motions submitted by Defendants or other parties, or delegate such responsibilities to other counsel;
- To conduct settlement negotiations on behalf of Plaintiffs; and
- To consult with members of the EC on the points above, and to coordinate responsibilities of members of the EC and other counsel.

    b.    <u>Interim Class Counsel Executive Committee</u>: The Court hereby appoints (1) Stuart C. Talley of Kershaw, Cook & Talley PC, (2) Russell D. Paul of Berger Montague PC, and (3) Thomas P. Thrash of Thrash Law Firm PA as the members of the EC. Each attorney serving on the EC will focus his or her efforts on one or more of the following areas, in consultation with and under the direction of Interim Lead Class Counsel: (i) law and motion briefing, including dispositive motions and class certification; (ii) defendant and third-party

discovery; (iii) plaintiff discovery; (iv) expert consultation and discovery; (v) trial; and (vi) settlement and administration.

    2.    The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues.

The recovery of common benefit attorney's fees and cost reimbursements will be limited to Participating Counsel. "Participating Counsel" means Interim Lead Class Counsel, any other counsel authorized by Interim Lead Class Counsel to perform work that may be considered for common benefit compensation, and counsel who specifically have been approved by this Court as Participating Counsel before incurring any such cost or expense.

Eligibility for payment does not pre-determine payment. If and to the extent that this litigation is certified as a class action under Federal Rule of Civil Procedure 23 for purposes of resolution or trial, any award of fees and costs for common benefit work will be governed by the standards and procedures of Rule 23, including Rule 23(h). In all events, no award or payment of common benefit fees or costs shall be made without this Court's approval.

Participating Counsel shall be eligible to receive common benefit attorney's fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for the common benefit of the Plaintiffs; (b) timely submitted; and (c) reasonable. Participating Counsel, as defined above, must agree to the terms and conditions herein, including submitting to this Court's jurisdiction and agreeing that this Court has plenary authority regarding the award and allocation of common benefit attorney's fees and expense reimbursements in this matter.

Interim Lead Class Counsel shall have the responsibility to implement the following guidelines for the efficient management of this litigation:

    a.    **Pandemic Safety Protocols.** Thus far, the Coronavirus pandemic has necessitated that Plaintiffs' counsel and the Court conduct all proceedings in this litigation remotely. In-person meetings, discovery proceedings (including depositions), and court proceedings may resume in the near future. *See* General Order No. 631. In any event, Plaintiffs' counsel shall conduct all business remotely to the extent practicable. The below guidelines apply

equally to in-person as well as remote meetings, discovery proceedings (including depositions), and court proceedings.

b. **Staffing Practices**. Interim Lead Class Counsel will delegate work and authorize expenditures to other firms as needed, and will limit such delegation to tasks that are reasonable and necessary to the prosecution of this case. Only time and costs incurred pursuant to assignments authorized by Interim Lead Class Counsel will be considered for compensation or reimbursement.

i. **Depositions**. Unless otherwise authorized by Interim Lead Class Counsel, counsel for Plaintiffs shall send no more than two (2) attorneys and one (1) paraprofessional to any deposition. For example, with regard to the depositions of class representative plaintiffs, counsel shall limit attendance to one attorney selected by Interim Lead Class Counsel and, if necessary, one attorney from the firm representing that particular plaintiff.

ii. **Court Hearings**. Absent unusual circumstances, counsel for Plaintiffs shall limit attendance at non-dispositive hearings to two (2) attorneys. Counsel attending a hearing without making an appearance, or counsel who are not involved in briefing or arguing at the hearing, should be on notice that their time and expenses for attending such hearing will not be considered for compensation or reimbursement.

With respect to hearings related to class certification; dispositive motions; and other significant pretrial motions, Interim Lead Class Counsel will handle the arguments and delegate work to other Plaintiffs' firms, preferably to those on the Executive Committee, based on their knowledge of particular areas of the case. In this manner, Interim Lead Class Counsel will have certain firms specialize in certain areas of the case to reduce the learning curve and increase efficiency when it comes to handling such motions. Any such delegation of work will be done in a manner that avoids duplication of effort.

c. **Expense Recording**. Counsel may submit for potential reimbursement all expenses reasonably incurred in prosecuting this case for the common benefit of the class. Attorneys must provide receipts for all expenses; each firm must provide receipts along with their monthly expense submissions, in PDF form (not hard copy). Interim Lead Class Counsel shall

maintain records of all expenses incurred, as well as any funds maintained by Plaintiffs' counsel for the purpose of paying such expenses. All expenses shall be charged at actual cost, without any mark-up. Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services. In-house copies shall be charged at no more than $0.15 per page.

Counsel for Plaintiffs shall only seek reimbursement for economy or coach-class airfare for travel. Counsel are welcome to travel by any means they choose, but may only seek reimbursement for coach-class airfare or similarly priced travel arrangements. Counsel will likewise make reasonable arrangements for lodging and shall seek reimbursement only for reasonable accommodations, not to exceed $350 per night plus tax. The per diem meal expenses will not exceed $100.

Interim Lead Class Counsel's explicit authorization shall be required for any expenditure exceeding $5,000. Expenditures under $5,000 will be left to the discretion of counsel working on authorized assignments, and will be reviewed by Interim Lead Class Counsel in monthly reports. Counsel for Plaintiffs shall not seek reimbursement for expenses or costs incurred as part of normal overhead costs for running a law firm.

    d. **Time Recording**.

      i. **Recording Requirements**.

- All Participating Counsel shall record and maintain detailed, contemporaneous time records for all work performed for the common benefit of the class, including work by attorneys, paraprofessionals, and assistants.
- Counsel shall bill in no larger than one-tenth of an hour increments, and shall maintain records in such a way that each billed activity is recorded separately.
- Counsel shall not combine billable activities into block-billing records.
- Counsel will not be reimbursed for any item of time or cost not described in sufficient detail to determine the nature and purpose of the service or cost.
- Only reasonable and necessary time incurred for the common benefit of the class, and authorized by Interim Lead Class Counsel, will be considered for compensation.

- Any time entry which is not described in sufficient detail to determine the nature and purpose of the work will not be considered for compensation.
- Any submission which is excessive on its face, when considered as a whole in light of the role that the attorney or other timekeeper had in the litigation, may not be compensated.

ii. **Hourly Rates**. Counsel shall record their then-present hourly rates for all attorneys and staff. Although counsel may seek an award of fees based on their hourly rate at the time a settlement or judgment is reached to account for the delay in payment, their billing records shall be prepared and recorded at the then-present rates. Counsel shall not bill a rate other than their standard rates at the time the work is performed.

iii. **Document Review**. Document review can be the most challenging area of a case in which to keep control over time and expenses. Interim Lead Class Counsel will put out for bid any vendor services and strive to get the best services for the best price without sacrificing quality. A remote document review system will be used to avoid unnecessary travel expenses, and procedures will be put in place to monitor how much time is spent reviewing documents and to monitor the efficiency and quality of review by other firms. Once a document review platform is established, Interim Lead Class Counsel will direct the document review, including creating and assigning batches of documents to be reviewed by Participating Counsel. Depending on the volume of documents produced, it is possible that up to 20 document reviewers will be needed. Where it proves economically advantageous, Interim Lead Class Counsel may employ contract attorneys to perform efficient and focused document review. Such contract attorneys will be billed at an hourly rate consistent with the market rate for junior associates.

e. **Time and Expenses Submission Requirements.**

i. **Format**. For Interim Lead Class Counsel to maintain all submissions of common benefit time in a fully sortable and searchable format, all the time and expense submissions must be provided by Participating Counsel in the following format: (1) an Excel (.csv) file (using the template provided by Interim Lead Class Counsel) containing the detailed time entries for all employees who performed common benefit work for that month; (2)

an Excel (.csv) file (using the template provided by Interim Lead Class Counsel) containing the detailed expense entries for that month; and (3) a PDF file containing the receipts for the submitted expenses..

    ii. **Timing**. Time and expense submissions shall be made to Interim Lead Class Counsel on a monthly basis, by deadlines and in accordance with the guidelines set forth herein. The first submission is due on August 15, 2021 and should include all time and expense from inception of work on the Consolidated Actions through July 31, 2021.

 After this first submission, each monthly submission should include all common benefit time and expenses incurred from the first to the last day of the preceding month (e.g. the submission due September 15, 2021 should contain all common benefit time and expenses incurred from August 1, 2021 through August 31, 2021).

 Although Participating Counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 15th of the next month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Thus, submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous six months that, because of circumstances outside the submitting counsel's control, could not have been submitted by the deadline. Any common benefit expenses submitted more than six months in arrears may not be considered or included in any compilation of common benefit expense calculation and may be disallowed, except for good cause shown and with the approval of Interim Lead Class Counsel.

    iii. **Interim Lead Class Counsel Review of Time Records and Expenses**. Interim Lead Class Counsel will be responsible for collecting monthly common benefit time and expense submissions from Participating Counsel, auditing the submissions for compliance with the directives set forth in this Order, and informing Participating Counsel when their submissions do not comply with the directives set forth in this Order.

 Interim Lead Class Counsel's auditing responsibility notwithstanding, the ultimate determination of what is compensable common benefit work, and the extent or rate at which it is compensable, is reserved to the Court.

1    IT IS SO ORDERED.

2  Dated:  October 18, 2021

Troy L. Nunley
United States District Judge