1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANESSA MILLER, et al.,

               Plaintiffs,

      v.

FORD MOTOR COMPANY,

               Defendant.

No.  2:20–cv–1796–TLN–CKD

ORDER

(ECF Nos. 64 & 68)

Presently before the court are defendant Ford Motor Company's duplicate motions to strike plaintiffs' first sets of discovery requests, or in the alternative for a protective order deferring Ford's obligation to respond to this discovery until after the assigned District Judge rules on Ford's pending motion to stay all discovery.[1]  (ECF Nos. 64, 68.)  Following an informal discovery conference on the matter with the undersigned, the parties filed a joint statement regarding the discovery disagreement, along with supporting exhibits.  (ECF No. 69.)  The court took the motion under submission, having already heard the parties' arguments at the recent informal discovery conference.  (ECF No. 70.)  For the following reasons, the court DENIES the requested relief.

---

[1] Because both motions request identical relief, the court occasionally refers to them as a singular motion.  The motion was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1    **<u>BACKGROUND</u>**

2    This is a putative class action product defect case, based on allegedly defective "Ecoboost

3    engines" in various makes and models of Ford vehicles across 16 states.  Due to the odd

4    procedural posture of this motion, the substance of the complaint is not particularly relevant to the

5    motion's resolution.

6    This case was filed in September 2020, originally on behalf of a proposed California-

7    based class.  (ECF No. 1.)  After two rounds of motions to dismiss (which were not ruled on),

8    stipulated amendment and eventual stipulated consolidation of related cases, the operative

9    Consolidated Class Action Complaint was filed on June 21, 2021.  (ECF No. 43.)

10   On August 2, 2021, Ford moved to dismiss all 51 claims in the Consolidated Complaint

11   for failure to state a claim.  (ECF No. 51.)  On August 26, 2021, the parties met and conferred in

12   compliance with Federal Rule of Civil Procedure 26(f).  (ECF No. 69 at 2.)  The Joint Rule 26(f)

13   Statement following that conference conveyed the parties' opposing views on whether discovery

14   should proceed, with Ford indicating that it would seek a stay of discovery until its motion to

15   dismiss was ruled upon.  (ECF No. 55 at 4-6.)

16   On September 21, 2021, Ford indeed filed a motion to stay discovery, noticing the motion

17   for hearing before the assigned District Judge, the Honorable Troy L. Nunley, on October 28,

18   2021.  (ECF No. 56.)  Both the motion to dismiss and the motion to stay were fully briefed, and

19   on October 19, 2021, Judge Nunley took both motions under submission without oral argument.

20   (ECF No. 61.)  Both motions remain pending before Judge Nunley.

21   Plaintiffs had not served any discovery on Ford at the time of the filing of Ford's motion

22   to stay (ECF No. 69 at 2), and plaintiffs' counsel conveyed at the informal discovery conference

23   that they were initially willing to wait for Judge Nunley's ruling on the motion.   However, after

24   four months or so, plaintiffs decided to proceed.  On February 8, 2022, plaintiffs served Ford with

25   a First Set of Requests for Production, totaling 73 requests, and a First Set of Interrogatories,

26   totaling 4 interrogatories (collectively, "the Discovery Requests").  (ECF No. 69 at 2; Exs. A, B.)

27   After unsuccessful meet and confer efforts regarding whether these Discovery Requests

28   were premature, on March 2, 2022, Ford filed its original motion to strike the Discovery

2

1   Requests, or in the alternative for a protective order (hereafter "Motion for Protective Order")

2   deferring Ford's obligation to respond until after Judge Nunley's ruling on the motion to stay.

3   (ECF No. 64.)  The motion was set for hearing before the undersigned on March 23, 2022, but

4   prior to the hearing the parties agreed to an informal discovery conference with the undersigned.

5          The informal discovery conference was held on March 9, 2022.  (ECF No. 67.)  At the

6   conference, the court conveyed its view that discovery was open notwithstanding Ford's filing of

7   the motion to stay—and that the court did not see how it could grant Ford's Motion for Protective

8   Order without undercutting Judge Nunley's ability to rule on the submitted motion to stay.  Ford

9   indicated that it might seek a formal ruling on the Motion for Protective Order in order to have

10  the chance to request reconsideration by Judge Nunley.  See Fed. R. Civ. P. 72(a); 28 U.S.C.

11  § 636(b)(1)(A); E.D. Cal. L.R. 303.  The court agreed to issue such ruling if Ford opted to

12  proceed with the previously noticed Motion for Protective Order.  On March 16, 2022, Ford re-

13  filed its Motion for Protective Order (ECF No. 68), along with a formal joint statement by all

14  parties regarding the discovery disagreement (ECF No. 69).

15  **DISCUSSION**

16         As discussed at the informal discovery conference, plaintiffs are correct that discovery

17  opened on August 26, 2021, after the parties met for their Rule 26(f) conference.  See Estate of

18  Lee v. Cal. Dep't of Corr. & Rehab., 2021 WL 490242, at *3 (E.D. Cal. Jan. 14, 2021) (stating

19  same); Mlejnecky v. Olympus Imaging Am., Inc., 2011 WL 489743, at *5 (E.D. Cal. Feb. 7,

20  2011) ("[A] party may generally seek discovery from any source after the parties confer as

21  required by Rule 26(f).") (citing Fed. R. Civ. P. 26(d)(1)).  Under Rule 26, "[a] party may not

22  seek discovery from any source before the parties have conferred as required by Rule 26(f),

23  except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when

24  authorized by [the federal] rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1)

25  (emphasis added).  This is not an exempted proceeding, and Ford identifies no other federal rule,

26  stipulation, or court order that alters the default presumption that discovery requests are

27  permissible now that the parties have conferred under Rule 26(f).

28         Filing the motion to stay, in and of itself, did not change the situation.  "The filing of a

1   motion to stay discovery does not automatically relieve the movant from continuing to comply

2   with its discovery obligations." <u>HRC-Hainan Holding Co., LLC v. Yihan Hu</u>, 2020 WL

3   1643786, at *2 (N.D. Cal. Apr. 2, 2020) (quoting <u>Wells Fargo Bank, N.A. v. Iny</u>, 2014 WL

4   1796216, *3 (D. Nev. May 6, 2014) and collecting cases). Ford cites no cases to the contrary,

5   instead presenting arguments and cases about whether discovery should proceed while a motion

6   to dismiss is pending. While there may be merit to these arguments, they are arguments to be

7   considered by Judge Nunley in resolving the motion to stay which remains submitted before him.

8        Ford argues that granting the instant Motion for Protective Order "is the only means of

9   preserving the status quo and allowing Judge Nunley to reach a decision" on the motion to stay.

10   (ECF No. 69 at 4.) The court disagrees. The current status quo is that discovery is open and may

11   therefore proceed unless and until the court orders otherwise. Granting Ford's motion would <u>alter</u>

12   the status quo, not preserve it, by effectively halting discovery before Judge Nunley has ruled on

13   the motion to stay discovery. At the informal discovery conference, Ford argued that it is seeking

14   narrower relief than that requested in the motion to stay before Judge Nunley—because Ford

15   seeks only protection from the instant Discovery Requests and only until Judge Nunley rules on

16   the motion to stay. However, granting Ford protection from these first sets of discovery would

17   likely mean that Ford would also enjoy protection from any further discovery requests from

18   plaintiffs before the motion to stay is decided, and there is a distinct possibility that Judge Nunley

19   may rule on the motion to stay at the same time that he rules on the co-pending motion to dismiss.

20   In that case, granting Ford's current Motion for Protective Order would effectively be granting, in

21   its entirety, the motion to stay that is before Judge Nunley. Because it would be improper to rule,

22   in effect, on a motion pending before the district judge, the undersigned cannot grant the relief

23   requested in Ford's Motion for Protective Order.

24        The court understands the difficult position in which Ford finds itself, due to the district

25   court's case load. Plaintiffs are encouraged to make good on their offer (expressed at the

26   informal discovery conference) to avoid "onerous areas" of discovery or discovery on subjects

27   that might be rendered irrelevant by the dismissal of certain claims—until the motion to stay is

28   resolved. However, the court will neither order plaintiffs' Discovery Requests stricken nor issue

1    a protective order to defer Ford's discovery obligations, given the pending motion to stay.

2    **CONCLUSION**

3          For these reasons, defendant Ford Motor Company's motions to strike, or for a protective

4    order (ECF Nos. 64 & 68) are DENIED.

5    Dated:  March 24, 2022

6                             CAROLYN K. DELANEY

7                             UNITED STATES MAGISTRATE JUDGE

8

9

10   19.mill.1796

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28