RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
DAMALI A. TAYLOR (S.B. #262489)
dtaylor@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Tel: +1 415 984 8700
Fax: +1 415 984 8701

AMY J. LAURENDEAU (S.B. #198321)
alaurendeau@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California  92660
Tel: +1 949 823 6900
Fax: +1 949 823 6994

*Counsel for Defendant*
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA MILLER, et al., as individuals and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Case No. 2:20-cv-01796-DAD-CKD <br><br> (Consolidated with Nos. 2:21-cv-00417-DAD-CKD, 2:21-cv-00468-DAD-CKD) <br><br> **DEFENDANT FORD MOTOR COMPANY'S ANSWER TO THE FIRST AMENDED CONSOLIDATED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> First Am. Consol. Compl. ("FACC," Dkt. 81) filed: Sept. 28, 2022 (Dkt. 81) |

<u>**ANSWER**</u>

Pursuant to Federal Rules of Civil Procedure 7 and 8, Defendant Ford Motor Company hereby answers Plaintiffs' First Amended Consolidated Complaint ("FACC," Dkt. 81) as follows:

Except as expressly admitted below, Ford denies each allegation against it and denies liability to Plaintiffs.  To the extent the headings and sub-headings in the FACC purport to state facts to which a response is required, Ford denies each such allegation.  The headings in the FACC are repeated below for organizational purposes only.  Ford expressly reserves the right to seek to amend/or supplement this Answer as may be necessary.

**I.**     **INTRODUCTION**

1.     Defendant Ford Motor Company, in answer to the FACC of Vanessa Miller, Patsy Lund, Amber West, Evan West, Darrick Christodaro, Amy Hoffer, Jillian Constable, Monterio Butcher, Harlampi Bozhinov, Mary Glade, Theresa Balaszek, Craig Morford, Kelli Morford, Aaron Manfra, Victoria Manfra, Stacey Coppock, Rachel Goodrich, Brian Simonds, David Schiavi, Robyn Pirog, Zachary Scott Damm, Amanda Gates, Shari Techlin, Tyson John Batdorf, Anthony Cicero, David Gonzalez, Jeffery Hodges, Mark Kennedy, John Krecek, Tracey Ann Metro, Scott Pickering, and Kimberly Thomas (collectively "Plaintiffs"), admits, denies, and alleges as follows:

**II.**    **NATURE OF THE ACTION**

2.     Ford admits that Plaintiffs' FACC purports to assert claims as bring this action as to the vehicles identified in Paragraph 2.

3.     Ford denies each allegation contained in Paragraph 3.

4.     Ford denies each allegation contained in Paragraph 4.

5.     Ford denies each allegation contained in Paragraph 5.

6.     Ford denies each allegation contained in Paragraph 6.

7.     Ford admits that, other than for the Safety Recalls 12S41, 13S12, 17S09, Customer Satisfaction Program 19B37 and 21N12, and certain Extended Service plans, it has not agreed to cover all repairs outside the time and mileage limits in the applicable warranties in Class Vehicles.  Ford denies each other allegation contained in Paragraph 7.

8.    Ford denies each allegation contained in Paragraph 8.

9.    Ford avers that Paragraphs 9 consists of Plaintiffs' contentions as to what "[d]iscovery will show" in this case, and requires no response.  To the extent a response is required, Ford denies the allegations contained in Paragraph 9.

10.    Ford denies each allegation contained in Paragraph 10.

11.    Ford denies each allegation contained in Paragraph 11.

### III.    PARTIES

#### A.    Plaintiff Vanessa Miller

12.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies those allegations, although some putative class members would likely have purchase primarily for those purposes and others would not.

13.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis denies those allegations, although some putative class members would likely have purchased primarily for those purposes and others would not.

14.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies those allegations.

15.    Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 15 related to Ms. Miller's conduct, and on that basis denies those allegations.  Ford denies each remaining allegation contained in Paragraph 15.

16.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies those allegations.

17.    Ford admits that the engine block in Ms. Miller's 2017 Ford Edge was replaced under warranty after it was brought to the Downtown Ford of Sacramento dealership in June 2018.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17, and on that basis denies those allegations.

18.    Ford admits that Ms. Miller's husband spoke with a Ford customer service

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

representative in December 2019 regarding a repair to Ms. Miller's 2017 Ford Edge.  Ford further admits that there were no warranties or programs in effect that obligated Ford to cover the repair, but that Ford agreed to pay $1,500 of the repair costs.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18, and on that basis denies those allegations.

19.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 related to the current status of Ms. Miller's vehicle, and on that basis denies those allegations.  Ford otherwise denies the allegations contained in Paragraph 19.

20.     Ford denies the allegations contained in Paragraph 20.

21.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and on that basis denies those allegations.

22.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and on that basis denies those allegations.

**B.     Plaintiff Patsy Lund**

23.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and on that basis denies those allegations.

24.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and on that basis denies those allegations, although some putative class members would likely have purchased primarily for those purposes and others would not.

25.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and on that basis denies those allegations.

26.     Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 26 related to Ms. Lund's conduct, and on that basis denies those allegations.  Ford denies each remaining allegation contained in Paragraph 26.

27.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and on that basis denies those allegations.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

28.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis denies those allegations.

29.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and on that basis denies those allegations.

30.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and on that basis denies those allegations.

31.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 related to the current status of Ms. Lund's vehicle, and on that basis denies those allegations.  Ford otherwise denies the allegations contained in Paragraph 31.

32.     Ford denies each allegation contained in Paragraph 32.

33.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and on that basis denies those allegations.

34.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and on that basis denies those allegations.

**C.      Plaintiffs Amber and Evan West**

35.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and on that basis denies those allegations.

36.     Ford denies that Antelope Valley Ford is currently an authorized Ford dealer, but admits that Antelope Valley Ford was an authorized Ford dealer in May 2013.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36, and on that basis denies those allegations.

37.     Ford admits that the window sticker (Monroney sticker) identifies the certain features of the vehicle and that the Government 5-Star Safety Ratings appear on the sticker.  Ford further admits that it marketed the 2013 Ford Fusion.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37, and on that basis denies those allegations.

38.     Ford is without information sufficient to form a belief as to the truth of the

allegations in Paragraph 38 related to the Wests' conduct, and on that basis denies those allegations. Ford denies each remaining allegation contained in Paragraph 38.

39.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and on that basis denies those allegations.

40.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and on that basis denies those allegations.

41.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and on that basis denies those allegations.

42.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and on that basis denies those allegations.

43.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 related to the current status of the Wests' vehicle, and on that basis denies those allegations. Ford otherwise denies the allegations contained in Paragraph 43.

44.    Ford denies each allegation contained in Paragraph 44.

45.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and on that basis denies those allegations.

46.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and on that basis denies those allegations.

**D.    Plaintiff Darrick Christodaro**

47.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and on that basis denies those allegations.

48.    Ford admits that Western Slope Ford is an authorized Ford dealership in Grand Junction, Colorado. Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48, and on that basis denies those allegations.

49.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and on that basis denies those allegations.

50.    Ford is without information sufficient to form a belief as to the truth of the

allegations in Paragraph 50 related to Mr. Christodaro's conduct, and on that basis denies those allegations. Ford denies each remaining allegation contained in Paragraph 50.

51.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and on that basis denies those allegations.

52.    Ford admits that Ed Shults Ford is an authorized Ford dealership in Jamestown, New York. Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and on that basis denies those allegations.

53.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and on that basis denies those allegations.

54.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and on that basis denies those allegations.

55.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and on that basis denies those allegations.

56.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and on that basis denies those allegations.

57.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 related to the current status of Mr. Christodaro's vehicle, and on that basis denies those allegations. Ford otherwise denies the allegations contained in Paragraph 57.

58.    Ford denies each allegation contained in Paragraph 58.

59.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and on that basis denies those allegations.

**E.    <u>Plaintiff Amy Hoffer</u>**

60.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and on that basis denies those allegations.

61.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and on that basis denies those allegations.

62.    Ford is without information sufficient to form a belief as to the truth of the

1    allegations contained in Paragraph 62, and on that basis denies those allegations.

2    63.    Ford is without information sufficient to form a belief as to the truth of the

3    allegations contained in Paragraph 63, and on that basis denies those allegations.

4    64.    Ford is without information sufficient to form a belief as to the truth of the

5    allegations in Paragraph 64 related to Ms. Hoffer's and/or her husband's conduct, and on that

6    basis, denies those allegations.  Ford denies each remaining allegation contained in Paragraph 64.

7    65.    Ford is without information sufficient to form a belief as to the truth of the

8    allegations contained in Paragraph 65, and on that basis denies those allegations.

9    66.    Ford admits that Duval Ford is an authorized Ford dealership in Jacksonville,

10    Florida.  Ford is without information sufficient to form a belief as to the truth of the remaining

11    allegations contained in Paragraph 66, and on that basis denies those allegations.

12    67.    Ford is without information sufficient to form a belief as to the truth of the

13    allegations contained in Paragraph 67 related to the current status of Ms. Hoffer's vehicle, and on

14    that basis denies those allegations.  Ford otherwise denies the allegations contained in Paragraph

15    67.

16    68.    Ford denies each allegation contained in Paragraph 68.

17    69.    Ford is without information sufficient to form a belief as to the truth of the

18    allegations contained in Paragraph 69, and on that basis denies those allegations.

19    70.    Ford is without information sufficient to form a belief as to the truth of the

20    allegations contained in Paragraph 70, and on that basis denies those allegations.

21    **F.    <u>Plaintiff Jillian Constable</u>**

22    71.    Ford is without information sufficient to form a belief as to the truth of the

23    allegations contained in Paragraph 71, and on that basis denies those allegations.

24    72.    Ford admits that Chestatee Ford is an authorized Ford dealership in Dahlonega,

25    Georgia.  Ford is without information sufficient to form a belief as to the truth of the remaining

26    allegations contained in Paragraph 72, and on that basis denies those allegations.

27    73.    Ford admits that the window sticker (Monroney sticker) identifies certain features

28    of the vehicle.  Ford is without information sufficient to form a belief as to the truth of the

1    remaining allegations contained in Paragraph 73, and on that basis denies those allegations.

2        74.    Ford is without information sufficient to form a belief as to the truth of the

3    allegations in Paragraph 74 related to Ms. Constable's conduct, and on that basis denies those

4    allegations.  Ford denies each remaining allegation contained in Paragraph 74.

5        75.    Ford is without information sufficient to form a belief as to the truth of the

6    allegations contained in Paragraph 75, and on that basis denies those allegations.

7        76.    Ford is without information sufficient to form a belief as to the truth of the

8    allegations contained in Paragraph 76, and on that basis denies those allegations.

9        77.    Ford is without information sufficient to form a belief as to the truth of the

10   allegations contained in Paragraph 77, and on that basis denies those allegations.

11       78.    Ford is without information sufficient to form a belief as to the truth of the

12   allegations contained in Paragraph 78 related to the current status of Ms. Constable's vehicle, and

13   on that basis denies those allegations.  Ford otherwise denies the allegations contained in

14   Paragraph 78.

15       79.    Ford denies each allegation contained in Paragraph 79.

16       80.    Ford is without information sufficient to form a belief as to the truth of the

17   allegations contained in Paragraph 80, and on that basis denies those allegations.

18       81.    Ford is without information sufficient to form a belief as to the truth of the

19   allegations contained in Paragraph 80, and on that basis denies those allegations.

20       **G.**    **Plaintiff Monterio Butcher**

21       82.    Ford is without information sufficient to form a belief as to the truth of the

22   allegations contained in Paragraph 82, and on that basis denies those allegations.

23       83.    Ford is without information sufficient to form a belief as to the truth of the

24   allegations contained in Paragraph 83, and on that basis denies those allegations.

25       84.    Ford is without information sufficient to form a belief as to the truth of the

26   allegations contained in Paragraph 84, and on that basis denies those allegations.

27       85.    Ford is without information sufficient to form a belief as to the truth of the

28   allegations in Paragraph 85 related to Mr. Butcher's conduct, and on that basis denies those

1    allegations.  Ford denies each remaining allegation contained in Paragraph 85.

2            86.     Ford is without information sufficient to form a belief as to the truth of the

3    allegations contained in Paragraph 85, and on that basis denies those allegations.

4            87.     Ford is without information sufficient to form a belief as to the truth of the

5    allegations contained in Paragraph 87, and on that basis denies those allegations.

6            88.     Ford is without information sufficient to form a belief as to the truth of the

7    allegations contained in Paragraph 88, and on that basis denies those allegations.

8            89.     Ford is without information sufficient to form a belief as to the truth of the

9    allegations contained in Paragraph 89 related to the current status of Mr. Butcher's vehicle, and

10    on that basis denies those allegations.  Ford otherwise denies the allegations contained in

11    Paragraph 89.

12            90.     Ford denies each allegation contained in Paragraph 90.

13            91.     Ford is without information sufficient to form a belief as to the truth of the

14    allegations contained in Paragraph 91, and on that basis denies those allegations.

15            92.     Ford admits that Plaintiff Butcher sent Ford a letter dated May 21, 2021, to which

16    Ford responded on June 23,2021.  Ford denies the remaining allegations contained in Paragraph

17    92.

18            93.     Ford is without information sufficient to form a belief as to the truth of the

19    allegations contained in Paragraph 93, and on that basis denies them.

20        **H.**     **Plaintiff Harlampi Bozhinov**

21            94.     Ford is without information sufficient to form a belief as to the truth of the

22    allegations contained in Paragraph 94, and on that basis denies those allegations.

23            95.     Ford admits that Willowbrook Ford, Inc. is an authorized Ford dealer in

24    Willowbrook, Illinois.  Ford is without information sufficient to form a belief as to the truth of the

25    remaining allegations contained in Paragraph 95, and on that basis denies those allegations.

26            96.     Ford admits that the window sticker (Monroney sticker) identifies certain features

27    of the vehicle.  Ford is without information sufficient to form a belief as to the truth of the

28    remaining allegations contained in Paragraph 96, and on that basis denies those allegations.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

97.     Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 97 related to Mr. Bozhinov's conduct, and on that basis denies those allegations.  Ford denies each remaining allegation contained in Paragraph 97.

98.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and on that basis denies those allegations.

99.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, and on that basis denies those allegations.

100.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 related to the current status of Mr. Bozhinov's vehicle, and on that basis denies those allegations.  Ford otherwise denies the allegations contained in Paragraph 100.

101.    Ford denies each allegation contained in Paragraph 101.

102.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102, and on that basis denies those allegations.

103.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103, and on that basis denies those allegations.

**I.     <u>Plaintiff Mary Glade</u>**

104.    Ford states that the claims of plaintiff Glade were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 104.

105.    Ford states that the claims of plaintiff Glade were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 105.

106.    Ford states that the claims of plaintiff Glade were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 106.

107.    Ford states that the claims of plaintiff Glade were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in

Paragraph 107.

108.    Ford states that the claims of plaintiff Glade were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 108.

109.    Ford states that the claims of plaintiff Glade were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 109.

110.    Ford states that the claims of plaintiff Glade were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 110.

111.    Ford states that the claims of plaintiff Glade were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 111.

112.    Ford states that the claims of plaintiff Glade were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 112.

113.    Ford states that the claims of plaintiff Glade were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 113.

114.    Ford states that the claims of plaintiff Glade were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 114.

**J.**    **Plaintiff Teresa Balaszek**

115.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115, and on that basis denies those allegations.

116.    Ford admits that Webb Ford, Inc. is an authorized Ford dealer in Highland, Indiana.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 116, and on that basis denies those allegations.

117.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117, and on that basis denies those allegations.

118.    Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 118 related to Ms. Balaszek's conduct, and on that basis denies those allegations.  Ford denies each remaining allegation contained in Paragraph 118.

119.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1195, and on that basis denies those allegations.

120.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120, and on that basis denies those allegations.

121.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121, and on that basis denies those allegations.

122.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 related to the current status of Ms. Balaszek's vehicle, and on that basis denies those allegations.  Ford otherwise denies the allegations contained in Paragraph 122.

123.    Ford denies each allegation contained in Paragraph 123.

124.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124, and on that basis denies those allegations.

125.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125, and on that basis denies those allegations.

**K.      Plaintiffs Craig and Kelly Morford**

126.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126, and on that basis denies those allegations.

127.    Ford admits that Shawnee Mission Ford is an authorized Ford dealer in Shawnee, Kansas.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 127, and on that basis denies those allegations.

128.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128, and on that basis denies those allegations.

129.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 , and on that basis denies those allegations.

130.    Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 130 related to the Morfords' conduct, and on that basis denies those allegations.  Ford denies each remaining allegation contained in Paragraph 130.

131.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131, and on that basis denies those allegations.

132.    Ford admits that Bob Sight Ford Inc. is an authorized Ford dealer.  Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, and on that basis denies those allegations.

133.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, and on that basis denies those allegations.

134.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 related to the current status of the Morfords' vehicle, and on that basis denies those allegations.  Ford otherwise denies the allegations contained in Paragraph 134.

135.    Ford denies each allegation contained in Paragraph 135.

136.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136, and on that basis denies those allegations.

137.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137, and on that basis denies those allegations.

**L.    Plaintiffs Aaron and Victoria Manfra**

138.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138, and on that basis denies them.

139.    Ford denies that Len Stoler Ford is an authorized Ford dealer in Owing Mills, Maryland.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 139, and on that basis denies those allegations.

140.    Ford is without information sufficient to form a belief as to the truth of the

1    allegations contained in Paragraph 140, and on that basis denies those allegations.

2        141.    Ford admits that the window sticker (Monroney sticker) identifies certain features

3    of the vehicle.  Ford is without information sufficient to form a belief as to the truth of the

4    remaining allegations contained in Paragraph 141, and on that basis denies those allegations.

5        142.    Ford is without information sufficient to form a belief as to the truth of the

6    allegations in Paragraph 142 related to the Manfras' conduct, and on that basis denies those

7    allegations.  Ford denies each remaining allegation contained in Paragraph 142.

8        143.    Ford is without information sufficient to form a belief as to the truth of the

9    allegations contained in Paragraph 143, and on that basis denies those allegations.

10       144.    Ford admits that Crouse Ford Sales Inc. is an authorized Ford dealer in

11   Taneytown, Maryland.  Ford is without information sufficient to form a belief as to the truth of

12   the remaining allegations contained in Paragraph 144, and on that basis denies those allegations.

13       145.    Ford is without information sufficient to form a belief as to the truth of the

14   allegations contained in Paragraph 145 related to the current status of the Manfras' vehicle, and

15   on that basis denies those allegations.  Ford otherwise denies the allegations contained in

16   Paragraph 145.

17       146.    Ford denies each allegation contained in Paragraph 146.

18       147.    Ford is without information sufficient to form a belief as to the truth of the

19   allegations contained in Paragraph 147, and on that basis denies those allegations.

20       148.    Ford is without information sufficient to form a belief as to the truth of the

21   allegations contained in Paragraph 148, and on that basis denies those allegations.

22       **M.    Plaintiff Stacey Coppock**

23       149.    Ford states that the claims of plaintiff Coppock were dismissed by the Court on

24   March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in

25   Paragraph 149.

26       150.    Ford states that the claims of plaintiff Coppock were dismissed by the Court on

27   March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in

28   Paragraph 150.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

151.    Ford states that the claims of plaintiff Coppock were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 151.

152.    Ford states that the claims of plaintiff Coppock were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 152.

153.    Ford states that the claims of plaintiff Coppock were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 153.

154.    Ford states that the claims of plaintiff Coppock were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 154.

155.    Ford states that the claims of plaintiff Coppock were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 155.

156.    Ford states that the claims of plaintiff Coppock were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 156.

157.    Ford states that the claims of plaintiff Coppock were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 157.

158.    Ford states that the claims of plaintiff Coppock were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 158.

**N.**    **Plaintiff Rachel Goodrich**

159.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159, and on that basis denies those allegations.

160.    Ford admits that Preferred Ford of Grand Haven is an authorized Ford dealer in

Grand Haven, Michigan.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 160, and on that basis denies those allegations.

161.    Ford admits that the window sticker (Monroney sticker) identifies certain features of the vehicle.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 161, and on that basis denies those allegations.

162.    Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 162 related to Ms. Goodrich's conduct, and on that basis denies those allegations.  Ford denies each remaining allegation contained in Paragraph 146.

163.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163, and on that basis denies those allegations.

164.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164, and on that basis denies those allegations.

165.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165, and on that basis denies those allegations.

166.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 related to the current status of Ms. Goodrich's vehicle, and on that basis denies those allegations.  Ford otherwise denies the allegations contained in Paragraph 166.

167.    Ford denies each allegation contained in Paragraph 167.

168.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168, and on that basis denies those allegations.

169.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169, and on that basis denies those allegations.

**O.    Plaintiff Brian Simonds**

170.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170, and on that basis denies those allegations.

171.    Ford admits that Superior/Brookdale Ford is an authorized Ford dealer in Plymouth, Minnesota.  Ford is without information sufficient to form a belief as to the truth of the

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1  remaining allegations contained in Paragraph 171, and on that basis denies those allegations.

2      172.    Ford is without information sufficient to form a belief as to the truth of the

3  allegations contained in Paragraph 172, and on that basis denies those allegations.

4      173.    Ford admits that the window sticker (Monroney sticker) identifies certain features

5  of the vehicle. Ford is without information sufficient to form a belief as to the truth of the

6  remaining allegations contained in Paragraph 173 and on that basis denies those allegations.

7      174.    Ford is without information sufficient to form a belief as to the truth of the

8  allegations in Paragraph 174 related to Mr. Simonds's conduct, and on that basis denies those

9  allegations. Ford denies each remaining allegation contained in Paragraph 174.

10      175.    Ford is without information sufficient to form a belief as to the truth of the

11  allegations contained in Paragraph 175, and on that basis denies those allegations.

12      176.    Ford is without information sufficient to form a belief as to the truth of the

13  allegations contained in Paragraph 176, and on that basis denies those allegations.

14      177.    Ford is without information sufficient to form a belief as to the truth of the

15  allegations contained in Paragraph 177 related to the current status of Mr. Simond's vehicle, and

16  on that basis denies those allegations. Ford otherwise denies the allegations contained in

17  Paragraph 177.

18      178.    Ford denies each allegation contained in Paragraph 178.

19      179.    Ford is without information sufficient to form a belief as to the truth of the

20  allegations contained in Paragraph 179, and on that basis denies those allegations.

21      180.    Ford is without information sufficient to form a belief as to the truth of the

22  allegations contained in Paragraph 180, and on that basis denies those allegations.

23      **P.    Plaintiff David Schiavi**

24      181.    Ford states that the claims of plaintiff Schiavi were dismissed by the Court on

25  March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in

26  Paragraph 181.

27      182.    Ford states that the claims of plaintiff Schiavi were dismissed by the Court on

28  March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1   Paragraph 182.

2          183.    Ford states that the claims of plaintiff Schiavi were dismissed by the Court on

3   March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in

4   Paragraph 183.

5          184.    Ford states that the claims of plaintiff Schiavi were dismissed by the Court on

6   March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in

7   Paragraph 184.

8          185.    Ford states that the claims of plaintiff Schiavi were dismissed by the Court on

9   March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in

10  Paragraph 185.

11         186.    Ford states that the claims of plaintiff Schiavi were dismissed by the Court on

12  March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in

13  Paragraph 186.

14         187.    Ford states that the claims of plaintiff Schiavi were dismissed by the Court on

15  March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in

16  Paragraph 187.

17         188.    Ford states that the claims of plaintiff Schiavi were dismissed by the Court on

18  March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in

19  Paragraph 188.

20         189.    Ford states that the claims of plaintiff Schiavi were dismissed by the Court on

21  March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in

22  Paragraph 189.

23         190.    Ford states that the claims of plaintiff Schiavi were dismissed by the Court on

24  March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in

25  Paragraph 190.

26      **Q.      Plaintiff Robyn Pirog**

27         191.    Ford is without information sufficient to form a belief as to the truth of the

28  allegations contained in Paragraph 191, and on that basis denies those allegations.

192.    Ford admits that Crossroads Ford of Wake Forest, Inc. is an authorized Ford dealer in Wake Forest, North Carolina. Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 192, and on that basis denies those allegations.

193.    Ford admits that the window sticker (Monroney sticker) and Ford's website identifies certain features of the vehicle. Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 193 , and on that basis denies those allegations.

194.    Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 194 related to Ms. Pirog's conduct, and on that basis denies those allegations. Ford denies each remaining allegation contained in Paragraph 194.

195.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195, and on that basis denies those allegations.

196.    Ford admits that Jones Ford is an authorized Ford dealer in Shallotte, North Carolina. Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 196, and on that basis denies those allegations.

197.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 related to the current status of Ms. Pirog's vehicle, and on that basis denies those allegations. Ford otherwise denies the allegations contained in Paragraph 197.

198.    Ford denies each allegation contained in Paragraph 198.

199.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199, and on that basis denies those allegations.

200.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200, and on that basis denies those allegations.

**R.    Plaintiff Zachary Scott Damm and Amanda Gates**

201.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201, and on that basis denies those allegations.

202.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202, and on that basis denies those allegations.

203.    Ford admits that the window sticker (Monroney sticker) identifies certain features of the vehicle.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 203 and on that basis denies those allegations.

204.    Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 204 related to Mr. Damm's and/or Ms. Gates's conduct, and on that basis denies those allegations.  Ford denies each remaining allegation contained in Paragraph 204.

205.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205, and on that basis denies those allegations.

206.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206, and on that basis denies those allegations.

207.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207 related to the current status of Mr. Damm's and Ms. Gates's vehicle, and on that basis denies those allegations.  Ford otherwise denies the allegations contained in Paragraph 207.

208.    Ford denies each allegation contained in Paragraph 208.

209.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209, and on that basis denies those allegations.

210.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210, and on that basis denies those allegations.

**S.      Plaintiff Shari Techlin**

211.    Ford states that the claims of plaintiff Techlin were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 211.

212.    Ford states that the claims of plaintiff Techlin were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 212.

213.    Ford states that the claims of plaintiff Techlin were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 213.

214.    Ford states that the claims of plaintiff Techlin were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 214.

215.    Ford states that the claims of plaintiff Techlin were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 215.

216.    Ford states that the claims of plaintiff Techlin were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 216.

217.    Ford states that the claims of plaintiff Techlin were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 217.

218.    Ford states that the claims of plaintiff Techlin were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 218.

219.    Ford states that the claims of plaintiff Techlin were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 219.

220.    Ford states that the claims of plaintiff Techlin were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 220.

221.    Ford states that the claims of plaintiff Techlin were dismissed by the Court on March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 221.

222.    Ford states that the claims of plaintiff Techlin were dismissed by the Court on

March 29, 2024.  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 222.

**T.    Plaintiff Tyson John Batdorf**

223.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223, and on that basis denies those allegations.

224.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224, and on that basis denies those allegations.

225.    Ford admits that the window sticker (Monroney sticker) identifies certain features of the vehicle.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 225 and on that basis denies those allegations.

226.    Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 226 related to Mr. Batdorf's conduct, and on that basis denies those allegations.  Ford denies each remaining allegation contained in Paragraph 226.

227.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 227, and on that basis denies those allegations.

228.    Ford admits that Miracle Ford, Inc. is an authorized Ford dealer in Gallatin, Tennessee.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 228, and on that basis denies those allegations.

229.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 229 related to the current status of Mr. Batdorf's vehicle, and on that basis denies those allegations.  Ford otherwise denies the allegations contained in Paragraph 229.

230.    Ford denies each allegation contained in Paragraph 230.

231.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231, and on that basis denies those allegations.

232.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2321, and on that basis denies those allegations.

**U.    Plaintiff Anthony Cicero**

1    233.    Ford is without information sufficient to form a belief as to the truth of the

2    allegations contained in Paragraph 233, and on that basis denies those allegations.

3    234.    Ford admits that Zeigler Ford of North Riverside is an authorized Ford dealer in

4    North Riverside, Illinois.  Ford is without information sufficient to form a belief as to the truth of

5    the remaining allegations contained in Paragraph 234, and on that basis denies those allegations.

6    235.    Ford admits that the window sticker (Monroney sticker) and Ford's commercials

7    identify certain features of the vehicle.  Ford is without information sufficient to form a belief as

8    to the truth of the remaining allegations contained in Paragraph 235 and on that basis denies those

9    allegations.

10    236.    Ford is without information sufficient to form a belief as to the truth of the

11    allegations in Paragraph 236 related to Mr. Cicero's conduct, and on that basis, denies those

12    allegations.  Ford denies each remaining allegation contained in Paragraph 236.

13    237.    Ford is without information sufficient to form a belief as to the truth of the

14    allegations contained in Paragraph 237, and on that basis denies those allegations.

15    238.    Ford admits that Bob Rohrman's Schaumburg Ford is an authorized Ford dealer in

16    Schaumburg, Illinois.  Ford is without information sufficient to form a belief as to the truth of the

17    remaining allegations contained in Paragraph 238, and on that basis denies those allegations.

18    239.    Ford is without information sufficient to form a belief as to the truth of the

19    allegations contained in Paragraph 239, and on that basis denies those allegations.

20    240.    Ford admits that Packey Webb Ford is an authorized Ford dealer in Downers

21    Grove, Illinois.  Ford is without information sufficient to form a belief as to the truth of the

22    remaining allegations contained in Paragraph 240, and on that basis denies those allegations.

23    241.    Ford is without information sufficient to form a belief as to the truth of the

24    allegations contained in Paragraph 241, and on that basis denies those allegations.

25    242.    Ford is without information sufficient to form a belief as to the truth of the

26    allegations contained in Paragraph 242, and on that basis denies those allegations.

27    243.    Ford is without information sufficient to form a belief as to the truth of the

28    allegations contained in Paragraph 243 related to the current status of Mr. Cicero's vehicle, and

1    on that basis denies those allegations.  Ford otherwise denies the allegations contained in

2    Paragraph 243.

3        244.    Ford denies each allegation contained in Paragraph 244.

4        245.    Ford is without information sufficient to form a belief as to the truth of the

5    allegations contained in Paragraph 245, and on that basis denies those allegations.

6        246.    Ford is without information sufficient to form a belief as to the truth of the

7    allegations contained in Paragraph 246, and on that basis denies those allegations.

8    **V.    Plaintiff David Gonzalez**

9        247.    Ford is without information sufficient to form a belief as to the truth of the

10    allegations contained in Paragraph 247, and on that basis denies those allegations.

11        248.    Ford admits that Five Star Ford is an authorized Ford dealer in North Richland

12    Hills, Texas.  Ford is without information sufficient to form a belief as to the truth of the

13    remaining allegations contained in Paragraph 248, and on that basis denies those allegations.

14        249.    Ford admits that the window sticker (Monroney sticker) and Ford's brochures

15    identify certain features of the vehicle.  Ford is without information sufficient to form a belief as

16    to the truth of the remaining allegations contained in Paragraph 249 and on that basis denies those

17    allegations.

18        250.    Ford is without information sufficient to form a belief as to the truth of the

19    allegations in Paragraph 250 related to Mr. Gonzalez's conduct, and on that basis denies those

20    allegations.  Ford denies each remaining allegation contained in Paragraph 250.

21        251.    Ford is without information sufficient to form a belief as to the truth of the

22    allegations contained in Paragraph 251, and on that basis denies those allegations.

23        252.    Ford admits that Leif Johnson Ford is an authorized Ford dealer in Austin, Texas.

24    Ford is without information sufficient to form a belief as to the truth of the remaining allegations

25    contained in Paragraph 252, and on that basis denies those allegations.

26        253.    Ford is without information sufficient to form a belief as to the truth of the

27    allegations contained in Paragraph 253, and on that basis denies those allegations.

28        254.    Ford is without information sufficient to form a belief as to the truth of the

1    allegations contained in Paragraph 254 related to the current status of Mr. Gonzalez's vehicle, and

2    on that basis denies those allegations.  Ford otherwise denies the allegations contained in

3    Paragraph 254.

4         255.    Ford denies each allegation contained in Paragraph 255.

5         256.    Ford is without information sufficient to form a belief as to the truth of the

6    allegations contained in Paragraph 256, and on that basis denies those allegations.

7         257.    Ford is without information sufficient to form a belief as to the truth of the

8    allegations contained in Paragraph 257, and on that basis denies those allegations.

9         **W.    Plaintiff Jeffery Hodges**

10        258.    Ford is without information sufficient to form a belief as to the truth of the

11   allegations contained in Paragraph 258, and on that basis denies those allegations.

12        259.    Ford denies that Penske Ford is currently an authorized Ford dealer in La Mesa,

13   California, but admits that Pesnke Ford was an authorized Ford dealer in January 2020.  Ford is

14   without information sufficient to form a belief as to the truth of the remaining allegations

15   contained in Paragraph 259, and on that basis denies those allegations.

16        260.    Ford admits that the window sticker (Monroney sticker) identifies certain features

17   of the vehicle.  Ford is without information sufficient to form a belief as to the truth of the

18   remaining allegations contained in Paragraph 260 and on that basis denies those allegations.

19        261.    Ford is without information sufficient to form a belief as to the truth of the

20   allegations in Paragraph 261 related to Mr. Hodges's conduct, and on that basis denies those

21   allegations.  Ford denies each remaining allegation contained in Paragraph 261.

22        262.    Ford is without information sufficient to form a belief as to the truth of the

23   allegations contained in Paragraph 262, and on that basis denies those allegations.

24        263.    Ford admits that Gene Messer Ford is an authorized Ford dealer in Lubbock,

25   Texas.  Ford is without information sufficient to form a belief as to the truth of the remaining

26   allegations contained in Paragraph 263, and on that basis denies those allegations.

27        264.    Ford is without information sufficient to form a belief as to the truth of the

28   allegations contained in Paragraph 264, and on that basis denies those allegations.

265.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265 related to the current status of Mr. Hodges's vehicle, and on that basis denies those allegations.  Ford otherwise denies the allegations contained in Paragraph 265.

266.    Ford denies each allegation contained in Paragraph 266.

267.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267, and on that basis denies those allegations.

268.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 268, and on that basis denies those allegations.

**X.    <u>Plaintiff Mark Kennedy</u>**

269.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 269, and on that basis denies those allegations.

270.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 270, and on that basis denies those allegations.

271.    Ford admits that the window sticker (Monroney sticker) and advertisements identify certain features of the vehicle.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 271 and on that basis denies those allegations.

272.    Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 272 related to Mr. Kennedy's conduct, and on that basis denies those allegations.  Ford denies each remaining allegation contained in Paragraph 272.

273.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 270, and on that basis denies those allegations.

274.    Ford admits that Morrie's Minnetonka Ford is an authorized Ford dealer in Minnetonka, Minnesota.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 274, and on that basis denies those allegations.

275.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 270, and on that basis denies those allegations.

276.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 276 related to the current status of Mr. Kennedy's vehicle, and on that basis denies those allegations.  Ford otherwise denies the allegations contained in Paragraph 276.

277.     Ford denies each allegation contained in Paragraph 277.

278.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 278, and on that basis denies those allegations.

279.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 279, and on that basis denies those allegations.

**Y.     Plaintiff John Krecek**

280.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 280, and on that basis denies those allegations.

281.     Ford admits that Woodhouse Ford, Inc. is an authorized Ford dealer in Blair, Nebraska.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 281, and on that basis denies those allegations.

282.     Ford admits that the window sticker (Monroney sticker) and commercials identify certain features of the vehicle.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 282 and on that basis denies those allegations.

283.     Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 283 related to Mr. Krecek's conduct, and on that basis denies those allegations.  Ford denies each remaining allegation contained in Paragraph 283.

284.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 284, and on that basis denies those allegations.

285.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 285, and on that basis denies those allegations.

286.     Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 286, and on that basis denies those allegations.

287.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 287 related to the current status of Mr. Krecek's vehicle, and on that basis denies those allegations.  Ford otherwise denies the allegations contained in Paragraph 287.

288.    Ford denies each allegation contained in Paragraph 288.

289.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 289, and on that basis denies those allegations.

290.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 290, and on that basis denies those allegations.

**Z.    Plaintiff Tracey Ann Metro**

291.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 291, and on that basis denies those allegations.

292.    Ford admits that Suburban Ford of Romeo is an authorized Ford dealer in Washington, Michigan.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 292, and on that basis denies those allegations.

293.    Ford admits that the window sticker (Monroney sticker) identifies certain features of the vehicle.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 293 and on that basis denies those allegations.

294.    Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 294 related to Ms. Metro's conduct, and on that basis denies those allegations.  Ford denies each remaining allegation contained in Paragraph 294.

295.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 295, and on that basis denies those allegations.

296.    Ford admits that Suburban Ford of Romeo is an authorized Ford dealer in Washington, Michigan.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 296, and on that basis denies those allegations.

297.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 297, and on that basis denies those allegations.

298.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 298, and on that basis denies those allegations.

299.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 299, and on that basis denies those allegations.

300.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 300 related to the current status of Ms. Metro's vehicle, and on that basis denies those allegations.  Ford otherwise denies the allegations contained in Paragraph 300.

301.    Ford denies each allegation contained in Paragraph 301.

302.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 302, and on that basis denies those allegations.

303.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 303, and on that basis denies those allegations.

**AA.    Plaintiff Scott Pickering**

304.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 304, and on that basis denies those allegations.

305.    Ford admits that Fieldhouse Ford Sales, Inc. is an authorized Ford dealer in Demotte, Indiana.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 305, and on that basis denies those allegations.

306.    Ford admits that the window sticker (Monroney sticker) identifies certain features of the vehicle.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 306 and on that basis denies those allegations.

307.    Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 307 related to Mr. Pickering's conduct, and on that basis, denies those allegations.  Ford denies each remaining allegation contained in Paragraph 307.

308.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 308, and on that basis denies those allegations.

309.    Ford is without information sufficient to form a belief as to the truth of the

1  allegations contained in Paragraph 309, and on that basis denies those allegations.

2       310.    Ford admits that Currie Motors Ford of Valpo is an authorized Ford dealer in

3  Valparaiso, Indiana.  Ford is without information sufficient to form a belief as to the truth of the

4  remaining allegations contained in Paragraph 310, and on that basis denies those allegations.

5       311.    Ford is without information sufficient to form a belief as to the truth of the

6  allegations contained in Paragraph 311, and on that basis denies those allegations.

7       312.    Ford is without information sufficient to form a belief as to the truth of the

8  allegations contained in Paragraph 312 related to the current status of Mr. Pickering's vehicle,

9  and on that basis denies those allegations.  Ford otherwise denies the allegations contained in in

10  Paragraph 312.

11       313.    Ford denies each allegation contained in Paragraph 313.

12       314.    Ford is without information sufficient to form a belief as to the truth of the

13  allegations contained in Paragraph 314, and on that basis denies those allegations.

14       315.    Ford is without information sufficient to form a belief as to the truth of the

15  allegations contained in Paragraph 315, and on that basis denies those allegations.

16       **BB.**    **<u>Plaintiff Kimberly Thomas</u>**

17       316.    Ford is without information sufficient to form a belief as to the truth of the

18  allegations contained in Paragraph 316, and on that basis denies those allegations.

19       317.    Ford admits that Ken Ganley Lincoln Middleburg Heights is an authorized Lincoln

20  dealer in Middleburg Heights, Ohio.  Ford is without information sufficient to form a belief as to

21  the truth of the remaining allegations contained in Paragraph 317, and on that basis denies those

22  allegations.

23       318.    Ford admits that the window sticker (Monroney sticker) and commercials identify

24  certain features of the vehicle.  Ford is without information sufficient to form a belief as to the

25  truth of the remaining allegations contained in Paragraph 318 and on that basis denies those

26  allegations.

27       319.    Ford is without information sufficient to form a belief as to the truth of the

28  allegations in 319 related to Ms. Thomas's conduct, and on that basis denies those allegations.

1    Ford denies each remaining allegation contained in Paragraph 319.

2        320.    Ford is without information sufficient to form a belief as to the truth of the

3    allegations contained in Paragraph 320 and on that basis denies those allegations.

4        321.    Ford admits that Ken Ganley Lincoln Middleburg Heights is an authorized Lincoln

5    dealership in Middleburg Heights, Ohio.  Ford is without information sufficient to form a belief

6    as to the truth of the remaining allegations contained in Paragraph 321, and on that basis denies

7    those allegations.

8        322.    Ford is without information sufficient to form a belief as to the truth of the

9    remaining allegations contained in Paragraph 322, and on that basis denies those allegations.

10        323.    Ford is without information sufficient to form a belief as to the truth of the

11    remaining allegations contained in Paragraph 323, and on that basis denies those allegations.

12        324.    Ford is without information sufficient to form a belief as to the truth of the

13    remaining allegations contained in Paragraph 324, and on that basis denies those allegations.

14        325.    Ford is without information sufficient to form a belief as to the truth of the

15    allegations contained in Paragraph 325 related to the current status of Ms. Thomas's vehicle, and

16    on that basis denies those allegations.  Ford otherwise denies the allegations contained in

17    Paragraph 325.

18        326.    Ford denies each allegation contained in Paragraph 326.

19        327.    Ford is without information sufficient to form a belief as to the truth of the

20    remaining allegations contained in Paragraph 327, and on that basis denies those allegations.

21        328.    Ford is without information sufficient to form a belief as to the truth of the

22    remaining allegations contained in Paragraph 328, and on that basis denies those allegations.

23        **CC.**    **Defendant Ford Motor Company**

24        329.    Ford denies that it is a limited liability company.  Ford admits that it is a

25    corporation that is incorporated in the State of Delaware and has its principal place of business at

26    One American Road, Dearborn, Michigan 48126.  Ford further admits that it is in the business of

27    designing, in part, manufacturing and installing, in part, marketing, in part, distributing, in part,

28    distributing and selling new vehicles to independently-owned, authorized Ford dealerships.  Ford

further admits that this distribution and sale has occurred within the state of California and the United States.

330.    Ford admits that it is in the business of designing, in part, manufacturing and installing, in part, marketing, in part, distributing, in part, distributing and selling new vehicles to independently-owned, authorized Ford dealerships.  Ford further admits that this distribution and sale has occurred within the state of Delaware and the United States.

331.    Ford admits that it engages in commerce by distributing and selling new vehicles to independently-owned, authorized Ford and Lincoln dealerships, which sell vehicles and perform repairs, replacements, and adjustments pursuant to Ford's manufacturer warranty.  Ford denies the other allegations contained in Paragraph 331.

332.    Ford admits that it provides owner's manuals, warranty booklets, maintenance schedules, and Monroney stickers in the course of distributing and selling new vehicles to independently-owned, authorized Ford dealerships.

333.    Ford admits that it provides warranty booklets in the course of distributing and selling new vehicles to independently-owned, authorized Ford dealerships.  Ford denies all other allegations in Paragraph 333.

## IV.    <u>JURISDICTION AND VENUE</u>

334.    Ford admits that this Court has subject matter jurisdiction over this action.

335.    Ford admits that it has not challenged venue in this judicial district.  Ford denies each other allegation in Paragraph 335.

336.    Ford admits that it has not challenged this Court's personal jurisdiction over Ford in this action.  Ford denies each other allegation in Paragraph 336.

337.    Ford admits that Paragraph 337 refers to Plaintiff Miller's venue declaration.

## V.    <u>FACTUAL ALLEGATIONS</u>

338.    Ford admits the first GTDI engines were first installed in certain model year 2009 vehicles, none of which are included Plaintiffs' putative classes.

339.    Ford denies the allegations contained in Paragraph 339.

### A.    <u>The Engine Defect</u>

340.    Ford admits that the image displayed in Paragraph 340 purports to show an image of a part of an unidentified engine.  Ford denies each other allegation contained in Paragraph 340.

341.    Ford admits that liquid coolant is present in certain engines to prevent overheating. Ford denies each other allegation contained in Paragraph 341.

342.    Ford admits that in certain Ford vehicles with a 1.6L GTDI engines subject to Safety Recall 17S09, localized overheating of the engine cylinder head may cause the cylinder head to crack, and that in certain Ford vehicles with a 1.5L GTDI engines subject to CSP19B37, some vehicles may exhibit coolant intrusion into the cylinder bores.  Ford further admits that the image displayed in Paragraph 342 purports to show an engine seal in an unidentified engine. Ford denies each other allegation contained in Paragraph 342.

343.    Ford admits that, in certain vehicles, insufficient coolant levels can result in engine overheating and, in some circumstances, fires.  Ford denies each other allegation contained in Paragraph 343.

344.    Ford admits that, in certain vehicles, coolant intrusion into the cylinder bores of the engines can result.  Ford denies each other allegation contained in Paragraph 344.

345.    Ford denies each allegation contained in Paragraph 345.

346.    Ford denies each allegation contained in Paragraph 346.

347.    Ford denies each allegation contained in Paragraph 347.

348.    Ford admits that it has made design and manufacturing improvements to its GTDI engines over time.  Ford denies each other allegation contained in Paragraph 348.

**B.      The Engine Defect Poses a Safety Risk to Vehicle Drivers, Passengers, and the Public.**

349.    Ford alleges that this paragraph contains characterization and legal conclusions or questions of law to which no response is required.  To the extent a response is required, Ford admits that in certain vehicles subject to Safety Recall 17S09, a cracked cylinder head can result in a pressurized oil leak, and oil that comes into contact with a hot engine surface, increases the risk of an underhood fire.  Ford denies each other allegation contained in Paragraph 349.

350.    Ford admits that Paragraph 350 and footnote 1 purports to summarize a complaint

submitted to the NHTSA complaint database. Ford is without information sufficient to form a belief as to the truth of the allegations contained in the complaint described in Paragraph 350, and on that basis denies those allegations.

351.    Ford admits that Paragraph 351 and footnote 2 purports to summarize a complaint submitted to the NHTSA complaint database. Ford is without information sufficient to form a belief as to the truth of the allegations contained in the complaint described in Paragraph 3510, and on that basis denies those allegations.

352.    Ford denies each allegation contained in Paragraph 352.

353.    Ford admits that NHTSA maintains an online database to which customers may submit complaints. Ford denies each other allegation contained in Paragraph 353

**C.    Ford Knew That the EcoBoost Engines in the Subject Vehicles Were Defective Since At Least 2012, But It Continued to Sell These Engines Anyway.**

**1.    Over the Past Decade, Ford Has Issued Multiple Ineffective Recalls for Issues Relating to Coolant Leaks and Overheating in EcoBoost Engines.**

354.    Ford admits that it issued Safety Recall 12S41 on or about November 30, 2012 as to certain 2013 model year Ford Escape and Fusion vehicles with 1.6L engines for risk of overheating that may result in engine fires. For further admits that, in its Part 573 letter to NHTSA dated November 30, 2012, it stated it received 9 reports of vehicle fires in vehicles within the recall population between September 7, 2012 and November 29, 2012. Ford denies each other allegation contained in Paragraph 354.

355.    Ford admits that on or about November 30, 2012, it issued safety recall 12S41 for certain 2013 model year Escape and Fusion vehicles equipped with 1.6L engines. Ford further admits that Paragraph 355 purports to quote from Ford's letter to NHTSA dated November 30, 2012, and avers that the document speaks for itself. Ford denies each other allegation contained in Paragraph 355.

356.    Ford admits that safety recall 12S41 was applicable to certain 2013 Ford Escape and 2013 Ford Fusion vehicles with the 1.6L GTDI engines. Ford denies each other allegation contained in Paragraph 356.

357. Ford admits that the remedy for safety recall 12S41 was a reprogramming of the vehicle Powertrain Control Module and Instrument Cluster with an updated calibration and overheat strategy, and an engine inspection for leaks. Ford denies each other allegation contained in Paragraph 357.

358. Ford avers that Plaintiffs purport to quote from Ford's letter to NHTSA dated November 30, 2012 relating to Safety Recall 12S41, which stated that "Ford established a broader cross functional task force to further investigate these fires on November 12, 2012. Ford's investigation of the subject vehicles, found a pattern of engine overheating and fluid leaks that led to the fires." Ford further avers that Plaintiffs purport to quote from Ford's November 25, 2013 letter to NHTSA that "[o]n November 18, 2013, Ford's Field Review Committee reviewed the data and determined that a safety defect exists, and that a voluntary safety recall should be conducted. Ford avers that those documents speak for themselves. Ford denies each other allegation contained in Paragraph 358.

359. Ford admits that it issued safety recall 13S12 for a subset of 2013 model year Ford Escape vehicles with 1.6L GTDI engines that were included in safety recall 12S41. Ford further admits that paragraph 359 purports to quote from Ford's letter to NHTSA dated November 25, 2013, and avers that document speaks for itself. Ford denies each other allegation contained in Paragraph 359.

360. Ford admits that Paragraph 360 and footnote 3 purport to quote from Ford's January 23, 2014 letter to U.S. Ford and Lincoln dealers regarding Safety Recall 13S12, and avers that the document speaks for itself. Ford denies each other allegation contained in Paragraph 360.

361. Ford admits that Paragraph 361 purports to quote from the chronology Ford submitted to NHTSA dated March 27, 2017 in connection with Safety Recall 17S09, and avers that the document speaks for itself. Ford denies each other allegation contained in Paragraph 361.

362. Ford admits that Paragraph 362 purports to quote from Ford's March 27, 2017 Part 573 Safety Recall Report submitted to NHTSA as part of Safety Recall 17S09, and avers that the document speaks for itself.

363. Ford admits that Safety Recall 17S09, announced on or about March 27, 2017,

1  includes the following models equipped with a 1.6L GTDI engine: 2014 Ford Escape, 2014-2015

2  Ford Fiesta ST, 2013-2014 Ford Fusion, and 2013-2015 Ford Transit Connect.  Ford further avers

3  that to the extent that Paragraph 363 purports to quote from a Ford document, that document

4  speaks for itself.  Ford denies each other allegation contained in Paragraph 363.

5      364.    Ford admits that Ford developed a remedy as part of Safety Recall 17S09 that

6  includes the installation of a coolant level sensor and supporting hardware and software.  Ford

7  denies each other allegation contained in Paragraph 364.

8      365.    Ford denies each allegation contained in Paragraph 365.

9      366.    Ford denies each allegation contained in Paragraph 366.

10          **2.    Ford Knew of the Engine Defect from Its Pre-Release Design,
              Manufacture, Engineering, and Testing Data.**

11     367.    Ford denies each allegation contained in Paragraph 367.

12     368.    Ford denies each allegation contained in Paragraph 368.

13     369.    Ford admits that it is in the business of designing, in part, and manufacturing and

14  installing, in part, new vehicles to independently-owned, authorized Ford dealerships.  Ford

15  further admits that the process around the design and manufacture of vehicles includes certain

16  testing, including pre-sale durability testing, and that Ford has certain specifications.  Ford denies

17  each other allegation contained in Paragraph 369, including any statements from the website cited

18  in footnote 4.

19     370.    Ford admits that it maintains proving grounds and testing facilities in the United

20  States and internationally.  Ford further admits that Paragraph 370 includes language from an

21  October 7, 2019 Internet article published on the Ford website, and avers that the document

22  speaks for itself.  Ford denies each other allegation contained in Paragraph 370.

23     371.    Ford admits that it conducts certain testing, including pre-sale durability testing on

24  its vehicles.  Ford further admits that Paragraph 371 includes language from an October 7, 2019

25  Internet article published on the Ford website, and avers that the document speaks for itself.  Ford

26  denies each other allegation contained in Paragraph 371.

27     372.    Ford admits that it conducts certain testing, including durability testing, on its

28

vehicles.  Ford further admits that Paragraph 372 includes language from a September 5, 2008 internet article published on a third-party website, and avers that the document speaks for itself. Ford denies each other allegation contained in Paragraph 372.

373.    Ford admits that it conducts certain testing, including durability testing, on its vehicles.  Ford further admits that Paragraph 373 includes language from a September 5, 2008 internet article published on a third-party website, and avers that the document speaks for itself. Ford denies each other allegation contained in Paragraph 373.

374.    Ford admits that it conducts certain testing, including durability testing, on its vehicles, including on the 1.5L, 1.6L, and 2.0L GTDI engines used in vehicles that are the subject of this lawsuit.  Ford further admits that Paragraph 374 includes language from a January 30, 2014 Internet article published on a third-party website, and avers that the document speaks for itself.  Ford denies each other allegation contained in Paragraph 374.

375.    Ford admits that it conducts certain testing, including durability testing, on its vehicles, including on the 1.5L, 1.6L, and 2.0L GTDI engines used in vehicles that are the subject of this lawsuit.  Ford further admits that Paragraph 375 includes language from a January 30, 2014 internet article published on a third-party website, and avers that the document speaks for itself.  Ford denies each other allegation contained in Paragraph 375.

376.    Ford avers that Paragraph 376 contains Plaintiffs' contentions as to what discovery will show in this case, to which no response is required.  To the extent a response is required, Ford admits that it conducts certain testing, including durability testing on components and vehicles.  Ford further admits that Paragraph 376 includes language from a June 30, 2014 internet article published on a third-party website, and avers that the document speaks for itself.  Ford denies each other allegation contained in Paragraph 376.

### 3.    Ford Knew About the Engine Defect from Voluminous Internal Data on Repairs and Consumer Complaints.

377.    Ford denies each allegation contained in Paragraph 377.

378.    Ford admits that the objectives of the Critical Concern Review Group are to screen and initially investigate reports of potentially critical production vehicle or component concerns,

1  to concur on those items requiring further investigation, and assist appropriate activities in

2  investigation and disposition.  Ford denies that the characterization of the Critical Concern

3  Review Group in Paragraph 378 is complete and accurate, and on that basis denies the allegations

4  contained in Paragraph 378.

5       379.    Ford admits that, as it explained in its submissions to NHTSA relating to Safety

6  Recall 17S09, the North American Critical Concern Review Group reviewed data related to

7  underhood fire allegations, which eventually resulted in the recall.  Ford admits that the

8  objectives of the Critical Concern Review Group are to screen and initially investigate reports of

9  potentially critical production vehicle or component concerns, to concur on those items requiring

10  further investigation, and assist appropriate activities in investigation and disposition.  Ford

11  denies each other allegation contained in Paragraph 379

12       380.    Ford admits that the document with bates stamp FORD-MILLER 00007087

13  reflects information submitted to NHTSA on October 12, 2018 for PE 18-007 related to loss of

14  motive power, including warranty data from what was then known as the Analytical Warranty

15  System ("AWS") and vehicle concern information originating from dealerships and internal Ford

16  sources from what was then known as the Common Quality Indicator System ("CQIS"), for 2013-

17  2014 model year vehicles.  Ford further avers that Paragraph 380 purports to summarize

18  Plaintiffs' "initial review" of the materials, to which Ford lacks information and knowledge.  Ford

19  denies each other allegation contained in Paragraph 380.

20       381.    Ford admits that the document with bates stamp FORD-MILLER 00007087

21  reflects information submitted to NHTSA on October 12, 2018 for PE 18-007 related to loss of

22  motive power, including vehicle concern information originating from dealerships and internal

23  Ford sources from the Common Quality Indicator System ("CQIS"), for 2013-2014 model year

24  vehicles.  Ford denies each other allegation contained in Paragraph 380.

25       382.    Ford denies each allegation contained in Paragraph 382.

26       **4.    Ford Was Aware of the Engine Defect from Class Member Complaints Collected by NHTSA.**

27       383.    Ford denies each allegation contained in Paragraph 383.

28

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

384.    Ford admits that NHTSA maintains a complaint database where customers can provide feedback with respect to vehicles.  Ford is without information sufficient to form a belief as to the truth of the allegations contained in the complaint described in Paragraph 384, and on that basis denies those allegations.  Ford denies each other allegation in Paragraph 384.

385.    Ford admits that Paragraph 385 purports to describe complaints submitted to the NHTSA complaint database.  Ford is without information sufficient to form a belief as to the truth of the allegations contained in the complaints described in Paragraph 385, and on that basis denies those allegations.  Ford denies each other allegation in Paragraph 385.

386.    Ford admits that Paragraph 386 purports to contain figures from the NHTSA complaint database, including figures from between 2012 and 2017.  Ford is without information sufficient to form a belief as to the truth of those allegations and the allegations contained in the complaints compiled in Exhibit 2, and on that basis denies those allegations.  Ford denies each other allegation in Paragraph 386.

387.    Ford admits that Paragraph 378 restates language contained in the NHTSA ODI Resume for PE 18-007, opened on July 16, 2018, which document speaks for itself.  Ford further admits that Paragraph 378 restates language contained in the August 2, 2018 letter from NHTSA to Ford, and avers that the document speaks for itself.  Ford denies each other allegation in Paragraph 387.

388.    Ford denies each allegation contained in Paragraph 388.

389.    Ford alleges that this paragraph contains characterization and legal conclusions or questions of law to which no response is required.  Ford denies each other allegation contained in Paragraph 389.

**5.      Ford is Well Aware that Its Recalls Have Been Ineffective and It Continues to Issue Technical Service Bulletins Regarding the Engine Defect.**

390.    Ford admits that it has issued the Technical Service Bulletins (TSBs) for certain putative class vehicles, referenced in Paragraph 390, and avers that the documents speak for themselves.  Ford denies each other allegation contained in Paragraph 390.

391.    Ford denies each allegation contained in Paragraph 391.

### 6.    Ford Created a Customer Service Program for the Defect.

392.    Ford denies that it issued Customer Satisfaction Program 19B37 (CSP 19B37) on December 21, 2019.  Ford admits that it issued Customer Satisfaction Program 19B37 on December 12, 2019.  Ford admits that Paragraph 392 includes language from Ford's December 12, 2019 letter to U.S. Ford and Lincoln dealers regarding CSP 19B37, and avers that the document speaks for itself.  Ford further admits that CSP 19B37 directed dealers to reprogram the Powertrain Control Module using Integrated Diagnostic Software at no charge to the vehicle owner.  Ford denies the remainder of the allegations in Paragraph 392.

393.    Ford admits that on June 9, 2022, Ford issued Supplement #4 to CSP 19B37 and Customer Satisfaction Program 21N12.  CSP 21N12 provides a no-cost, one-time repair (if needed) to the 1.5L short block, due to coolant intrusion to the cylinder bores, for 7 years of service or 84,000 miles from the warranty start date of the vehicle, whichever occurs first, and if a vehicle has already exceeded either the time or mileage limits, the no-cost, one-time repair will last through November 30, 2022.  Ford further avers that its customer satisfaction program notices speak for themselves.  Ford denies the remainder of the allegations in Paragraph 393.

394.    Ford denies each allegation contained in Paragraph 394.

395.    Ford admits that it has issued various recalls, TSBs, and CSPs for various subsets of the putative class vehicles.  Ford denies each other allegation contained in Paragraph 395.

### D.    Ford's Marketing and Concealment

396.    Ford denies each allegation contained in Paragraph 396.

397.    Ford admits that it conducts certain advertising, some of which may be national, that may relate to certain putative class vehicles, and certain of the advertisements may be presented through various multimedia channels, including television, print publications, mailings, billboards, and the Internet.  Otherwise, Ford lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in Paragraph 397, including because the allegations in this paragraph do not identify the relevant time frame or provide any level of meaningful specificity as to a specific advertisement being referenced; thus, these allegations are denied as stated.

398.    Ford admits that Paragraph 398 purports to contain language from certain Ford marketing materials describing certain subject vehicles, and avers that the documents speak for themselves.

399.    Ford denies each allegation contained in Paragraph 399.

400.    Ford denies each allegation contained in Paragraph 400.

401.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 401, and on that basis denies those allegations.  Ford denies each other allegation contained in Paragraph 401.

402.    Ford denies each allegation contained in Paragraph 402.

403.    Ford alleges that this paragraph contains legal conclusions or questions of law to which no response is required.  To the extent a response is required, Ford denies each allegation contained in Paragraph 403 and each of its sub-parts.

404.    Ford alleges that this paragraph contains legal conclusions or questions of law to which no response is required.  To the extent a response is required, Ford denies each allegation contained in Paragraph 404.

## VI.    FRAUDULENT CONCEALMENT ALLEGATIONS

405.    Ford avers that this paragraph contains Plaintiffs' characterization of their claims in this case, to which no response is requires.  To the extent a response is required, Ford denies each allegation contained in Paragraph 405.

406.    Ford alleges that this paragraph contains legal conclusions or questions of law to which no response is required.  To the extent a response is required, Ford denies each allegation contained in Paragraph 406.

407.    Ford alleges that this paragraph contains legal conclusions or questions of law to which no response is required.  To the extent a response is required, Ford denies each allegation contained in Paragraph 407 and each of its sub-parts.

## VII.    TOLLING AND THE STATUTE OF LIMITATIONS

### A.    Fraudulent Concealment and Equitable Tolling

408.    Ford denies each allegation contained in Paragraph 408.

409.     Ford denies each allegation contained in Paragraph 409.

410.     Ford alleges that this paragraph contains legal conclusions or questions of law to which no response is required.  To the extent a response is required, Ford denies each allegation contained in Paragraph 410.

**B.     Estoppel**

411.     Ford alleges that this paragraph contains legal conclusions or questions of law to which no response is required.  To the extent a response is required, Ford denies each allegation contained in Paragraph 411.

**C.     Discovery Rule**

412.     Ford alleges that this paragraph contains legal conclusions or questions of law to which no response is required.  To the extent a response is required, Ford denies each allegation contained in Paragraph 412.

413.     Ford alleges that this paragraph contains legal conclusions or questions of law to which no response is required.  To the extent a response is required, Ford denies each allegation contained in Paragraph 413.

414.     Ford alleges that this paragraph contains legal conclusions or questions of law to which no response is required.  To the extent a response is required, Ford denies each allegation contained in Paragraph 414.

**VIII.  CLASS ACTION ALLEGATIONS**

415.     Ford admits that Plaintiffs bring this action as a putative class action.  Ford denies each other allegation contained in Paragraph 415, and specifically denies that this action can be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

416.     Ford admits that Plaintiffs bring this action as a putative class action, and that, based on information and belief, Paragraph 416 sets forth putative classes Plaintiffs indicated they would seek to certify in this litigation, although some of such claims have now been dismissed. Ford further states that the underlying claims have been dismissed for the Wisconsin and New Jersey sub-classes.  Ford denies each other allegation contained in Paragraph 416.

417.     Ford admits, based on information and belief, that Paragraph 416 sets forth a

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

subclass Plaintiffs seek to certify in this litigation.  Ford denies each other allegation contained in Paragraph 417.

418.    Ford admits, based on information and belief, that Paragraph 418 sets forth claims and persons excluded from the putative classes Plaintiffs seek to certify in this litigation.  Ford denies each other allegation contained in Paragraph 418.

**A.    Numerosity**

419.    Ford will evaluate whether it disputes numerosity when it reviews any class certification motion.  Ford otherwise denies each other allegation contained in Paragraph 419.

**B.    Typicality**

420.    Ford denies each allegation contained in Paragraph 420.

**C.    Adequate Representation**

421.    Ford denies each allegation contained in Paragraph 421.

422.    Ford denies each allegation contained in Paragraph 422.

**D.    Predominance of Common Issues**

423.    Ford denies each allegation contained in Paragraph 423, and each of its sub-parts.

**E.    Superiority**

424.    Ford denies each allegation contained in Paragraph 424.

425.    Ford denies each allegation contained in Paragraph 425.

426.    Ford denies each allegation contained in Paragraph 426.

**IX.    CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Violation of California's Consumer Legal Remedies Act ("CLRA"),**

**Cal Civ. Code § 1750, et seq.**

**(On behalf of the California Sub-Class)**

427.    Ford reasserts its answers to Paragraphs 1 through 426.

428.    Ford admits, based on information and belief, that Plaintiffs Miller, Amber West, Evan West, and Hodges seek to bring this cause of action individually and on behalf of a putative class.

429.    Ford admits that Ford is a "person" as defined in Cal. Civ. Code § 1761(c).

430.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 430, and on that basis denies those allegations, although some putative class members would likely meet that definition and others would not.

431.    Ford admits that, for some consumers, the purchase and leases of putative class vehicles will constitute "transactions" within the meaning of the CLRA.

432.    Ford admits that, for some consumers, the putative class vehicles are likely "goods" within the meaning of the CLRA.

433.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 433, and on that basis denies those allegations, although some putative class members would likely have purchased primarily for those purposes and others would not.

434.    Ford denies each allegation contained in Paragraph 434 and each of its sub-parts.

435.    Ford denies each allegation contained in Paragraph 435.

436.    Ford denies each allegation contained in Paragraph 436.

437.    Ford denies each allegation contained in Paragraph 437.

438.    Ford denies each allegation contained in Paragraph 438 and each of its sub-parts.

439.    Ford denies each allegation contained in Paragraph 439.

440.    Ford denies each allegation contained in Paragraph 439.

441.    Ford denies each allegation contained in Paragraph 441.

442.    Ford denies each allegation contained in Paragraph 442.

443.    Ford denies each allegation contained in Paragraph 443.

444.    Ford admits that Paragraph 444 describes the relief requested by Plaintiffs.  Ford denies each other allegation contained in Paragraph 444, including that any plaintiff or class member is entitled to any relief

445.    Ford admits that Plaintiffs' counsel sent letters to Ford purporting to provide notice under Cal. Civ. Code § 1770 which Ford received August 4, 2020 and September 1, 2022, to which Ford responded on August 7, 2020 and September 9, 2022.  Ford denies each other

1    allegation contained in Paragraph 445.

2    <div align="center">**SECOND CAUSE OF ACTION**</div>

3    <div align="center">**Violation of California's Unfair Competition Law,**</div>

4    <div align="center">**Cal. Bus. & Prof. Code § 17200, et seq.**</div>

5    <div align="center">**(On behalf of the California Sub-Class)**</div>

6    446.    Ford reasserts its answers to Paragraphs 1 through 445.

7    447.    Ford admits, based on information and belief, that Plaintiffs Miller, Amber West,

8 Evan West, and Hodges seek to bring this cause of action individually and on behalf of a putative

9 class.

10    448.    Ford admits that California Business & Professions Code § 17200 prohibits

11 "unfair competition" including any "unlawful, unfair, or fraudulent business practice" and

12 "unfair, deceptive, untrue or misleading advertising." Ford further avers that the statute speaks

13 for itself. Ford denies each remaining allegation in Paragraph 448.

14    449.    Ford denies each allegation contained in Paragraph 449.

15    450.    Ford denies each allegation contained in Paragraph 450.

16    451.    Ford avers that, to the extent Paragraph 451 purports to quote from unidentified

17 advertising and marketing of Ford vehicles, that advertising speaks for itself. Ford denies each

18 other allegation contained in Paragraph 451.

19    452.    Ford denies each allegation contained in Paragraph 452.

20    453.    Ford is without information sufficient to form a belief as to the truth of the

21 allegations contained in Paragraph 453, and on that basis denies those allegations. Ford denies

22 the remaining allegations contained in Paragraph 453.

23    454.    Ford denies each allegation contained in Paragraph 454.

24    455.    Ford is without information sufficient to form a belief as to the truth of the

25 allegations contained in Paragraph 455, and on that basis denies those allegations. Ford denies

26 the remaining allegations contained in Paragraph 455.

27    456.    Ford admits that Paragraph 456 describes the relief requested by Plaintiffs. Ford

28 denies each other allegation contained in Paragraph 456.

**THIRD CAUSE OF ACTION**

**California Breach of Express Warranty**

**(On behalf of the California Sub-Class)**

457.     Ford reasserts its answers to Paragraphs 1 through 456.

458.     Ford admits, based on information and belief, that Plaintiffs Miller, Amber West, Evan West, and Hodges seek to bring this cause of action individually and on behalf of a putative class.

459.     Ford admits that each of its new vehicles come with a New Vehicle Limited Warranty.  Ford is without information sufficient to form a belief as to the truth of the allegations about the basis for the bargains between dealers and purchasers and lessees, and on that basis denies them.  Ford denies the remaining allegations contained in Paragraph 459.

460.     Ford admits that each of its new vehicles sold by authorized Ford and Lincoln dealers come with a New Vehicle Limited Warranty.  Ford denies the remaining allegations in Paragraph 460.

461.     Ford admits that each of its new vehicles sold by an authorized Ford or Lincoln dealer come with a New Vehicle Limited Warranty, which includes a 3-year/36,000 mile (whichever occurs first) bumper-to-bumper warranty for Ford-branded putative class vehicles and a 4-year/50,000 mile (whichever occurs first) bumper-to-bumper warranty for Lincoln-branded putative class vehicles.  Ford further avers that the New Vehicle Limited Warranty for each putative class vehicle speaks for itself.

462.     Ford admits that Paragraph 462 purports to quote from a portion of one version of Ford's New Vehicle Limited Warranty, although Plaintiffs do not identify the model year or vehicle to which this warranty allegedly applies.  Ford avers that the applicable New Vehicle Limited Warranty for each putative class vehicle speaks for itself.

463.     Ford admits that Paragraph 463 purports to quote from a portion of one version of Ford's New Vehicle Limited Warranty, although Plaintiffs do not identify the model year or vehicle to which this warranty allegedly applies.  Ford avers that the applicable New Vehicle Limited Warranty for each putative class vehicle speaks for itself.  Ford further admits that it

provides a limited warranty for Ford-branded putative class vehicles covering the powertrain for 5 years or up to 60,000 miles, whichever comes first, as described in the applicable model year and vehicle Warranty Guide, and provides a limited warranty for Lincoln-branded putative class vehicles covering the powertrain for 6 years or up to 70,000 miles, whichever comes first, as described in the applicable model year and vehicle Warranty Guide.

464.    Ford admits that it has offered different levels of certification for Ford pre-owned vehicles, with different limited warranty coverages.  Ford otherwise denies the allegations contained in Paragraph 454.

465.    Ford admits that Paragraph 465 purports to quote from a portion of a one version of a certified pre-owned warranty, although Plaintiffs do not identify the model year or vehicle to which this warranty allegedly applies.  Ford avers that the applicable certified pre-owned warranty for a putative class vehicle speaks for itself.

466.    Ford admits that it installed the engines and the engines' component parts in the putative Class Vehicles.  Ford is without information sufficient to form a belief as to the truth of the allegations in Paragraph 466 whether the Class Vehicles are still covered by the relevant warranty, and on that basis denies those allegations.

467.    Ford admits that Ford offers a limited warranty on new Ford and Motorcraft parts sold to U.S. customers through an authorized Ford or Lincoln dealership or Ford Authorized Distributor, and that for parts sold on or after October 1, 2013, the general limited warranty coverage is 24 months/ unlimited miles.

468.    Ford denies each allegation contained in Paragraph 468.

469.    Ford denies each allegation contained in Paragraph 469.

470.    Ford is without information sufficient to form a belief as to the truth of the allegations about the basis for the bargains between dealers and purchasers and lessees, and on that basis denies those allegations.  Ford denies the remaining allegations contained in Paragraph 470.

471.    Ford avers that the applicable warranties and terms and conditions contained therein for each putative class vehicle speaks for itself.  Ford denies each remaining allegation

1    contained in Paragraph 471.

2    472.    Ford denies each allegation contained in Paragraph 472.

3    473.    Ford denies each allegation contained in Paragraph 473.

4    474.    Ford denies each allegation contained in Paragraph 474.

5    475.    Ford denies each allegation contained in Paragraph 475.

6    476.    Ford denies each allegation contained in Paragraph 476.

7    477.    Ford denies each allegation contained in Paragraph 477.

8    478.    Ford denies each allegation contained in Paragraph 478.

9    479.    Ford denies each allegation contained in Paragraph 479.

10    480.    Ford denies each allegation contained in Paragraph 480.

11    481.    Ford denies each allegation contained in Paragraph 481.

12    482.    Ford denies each allegation contained in Paragraph 482.

13    483.    Ford denies each allegation contained in Paragraph 483.

14    484.    Ford denies each allegation contained in Paragraph 484.

15    **<u>FOURTH CAUSE OF ACTION</u>**

16    **Breach of Implied Warranty**

17    **Under the Song-Beverly Consumer Warranty Act**

18    **Cal. Civ. Code §§ 1790, et seq.**

19    **(On behalf of the California Sub-Class)**

20    485.    Ford reasserts its answers to Paragraphs 1 through 484.

21    486.    Ford admits, based on information and belief, that Amber West, Evan West, and

22    Hodges seek to bring this cause of action individually and on behalf of a putative class.  Plaintiff

23    Miller's Song-Beverly Consumer Warranty Act claim was dismissed by the Court on March 29,

24    2024.

25    487.    Ford is without information sufficient to form a belief as to the truth of the

26    allegations contained in Paragraph 487 with respect to all the vehicles, and on that basis denies

27    those allegations, although some of the vehicles would meet that definition and others would not.

28    488.    Ford admits that it is a "manufacturer" within the meaning of Cal. Civ. Code §

1791(j) as to some vehicles, but it without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 488 with respect to all the vehicles, and on that basis denies those allegations.

489.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 489 with respect to all Class Members, and on that basis denies those allegations, although some portion of proposed class members may meet the definition.

490.    Ford admits that the vehicles at issue were "merchantable" at the time of sale within the meaning of Cal. Civ. Code §§ 1791.1(a) & 1792.

491.    Ford denies each allegation contained in Paragraph 491.

492.    Ford denies each allegation contained in Paragraph 492.

493.    Ford denies each allegation contained in Paragraph 493.

494.    Ford admits that Paragraph 494 purports to quote from unidentified statements by Ford, and avers that the statements speak for themselves.  Ford denies the remaining allegations contained in Paragraph 494.

495.    Ford denies each allegation contained in Paragraph 495.

496.    Ford denies each allegation contained in Paragraph 496.

497.    Ford denies each allegation contained in Paragraph 497.

498.    Ford denies each allegation contained in Paragraph 498.

### FIFTH CAUSE OF ACTION

**California Breach of Implied Warranty**

**(On behalf of the California Sub-Class)**

499.    Ford reasserts its answers to Paragraphs 1 through 498.

500.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 500.

501.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 501.

502.    Ford states that this claim was dismissed by the Court on March 29, 2024.

1   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 502.

2       503.    Ford states that this claim was dismissed by the Court on March 29, 2024.

3   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 503.

4       504.    Ford states that this claim was dismissed by the Court on March 29, 2024.

5   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 504.

6       505.    Ford states that this claim was dismissed by the Court on March 29, 2024.

7   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 505.

8       506.    Ford states that this claim was dismissed by the Court on March 29, 2024.

9   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 506.

10      507.    Ford states that this claim was dismissed by the Court on March 29, 2024.

11  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 507.

12      508.    Ford states that this claim was dismissed by the Court on March 29, 2024.

13  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 508.

14      509.    Ford states that this claim was dismissed by the Court on March 29, 2024.

15  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 509.

16      510.    Ford states that this claim was dismissed by the Court on March 29, 2024.

17  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 510.

18      511.    Ford states that this claim was dismissed by the Court on March 29, 2024.

19  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 511.

20      512.    Ford states that this claim was dismissed by the Court on March 29, 2024.

21  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 512.

22      513.    Ford states that this claim was dismissed by the Court on March 29, 2024.

23  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 513.

24  <u>**SIXTH CAUSE OF ACTION**</u>

25  **Violation of the Arkansas Deceptive Trade Practices Act**

26  **Ark. Code Ann. §§ 4-88-101, et seq.**

27  **(On behalf of the Arkansas Sub-Class)**

28      514.    Ford reasserts its answers to Paragraphs 1 through 513.

1       515.    Ford states that this claim was dismissed by the Court on March 29, 2024.

2  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 515.

3       516.    Ford states that this claim was dismissed by the Court on March 29, 2024.

4  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 516.

5       517.    Ford states that this claim was dismissed by the Court on March 29, 2024.

6  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 517.

7       518.    Ford states that this claim was dismissed by the Court on March 29, 2024.

8  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 518.

9       519.    Ford states that this claim was dismissed by the Court on March 29, 2024.

10  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 519.

11       520.    Ford states that this claim was dismissed by the Court on March 29, 2024.

12  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 520.

13       521.    Ford states that this claim was dismissed by the Court on March 29, 2024.

14  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 521.

15       522.    Ford states that this claim was dismissed by the Court on March 29, 2024.

16  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 522.

17       523.    Ford states that this claim was dismissed by the Court on March 29, 2024.

18  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 523.

19       524.    Ford states that this claim was dismissed by the Court on March 29, 2024.

20  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 524.

21       525.    Ford states that this claim was dismissed by the Court on March 29, 2024.

22  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 525.

23       526.    Ford states that this claim was dismissed by the Court on March 29, 2024.

24  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 526.

25       527.    Ford states that this claim was dismissed by the Court on March 29, 2024.

26  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 527.

27       528.    Ford states that this claim was dismissed by the Court on March 29, 2024.

28  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 528.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

529.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 529.

530.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 530.

531.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 531.

532.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 532.

533.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 533.

534.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 534.

535.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 535.

## SEVENTH CAUSE OF ACTION

### Breach of Express Warranty

### Ark. Code Ann. §§ 4-2-313 and 4-2A-210

### (On behalf of the Arkansas Sub-Class)

536.     Ford reasserts its answers to Paragraphs 1 through 535.

537.     Ford admits, based on information and belief, that Plaintiff Lund seeks to bring this cause of action individually and on behalf of a putative Arkansas class.

538.     Ford admits that it is a "merchant" and "seller" with respect to at least some motor vehicles within the meaning of Ark. Code Ann. §§ 4-2-104(1) and 4-2A-103(3) and § 4-2-103(1)(d).

539.     Ford denies each allegation contained in Paragraph 539.

540.     Ford admits that the putative Class Vehicles are "goods" as defined in of Ark. Code Ann. §§ 4-2-105(1) and 4-2A-103(1)(h).

541.     Ford admits that each of its new vehicles sold by an authorized Ford dealer come

1  with a New Vehicle Limited Warranty.  Ford is without information sufficient to form a belief as

2  to the truth of the allegations about the basis for the bargains between dealers and purchasers and

3  lessees, and on that basis denies those allegations.  Ford denies each other allegation contained in

4  Paragraph 541.

5        542.    Ford admits that each of its new vehicles sold by authorized Ford and Lincoln

6  dealers come with a New Vehicle Limited Warranty.  Ford denies the remaining allegations in

7  Paragraph 542.

8        543.    Ford admits that each of its new vehicles sold by an authorized Ford or Lincoln

9  dealer come with a New Vehicle Limited Warranty, which includes a 3-year/36,000 mile

10  (whichever occurs first) bumper-to-bumper warranty for Ford-branded vehicles and a 4-

11  year/50,000 mile (whichever occurs first) bumper-to-bumper warranty for Lincoln-branded

12  vehicles.  Ford further avers that the New Vehicle Limited Warranty for each putative class

13  vehicle speaks for itself.  Ford further avers that the New Vehicle Limited Warranty for each

14  putative class vehicle speaks for itself.

15        544.    Ford admits that Paragraph 544 purports to quote from a portion of one version of

16  Ford's New Vehicle Limited Warranty, although Plaintiffs do not identify the model year or

17  vehicle to which this warranty allegedly applies.  Ford avers that the applicable New Vehicle

18  Limited Warranty for each putative class vehicle speaks for itself.

19        545.    Ford admits that Paragraph 545 purports to quote from a portion of one version of

20  Ford's New Vehicle Limited Warranty, although Plaintiffs do not identify the model year or

21  vehicle to which this warranty allegedly applies.  Ford avers that the applicable New Vehicle

22  Limited Warranty for each putative class vehicle speaks for itself.  Ford further admits that it

23  provides a limited warranty for Ford-branded putative class vehicles covering the powertrain for 5

24  years or up to 60,000 miles, whichever comes first, as described in the applicable model year and

25  vehicle Warranty Guide, and provides a limited warranty for Lincoln-branded putative class

26  vehicles covering the powertrain for 6 years or up to 70,000 miles, whichever comes first, as

27  described in the applicable model year and vehicle Warranty Guide.

28        546.    Ford admits that it has offered different levels of certification for pre-owned

1    vehicles, with different limited warranty coverages.  Ford otherwise denies the allegations

2    contained in Paragraph 546.

3         547.    Ford admits that Paragraph 547 purports to quote from a portion of a CPO

4    warranty, although Plaintiffs do not identify the model year or vehicle to which this warranty

5    allegedly applies.  Ford avers that the applicable CPO for a putative class vehicle speaks for itself.

6         548.    Ford admits that it installed the engines and the engines' component parts in the

7    putative Class Vehicles.  Ford is without information sufficient to form a belief as to the truth of

8    the allegations in Paragraph 548 whether the Class Vehicles are still covered by the relevant

9    warranty, and on that basis denies those allegations.

10        549.    Ford denies each allegation contained in Paragraph 549.

11        550.    Ford is without information sufficient to form a belief as to the truth of the

12    allegations about the basis for the bargains between dealers and purchasers and lessees, and on

13    that basis denies those allegations.  Ford denies the remaining allegations contained in Paragraph

14    550.

15        551.    Ford avers that the terms of the applicable warranties for each putative class

16    vehicle speaks for itself.  Ford denies each remaining allegation contained in Paragraph 551.

17        552.    Ford denies each allegation contained in Paragraph 552.

18        553.    Ford denies each allegation contained in Paragraph 553.

19        554.    Ford denies each allegation contained in Paragraph 554.

20        555.    Ford denies each allegation contained in Paragraph 555.

21        556.    Ford denies each allegation contained in Paragraph 556.

22        557.    Ford denies each allegation contained in Paragraph 557.

23        558.    Ford denies each allegation contained in Paragraph 558.

24        559.    Ford denies each allegation contained in Paragraph 559.

25        560.    Ford denies each allegation contained in Paragraph 560.

26        561.    Ford denies each allegation contained in Paragraph 561.

27        562.    Ford denies each allegation contained in Paragraph 562.

28                          **EIGHTH CAUSE OF ACTION**

**Breach of the Implied Warranty of Merchantability**

**Ark. Code Ann. §§ 4-2-313 and 4-2A-212**

**(On behalf of the Arkansas Sub-Class)**

563.     Ford reasserts its answers to Paragraphs 1 through 563.

564.     Ford admits, based on information and belief, that Ms. Lund seeks to bring this cause of action individually and on behalf of a putative Arkansas class.

565.     Ford admits that it is a "merchant" and "seller" with respect to at least some motor vehicles within the meaning of Ark. Code Ann. §§ 4-2-104(1) and 4-2A-103(3) and § 4-2-103(1)(d).

566.     Ford denies each allegation contained in Paragraph 566.

567.     Ford admits that the putative Class Vehicles are "goods" as defined in of Ark. Code Ann. §§ 4-2-105(1) and 4-2A-103(1)(h).

568.     Ford admits the allegations contained in Paragraph 568, but denies that this paragraph cites the correct statute.  Ford further avers that the implied warranty of merchantability of some putative class members' vehicles may have been disclaimed or otherwise limited by the terms of Ford's express, limited warranty.

569.     Ford admits that it sold certain vehicles, through authorized dealers.  Ford is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 569, and on that basis denies those allegations.

570.     Ford admits that the sale of some putative class members' vehicles were accompanied by an implied warranty of merchantability, which may have been disclaimed or otherwise limited by the terms of Ford's express, limited warranty.

571.     Ford denies each allegation contained in Paragraph 571.

572.     Ford denies each allegation contained in Paragraph 572.

573.     Ford denies each allegation contained in Paragraph 573.

574.     Ford denies each allegation contained in Paragraph 574.

575.     Ford denies each allegation contained in Paragraph 575.

576.     Ford denies each allegation contained in Paragraph 576.

577.    Ford denies each allegation contained in Paragraph 577.

578.    Ford denies each allegation contained in Paragraph 578.

## NINTH CAUSE OF ACTION

### Violation of the Colorado Consumer Protection Act

### Colo. Rev. Stat. §§ 6-1-101, et seq.

### (On behalf of the Colorado Sub-Class)

579.    Ford reasserts its answers to Paragraphs 1 through 578.

580.    Ford admits, based on information and belief, that Plaintiff Christodaro seeks to bring this cause of action individually and on behalf of a putative Colorado class.

581.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 581 with respect to all the Colorado Sub-Class Members, and on that basis denies those allegations, although some portion of proposed class members may meet the definition and others would not.

582.    Ford admits the allegations contained in Paragraph 582.

583.    Ford admits that Paragraph 583 purports to quote portions of Colo. Rev. Stat. § 6-1-105, which statute speaks for itself.

584.    Ford denies each allegation contained in Paragraph 584.

585.    Ford denies each allegation contained in Paragraph 585.

586.    Ford denies each allegation contained in Paragraph 586.

587.    Ford denies each allegation contained in Paragraph 587.

588.    Ford denies each allegation contained in Paragraph 588.

589.    Ford denies each allegation contained in Paragraph 589.

590.    Ford denies each allegation contained in Paragraph 590.

591.    Ford denies each allegation contained in Paragraph 591.

592.    Ford denies each allegation contained in Paragraph 592.

593.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 593, and on that basis denies those allegations,

594.    Ford denies each allegation contained in Paragraph 594 and each of its sub-parts.

1    595.    Ford denies each allegation contained in Paragraph 595.

2    596.    Ford denies each allegation contained in Paragraph 596.

3    597.    Ford denies each allegation contained in Paragraph 597.

4    598.    Ford denies each allegation contained in Paragraph 598.

5    599.    Ford denies each allegation contained in Paragraph 599.

6    600.    Ford denies each allegation contained in Paragraph 600, except admits that

7  Paragraph 600 describes the relief requested by Plaintiffs.  Ford denies that they are entitled to

8  such relief.

9  <center>**TENTH CAUSE OF ACTION**</center>

10  <center>**Breach of Express Warranty**</center>

11  <center>**Colo. Rev. Stat. §§ 4-2-313 and 4-2.5-210**</center>

12  <center>**(On behalf of the Colorado Sub-Class)**</center>

13    601.    Ford reasserts its answers to Paragraphs 1 through 600.

14    602.    Ford states that this claim was dismissed by the Court on March 29, 2024.

15  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 602.

16    603.    Ford states that this claim was dismissed by the Court on March 29, 2024.

17  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 603.

18    604.    Ford states that this claim was dismissed by the Court on March 29, 2024.

19  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 604.

20    605.    Ford states that this claim was dismissed by the Court on March 29, 2024.

21  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 605.

22    606.    Ford states that this claim was dismissed by the Court on March 29, 2024.

23  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 606.

24    607.    Ford states that this claim was dismissed by the Court on March 29, 2024.

25  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 607.

26    608.    Ford states that this claim was dismissed by the Court on March 29, 2024.

27  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 608.

28    609.    Ford states that this claim was dismissed by the Court on March 29, 2024.

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 609.

2         610.    Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 610.

4         611.    Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 611.

6         612.    Ford states that this claim was dismissed by the Court on March 29, 2024.

7    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 612.

8         613.    Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 613.

10        614.    Ford states that this claim was dismissed by the Court on March 29, 2024.

11   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 614.

12        615.    Ford states that this claim was dismissed by the Court on March 29, 2024.

13   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 615.

14        616.    Ford states that this claim was dismissed by the Court on March 29, 2024.

15   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 616.

16        617.    Ford states that this claim was dismissed by the Court on March 29, 2024.

17   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 617.

18        618.    Ford states that this claim was dismissed by the Court on March 29, 2024.

19   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 618.

20        619.    Ford states that this claim was dismissed by the Court on March 29, 2024.

21   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 619.

22        620.    Ford states that this claim was dismissed by the Court on March 29, 2024.

23   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 620.

24        621.    Ford states that this claim was dismissed by the Court on March 29, 2024.

25   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 621.

26        622.    Ford states that this claim was dismissed by the Court on March 29, 2024.

27   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 622.

28        623.    Ford states that this claim was dismissed by the Court on March 29, 2024.

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 623.

2         624.    Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 624.

4         625.    Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 625.

6         626.    Ford states that this claim was dismissed by the Court on March 29, 2024.

7    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 626.

8         627.    Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 627.

10        628.    Ford states that this claim was dismissed by the Court on March 29, 2024.

11   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 628.

12                          **ELEVENTH CAUSE OF ACTION**

13                  **Breach of the Implied Warranty of Merchantability**

14                    **Colo. Rev. Stat. §§ 4-2-313 and 4-2.5-212**

15                       **(On behalf of the Colorado Sub-Class)**

16        629.    Ford reasserts its answers to Paragraphs 1 through 628.

17        630.    Ford admits, based on information and belief, that Plaintiff Christodaro seeks to

18   bring this cause of action individually and on behalf of a putative Colorado class.

19        631.    Ford admits that it is a "merchant" and "seller" with respect to at least some motor

20   vehicles within the meaning of Colo. Rev. Stat. §§ 4-2-104(1) and 4-2.5-103(3) and Colo. Rev.

21   Stat. § 4-2-103(1)(d).

22        632.    Ford denies each allegation contained in Paragraph 632.

23        633.    Ford admits that the putative Class Vehicles are "goods" as defined in Colo. Rev.

24   Stat. §§ 4-2-105(1) and 4-2.5-103(1)(h).

25        634.    Ford admits the allegations contained in Paragraph 634 but avers that the implied

26   warranty of merchantability of some putative class members' vehicles may have been disclaimed

27   or otherwise limited by the terms of Ford's express, limited warranty.

28        635.    Ford admits that it sold certain vehicles through authorized dealers.  Ford is

1  without information sufficient to form a belief as to the truth of the remaining allegations

2  contained in Paragraph 635, and on that basis denies those allegations.

3      636.    Ford admits that the sale of some putative class members' vehicles were

4  accompanied by an implied warranty of merchantability, which may have been disclaimed or

5  otherwise limited by the terms of Ford's express, limited warranty.

6      637.    Ford denies each allegation contained in Paragraph 637.

7      638.    Ford denies each allegation contained in Paragraph 638.

8      639.    Ford denies each allegation contained in Paragraph 639.

9      640.    Ford denies each allegation contained in Paragraph 640.

10     641.    Ford denies each allegation contained in Paragraph 641.

11     642.    Ford denies each allegation contained in Paragraph 642.

12     643.    Ford denies each allegation contained in Paragraph 643.

13     644.    Ford denies each allegation contained in Paragraph 644.

14     645.    Ford denies each allegation contained in Paragraph 645.

15                    **TWELFTH CAUSE OF ACTION**

16      **Violations of the Florida Deceptive and Unfair Trade Practices Act,**

17                    **Fla. Stat. § 501.201, et seq.**

18                **(On Behalf of the Florida Sub-Class)**

19     646.    Ford reasserts its answers to Paragraphs 1 through 645.

20     647.    Ford admits, based on information and belief, that Plaintiff Hoffer seeks to bring

21  this cause of action individually and on behalf of a putative Colorado class.

22     648.    Ford admits that Plaintiff is a "consumer" under Fla. Stat. § 501.203(7).  Ford is

23  without information sufficient to form a belief as to the remaining allegations contained in

24  Paragraph 648 and on that basis denies those allegations, although some putative class members

25  would likely meet that definition and others would not.

26     649.    Ford admits the allegations contained in Paragraph 649.

27     650.    Ford admits that the first sentence of Paragraph 650 purports to quote from Fla.

28  Stat. § 501.204(1), which statute speaks for itself.  Ford denies the remaining allegations

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1    contained in Paragraph 650.

2        651.    Ford denies each allegation contained in Paragraph 651.

3        652.    Ford denies each allegation contained in Paragraph 652.

4        653.    Ford denies each allegation contained in Paragraph 653.

5        654.    Ford denies each allegation contained in Paragraph 654.

6        655.    Ford denies each allegation contained in Paragraph 655.

7        656.    Ford denies each allegation contained in Paragraph 656.

8        657.    Ford denies each allegation contained in Paragraph 657.

9        658.    Ford denies each allegation contained in Paragraph 658.

10       659.    Ford denies each allegation contained in Paragraph 659.

11       660.    Ford is without information sufficient to form a belief as to the truth of the

12   allegations contained in the first sentence of Paragraph 660, and on that basis denies those

13   allegations.  Ford denies the remaining allegations contained in Paragraph 660.

14       661.    Ford denies each allegation contained in Paragraph 661 and each of its sub-parts.

15       662.    Ford denies each allegation contained in Paragraph 662.

16       663.    Ford denies each allegation contained in Paragraph 663.

17       664.    Ford denies each allegation contained in Paragraph 664.

18       665.    Ford denies each allegation contained in Paragraph 665.

19       666.    Ford denies each allegation contained in Paragraph 666.

20       667.    Ford denies each allegation contained in Paragraph 667.

21       668.    Ford denies each allegation contained in Paragraph 668, except admits that

22   Paragraph 668 describes the relief requested by Plaintiffs.  Ford denies that they are entitled to

23   such relief.

24                    **THIRTEENTH CAUSE OF ACTION**

25                       **Breach of Express Warranty**

26                     **Fla. Stat. §§ 672.313 and 680.21**

27                    **(On behalf of the Florida Sub-Class)**

28       669.    Ford reasserts its answers to Paragraph 1 through 668.

670.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 670.

671.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 671.

672.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 672.

673.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 673.

674.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 674.

675.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 675.

676.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 676.

677.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 677.

678.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 678.

679.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 679.

680.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 680.

681.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 681.

682.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 682.

683.    Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 683.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

684.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 684.

685.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 685.

686.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 686.

687.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 687.

688.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 688.

689.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 689.

690.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 690.

691.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 691.

692.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 692.

693.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 693.

694.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 694.

695.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 695.

## FOURTEENTH CAUSE OF ACTION

**Breach of the Implied Warranty of Merchantability**

**Fla. Stat. §§ 672.314 and 680.212**

**(On behalf of the Florida Sub-Class)**

1    696.    Ford reasserts its answers to Paragraphs 1 through 695.

2    697.    Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 697.

4    698.    Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 698.

6    699.    Ford states that this claim was dismissed by the Court on March 29, 2024.

7    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 699.

8    700.    Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 700.

10    701.    Ford states that this claim was dismissed by the Court on March 29, 2024.

11    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 701.

12    702.    Ford states that this claim was dismissed by the Court on March 29, 2024.

13    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 702.

14    703.    Ford states that this claim was dismissed by the Court on March 29, 2024.

15    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 703.

16    704.    Ford states that this claim was dismissed by the Court on March 29, 2024.

17    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 704.

18    705.    Ford states that this claim was dismissed by the Court on March 29, 2024.

19    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 705.

20    706.    Ford states that this claim was dismissed by the Court on March 29, 2024.

21    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 706.

22    707.    Ford states that this claim was dismissed by the Court on March 29, 2024.

23    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 707.

24    708.    Ford states that this claim was dismissed by the Court on March 29, 2024.

25    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 708.

26    709.    Ford states that this claim was dismissed by the Court on March 29, 2024.

27    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 709.

28    710.    Ford states that this claim was dismissed by the Court on March 29, 2024.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 710.

2         711.    Ford states that this claim was dismissed by the Court on March 29, 2024.

3  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 711.

4         712.    Ford states that this claim was dismissed by the Court on March 29, 2024.

5  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 712.

6  **FIFTEENTH CAUSE OF ACTION**

7  **Violations of the Georgia Fair Business Practices Act,**

8  **Ga. Code Ann. § 10-1-390, et seq.**

9  **(On Behalf of the Georgia Sub-Class)**

10         713.    Ford reasserts its answers to Paragraphs 1 through 712.

11         714.    Ford admits, based on information and belief, that Plaintiffs Constable and Butcher

12  seek to bring this cause of action individually and on behalf of a putative Georgia class.

13         715.    Ford admits that Paragraph 715 purports to quote from Ga. Code Ann. § 10-1-

14  393(a), and avers that the statute speaks for itself.

15         716.    Ford admits that the first sentence of Paragraph 716 purports to quote Ga. Code

16  Ann. § 10-1-393(b), and avers that the statute speaks for itself.  Ford denies the remaining

17  allegations contained in Paragraph 716.

18         717.    Ford denies each allegation contained in Paragraph 717.

19         718.    Ford denies each allegation contained in Paragraph 718.

20         719.    Ford denies each allegation contained in Paragraph 719.

21         720.    Ford denies each allegation contained in Paragraph 720.

22         721.    Ford denies each allegation contained in Paragraph 721.

23         722.    Ford denies each allegation contained in Paragraph 722.

24         723.    Ford denies each allegation contained in Paragraph 723.

25         724.    Ford denies each allegation contained in Paragraph 724.

26         725.    Ford is without information sufficient to form a belief as to the truth of the

27  allegations contained in the first sentence of Paragraph 725, and on that basis denies those

28  allegations.  Ford denies the remaining allegations in Paragraph 725.

1    726.    Ford denies each allegation contained in Paragraph 726 and each of its sub-parts.

2    727.    Ford denies each allegation contained in Paragraph 727.

3    728.    Ford denies each allegation contained in Paragraph 728.

4    729.    Ford denies each allegation contained in Paragraph 729.

5    730.    Ford denies each allegation contained in Paragraph 730.

6    731.    Ford denies each allegation contained in Paragraph 731.

7    732.    Ford admits it received a letter from Plaintiff Constable on May 19, 2021 and from

8    Plaintiff Butcher on May 21, 2021, to which Ford responded on June 23, 2021.  Ford denies the

9    remaining allegations contained in Paragraph 732.

10    733.    Ford denies each allegation contained in Paragraph 733, except admits that

11    Paragraph 733 describes the relief requested by Plaintiffs.  Ford denies that they are entitled to

12    such relief.

13    **SIXTEENTH CAUSE OF ACTION**

14    **Violations of the Georgia Uniform Deceptive Trade Practices Act,**

15    **Ga. Code Ann. § 10-1-370, et seq.**

16    **(On Behalf of the Georgia Sub-Class)**

17    734.    Ford reasserts its allegations to Paragraphs 1 through 733.

18    735.    Ford states that this claim was dismissed by the Court on March 29, 2024.

19    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 735.

20    736.    Ford states that this claim was dismissed by the Court on March 29, 2024.

21    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 736.

22    737.    Ford states that this claim was dismissed by the Court on March 29, 2024.

23    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 737.

24    738.    Ford states that this claim was dismissed by the Court on March 29, 2024.

25    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 738.

26    739.    Ford states that this claim was dismissed by the Court on March 29, 2024.

27    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 739.

28    740.    Ford states that this claim was dismissed by the Court on March 29, 2024.

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 740.

2        741.    Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 741.

4        742.    Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 742.

6        743.    Ford states that this claim was dismissed by the Court on March 29, 2024.

7    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 743.

8        744.    Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 744.

10        745.    Ford states that this claim was dismissed by the Court on March 29, 2024.

11    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 745.

12        746.    Ford states that this claim was dismissed by the Court on March 29, 2024.

13    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 746.

14        747.    Ford states that this claim was dismissed by the Court on March 29, 2024.

15    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 747.

16        748.    Ford states that this claim was dismissed by the Court on March 29, 2024.

17    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 748.

18        749.    Ford states that this claim was dismissed by the Court on March 29, 2024.

19    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 749.

20        750.    Ford states that this claim was dismissed by the Court on March 29, 2024.

21    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 750.

22        751.    Ford states that this claim was dismissed by the Court on March 29, 2024.

23    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 751.

24        752.    Ford states that this claim was dismissed by the Court on March 29, 2024.

25    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 752.

26        753.    Ford states that this claim was dismissed by the Court on March 29, 2024.

27    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 753.

28        754.    Ford states that this claim was dismissed by the Court on March 29, 2024.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 754.

2        755.    Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 755.

4    **SEVENTEENTH CAUSE OF ACTION**

5    **Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act,**

6    **815 ILCS 505/1, et seq.**

7    **(On Behalf of the Illinois Sub-Class)**

8        756.    Ford reasserts its answers to Paragraphs 1 through 755.

9        757.    Ford admits, based on information and belief, that Plaintiffs Bozhinov, Cicero, and

10   Glade seek to bring this cause of action individually and on behalf of a putative Illinois class.

11   Plaintiff Glade, however, has been dismissed from this action by the Court on March 29, 2024.

12       758.    Ford admits the allegations contained in Paragraph 758.

13       759.    Ford is without information sufficient to form a belief as to the truth of the

14   allegations contained in Paragraph 759 with respect to all the Illinois Sub-Class Members, and on

15   that basis denies those allegations, although some portion of proposed class members may meet

16   the definition and others would not.

17       760.    Ford admits that the first and second sentence of Paragraph 760 purport to

18   summarize and quote 815 ILCS 505/2, which statute speaks for itself.  Ford denies the remaining

19   allegations contained in Paragraph 760.

20       761.    Ford denies each allegation contained in Paragraph 761.

21       762.    Ford denies each allegation contained in Paragraph 762.

22       763.    Ford denies each allegation contained in Paragraph 763.

23       764.    Ford denies each allegation contained in Paragraph 764.

24       765.    Ford denies each allegation contained in Paragraph 765.

25       766.    Ford denies each allegation contained in Paragraph 766.

26       767.    Ford denies each allegation contained in Paragraph 767.

27       768.    Ford denies each allegation contained in Paragraph 768.

28       769.    Ford is without information sufficient to form a belief as to the truth of the

1    allegations contained in the first sentence of Paragraph 769, and on that basis denies those

2    allegations.  Ford denies the remaining allegations in Paragraph 769.

3        770.    Ford denies each allegation contained in Paragraph 770, and each of its sub-parts.

4        771.    Ford denies each allegation contained in Paragraph 771.

5        772.    Ford denies each allegation contained in Paragraph 772.

6        773.    Ford denies each allegation contained in Paragraph 773.

7        774.    Ford denies each allegation contained in Paragraph 774.

8        775.    Ford denies each allegation contained in Paragraph 775.

9        776.    Ford admits that Plaintiff Bozhinov sent a letter to Ford on May 21, 2021, to

10   which Ford responded on June 23, 2021.  Plaintiff Glade has been dismissed from this action by

11   the Court on March 29, 2024.

12       777.    Ford denies each allegation contained in Paragraph 777, except admits that

13   Paragraph 777 describes the relief requested by Plaintiffs.  Ford denies that they are entitled to

14   such relief.

15       778.    Ford admits that Paragraph 778 describes the relief requested by Plaintiffs.  Ford

16   denies that they are entitled to such relief.

17   **EIGHTEENTH CAUSE OF ACTION**

18   **Breach of Express Warranty**

19   **Ill. Comp. Stat. §§ 5/2-313 and 5/2A-210**

20   **(On behalf of the Illinois Sub-Class)**

21       779.    Ford reasserts its answers to Paragraph 1 through 778.

22       780.    Ford states that this claim was dismissed by the Court on March 29, 2024.

23   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 780.

24       781.    Ford states that this claim was dismissed by the Court on March 29, 2024.

25   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 781.

26       782.    Ford states that this claim was dismissed by the Court on March 29, 2024.

27   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 782.

28       783.    Ford states that this claim was dismissed by the Court on March 29, 2024.

1     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 783.

2          784.     Ford states that this claim was dismissed by the Court on March 29, 2024.

3     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 784.

4          785.     Ford states that this claim was dismissed by the Court on March 29, 2024.

5     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 785.

6          786.     Ford states that this claim was dismissed by the Court on March 29, 2024.

7     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 786.

8          787.     Ford states that this claim was dismissed by the Court on March 29, 2024.

9     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 787.

10          788.     Ford states that this claim was dismissed by the Court on March 29, 2024.

11     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 788.

12          789.     Ford states that this claim was dismissed by the Court on March 29, 2024.

13     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 789.

14          790.     Ford states that this claim was dismissed by the Court on March 29, 2024.

15     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 790.

16          791.     Ford states that this claim was dismissed by the Court on March 29, 2024.

17     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 791.

18          792.     Ford states that this claim was dismissed by the Court on March 29, 2024.

19     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 792.

20          793.     Ford states that this claim was dismissed by the Court on March 29, 2024.

21     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 793.

22          794.     Ford states that this claim was dismissed by the Court on March 29, 2024.

23     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 794.

24          795.     Ford states that this claim was dismissed by the Court on March 29, 2024.

25     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 795.

26          796.     Ford states that this claim was dismissed by the Court on March 29, 2024.

27     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 796.

28          797.     Ford states that this claim was dismissed by the Court on March 29, 2024.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 797.

2        798.    Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 798.

4        799.    Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 799.

6        800.    Ford states that this claim was dismissed by the Court on March 29, 2024.

7    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 800.

8        801.    Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 801.

10        802.    Ford states that this claim was dismissed by the Court on March 29, 2024.

11    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 802.

12        803.    Ford states that this claim was dismissed by the Court on March 29, 2024.

13    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 803.

14        804.    Ford states that this claim was dismissed by the Court on March 29, 2024.

15    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 804.

16        805.    Ford states that this claim was dismissed by the Court on March 29, 2024.

17    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 805.

18                    **<u>NINETEENTH CAUSE OF ACTION</u>**

19            **Breach of the Implied Warranty of Merchantability**

20                **Ill. Comp. Stat. §§ 5/2-314 and 5/2A-212**

21                    **(On behalf of the Illinois Sub-Class)**

22        806.    Ford reasserts its answers to Paragraphs 1 through 805.

23        807.    Ford states that this claim was dismissed by the Court on March 29, 2024.

24    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 807.

25        808.    Ford states that this claim was dismissed by the Court on March 29, 2024.

26    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 808.

27        809.    Ford states that this claim was dismissed by the Court on March 29, 2024.

28    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 809.

810.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 810.

811.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 811.

812.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 812.

813.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 813.

814.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 814.

815.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 815.

816.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 816.

817.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 817.

818.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 818.

819.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 819.

820.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 820.

821.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 821.

822.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 822.

823.     Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 823.

1    824.    Ford states that this claim was dismissed by the Court on March 29, 2024.

2    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 824.

3    825.    Ford states that this claim was dismissed by the Court on March 29, 2024.

4    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 825.

5    **<u>TWENTIETH CAUSE OF ACTION</u>**

6    **Violations of the Indiana Consumer Sales Act,**

7    **Ind. Code § 24-5-0.5-3, et seq.**

8    **(On Behalf of the Indiana Sub-Class)**

9    826.    Ford reasserts its answers to Paragraphs 1 through 825.

10    827.    Ford admits, based on information and belief, that Plaintiffs Balaszek and

11    Pickering seek to bring this cause of action individually and on behalf of a putative Indiana class.

12    828.    Ford admits the allegations contained in Paragraph 828 as to Ford and Indiana

13    Plaintiffs.  Ford is without information sufficient to form a belief as to the truth of the allegations

14    contained in Paragraph 828 as to the Indiana Sub-Class Members, and on that basis denies those

15    allegations, although some putative class members would likely meet that definition and others

16    would not.

17    829.    Ford admits that the first sentence of Paragraph 829 purports to quote from Ind.

18    Code Ann. § 24-5-0.5-3(a) and Ind. Code Ann. § 24-5-0.5-3(a)(1), (2), and avers that the statutes

19    speak for themselves.  Ford denies the remaining allegations contained in Paragraph 829.

20    830.    Ford denies each allegation contained in Paragraph 830.

21    831.    Ford denies each allegation contained in Paragraph 831.

22    832.    Ford denies each allegation contained in Paragraph 832.

23    833.    Ford denies each allegation contained in Paragraph 833.

24    834.    Ford denies each allegation contained in Paragraph 834.

25    835.    Ford denies each allegation contained in Paragraph 835.

26    836.    Ford denies each allegation contained in Paragraph 836.

27    837.    Ford denies each allegation contained in Paragraph 837.

28    838.    Ford denies each allegation contained in Paragraph 838.

839.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 839, and on that basis denies those allegations.  Ford denies the remaining allegations in Paragraph 839.

840.    Ford denies each allegation contained in Paragraph 840, and each of its sub-parts.

841.    Ford denies each allegation contained in Paragraph 841.

842.    Ford denies each allegation contained in Paragraph 842.

843.    Ford denies each allegation contained in Paragraph 843.

844.    Ford denies each allegation contained in Paragraph 844.

845.    Ford denies each allegation contained in Paragraph 845.

846.    Ford denies each allegation contained in Paragraph 846.

847.    Ford denies each allegation contained in Paragraph 847, except admits that Paragraph 847 describes the relief requested by Plaintiffs.  Ford denies that they are entitled to such relief.

## **TWENTY-FIRST CAUSE OF ACTION**

### **Breach of Express Warranty**

### **Ind. Code §§ 26-1-2-313 and 26-1-2.1-210**

### **(On behalf of the Indiana Sub-Class)**

848.    Ford reasserts its answers to Paragraphs 1 through 847.

849.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 849.

850.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 850.

851.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 851.

852.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 852.

853.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 853.

854.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 854.

855.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 855.

856.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 856.

857.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 857.

858.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 858.

859.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 859.

860.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 860.

861.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 861.

862.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 862.

863.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 863.

864.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 864.

865.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 865.

866.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 866.

867.     Ford states that this claim was dismissed by the Court on March 29, 2024.
Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 867.

868.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 868.

869.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 869.

870.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 870.

871.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 871.

872.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 872.

873.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 873.

874.    Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 874.

## TWENTY-SECOND CAUSE OF ACTION

### Breach of the Implied Warranty of Merchantability

### Ind. Code §§ 26-1-2-314 and 26-1-2.1-212

### (On behalf of the Indiana Sub-Class)

875.    Ford reasserts its answers to Paragraphs 1 through 874.

876.    Ford admits, based on information and belief, that Plaintiffs Balaszek and Pickering seek to bring this cause of action individually and on behalf of a putative Indiana class.

877.    Ford admits that it is a "merchant" and "seller" with respect to at least some motor vehicles within the meaning of Ind. Code §§ 26-1-2-104(1) and 26-1-2.1-103(3) and Ind. Code § 26-1-2-103(1)(d).

878.    Ford denies the allegations contained in Paragraph 878.

879.    Ford admits that the putative Class Vehicles are "goods" as defined in Ind. Code §§ 26-1-2-105(1) and 26-1-2.1-103(1)(h).

880.    Ford admits the allegations contained in Paragraph 880 but avers that the implied

1   warranty of merchantability of some putative class members' vehicles may have been disclaimed

2   or otherwise limited by the terms of Ford's express, limited warranty.

3       881.    Ford admits that it sold certain vehicles through authorized dealers.  Ford is

4   without information sufficient to form a belief as to the truth of the remaining allegations

5   contained in Paragraph 881, and on that basis denies them.

6       882.    Ford admits that the sale of some putative class members' vehicles were

7   accompanied by an implied warranty of merchantability, which may have been disclaimed or

8   otherwise limited by the terms of Ford's express, limited warranty.

9       883.    Ford denies each allegation contained in Paragraph 883.

10      884.    Ford denies each allegation contained in Paragraph 884.

11      885.    Ford denies each allegation contained in Paragraph 885.

12      886.    Ford denies each allegation contained in Paragraph 886.

13      887.    Ford denies each allegation contained in Paragraph 887.

14      888.    Ford denies each allegation contained in Paragraph 888.

15      889.    Ford admits it received a letter from Plaintiff Balaszek dated December 8, 2020

16  and received on December 22, 2020, to which Ford responded on February 8, 2021, the contents

17  of which speak for itself.

18      890.    Ford denies each allegation contained in Paragraph 890.

19      891.    Ford denies each allegation contained in Paragraph 891.

20      892.    Ford denies each allegation contained in Paragraph 892.

21                    **TWENTY-THIRD CAUSE OF ACTION**

22            **Violations of the Kansas Consumer Protection Act,**

23                    **Kan. Stat. § 50-623, et seq.**

24                **(On Behalf of the Kansas Sub-Class)**

25      893.    Ford reasserts its answers to Paragraphs 1 through 892.

26      894.    Ford admits, based on information and belief, that Plaintiffs Craig and Kelli

27  Morford seek to bring this cause of action individually and on behalf of a putative Kansas class.

28      895.    Ford denies each allegation contained in Paragraph 895.

896. Ford admits that it is a "supplier" within the meaning of Kan. Stat. § 50-624(l) at least as to some motor vehicles.

897. Ford admits that the allegations contained in Paragraph 897 purports to include language from the Kansas CPA, Kan. Stat. §§ 50-624(b), 50-627(a), and avers that the statutes speak for themselves. Ford denies the remaining allegations contained in Paragraph 897.

898. Ford denies each allegation contained in Paragraph 898.

899. Ford denies each allegation contained in Paragraph 899.

900. Ford denies each allegation contained in Paragraph 900.

901. Ford denies each allegation contained in Paragraph 901.

902. Ford denies each allegation contained in Paragraph 902.

903. Ford denies each allegation contained in Paragraph 903.

904. Ford denies each allegation contained in Paragraph 904.

905. Ford denies each allegation contained in Paragraph 905.

906. Ford denies each allegation contained in Paragraph 906.

907. Ford is without information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 907, and on that basis denies those allegations. Ford denies the remaining allegations in Paragraph 907.

908. Ford denies each allegation contained in Paragraph 908, and each of its sub-parts.

909. Ford denies each allegation contained in Paragraph 909.

910. Ford denies each allegation contained in Paragraph 910.

911. Ford denies each allegation contained in Paragraph 911.

912. Ford denies each allegation contained in Paragraph 912.

913. Ford denies each allegation contained in Paragraph 913.

914. Ford denies each allegation contained in Paragraph 914.

915. Ford denies each allegation contained in Paragraph 915, except admits that Paragraph 915 describes the relief requested by Plaintiffs. Ford denies that they are entitled to such relief.

916. Ford denies each allegation contained in Paragraph 916, except admits that

1    Paragraph 916 describes the relief requested by Plaintiffs.  Ford denies that they are entitled to

2    such relief.

3    **TWENTY-FOURTH CAUSE OF ACTION**

4    **Breach of the Implied Warranty of Merchantability**

5    **Kan. Stat. §§ 84-2-314 and 84-2A-212**

6    **(On behalf of the Kansas Sub-Class)**

7    917.    Ford reasserts its answers to Paragraphs 1 through 916.

8    918.    Ford admits, based on information and belief, that Plaintiffs Craig and Kelli

9    Morford seek to bring this cause of action individually and on behalf of a putative Kansas class.

10   919.    Ford admits that it is a "merchant" and "seller" with respect to at least some motor

11   vehicles within the meaning of Kan. Stat. § 84-2-104(1) and § 84-2-103(1)(d).

12   920.    Ford denies each allegation contained in Paragraph 920.

13   921.    Ford admits that the putative class vehicles are "goods" under Kan. Stat. § 84-2-

14   105(1) and Kan. Stat. § 84-2A-103(1)(h).

15   922.    Ford admits the allegations contained in Paragraph 922 but avers that the implied

16   warranty of merchantability of some putative class members' vehicles may have been disclaimed

17   or otherwise limited by the terms of Ford's express, limited warranty.

18   923.    Ford admits that it sold certain vehicles through authorized dealers.  Ford is

19   without information sufficient to form a belief as to the truth of the remaining allegations

20   contained in Paragraph 923, and on that basis denies them.

21   924.    Ford admits that the sale of some putative class members' vehicles were

22   accompanied by an implied warranty of merchantability, which may have been disclaimed or

23   otherwise limited by the terms of Ford's express, limited warranty.

24   925.    Ford denies each allegation contained in Paragraph 925.

25   926.    Ford denies each allegation contained in Paragraph 926.

26   927.    Ford denies each allegation contained in Paragraph 927.

27   928.    Ford denies each allegation contained in Paragraph 928.

28   929.    Ford denies each allegation contained in Paragraph 929.

1    930.    Ford denies each allegation contained in Paragraph 930.

2    931.    Ford denies each allegation contained in Paragraph 931.

3    932.    Ford denies each allegation contained in Paragraph 932.

4    **TWENTY-FIFTH CAUSE OF ACTION**

5    **Violations of the Maryland Consumer Protection Act,**

6    **Md. Code Ann., Com. Law § 13-101, et seq.**

7    **(On Behalf of the Maryland Sub-Class)**

8    933.    Ford reasserts its answers to Paragraphs 1 through 932.

9    934.    Ford admits, based on information and belief, that Plaintiffs Aaron and Victoria

10    Manfra seek to bring this cause of action individually and on behalf of a putative Maryland class.

11    935.    Ford admits that Ford is a "person" as defined in Md. Code Ann., Com. Law § 13-

12    101(h).

13    936.    Ford admits that the allegations contained in Paragraph 936 include language from

14    the Maryland CPA, Md. Code Ann., Com. Law §§ 13-301, 13-302, and avers that the statutes

15    speak for themselves.  Ford denies the remaining allegations contained in Paragraph 936.

16    937.    Ford denies each allegation contained in Paragraph 937.

17    938.    Ford denies each allegation contained in Paragraph 938.

18    939.    Ford denies each allegation contained in Paragraph 939.

19    940.    Ford denies each allegation contained in Paragraph 940.

20    941.    Ford denies each allegation contained in Paragraph 941.

21    942.    Ford denies each allegation contained in Paragraph 942.

22    943.    Ford denies each allegation contained in Paragraph 943.

23    944.    Ford denies each allegation contained in Paragraph 944.

24    945.    Ford denies each allegation contained in Paragraph 945.

25    946.    Ford is without information sufficient to form a belief as to the truth of the

26    allegations contained in the first sentence of Paragraph 946, and on that basis denies those

27    allegations.  Ford denies the remaining allegations in Paragraph 946.

28    947.    Ford denies each allegation contained in Paragraph 947, and each of its sub-parts.

1    948.    Ford denies each allegation contained in Paragraph 948.

2    949.    Ford denies each allegation contained in Paragraph 949.

3    950.    Ford denies each allegation contained in Paragraph 950.

4    951.    Ford denies each allegation contained in Paragraph 951.

5    952.    Ford denies each allegation contained in Paragraph 952.

6    953.    Ford admits it received a letter on behalf of the Manfras on December 18, 2020, to

7    which Ford responded on February 8, 2021, and avers that content of which speaks for itself.

8    954.    Ford denies each allegation contained in Paragraph 954, except admits that

9    Paragraph 954 describes the relief requested by Plaintiffs.  Ford denies that Plaintiffs are entitled

10    to such relief.

11    **<u>TWENTY-SIXTH CAUSE OF ACTION</u>**

12    **Breach of the Implied Warranty of Merchantability**

13    **Md. Com. Law §§ 2-314 and 2A-212**

14    **(On behalf of the Maryland Sub-Class)**

15    955.    Ford reasserts its answers to Paragraphs 1 through 954.

16    956.    Ford admits, based on information and belief, that Plaintiffs Aaron and Victoria

17    Manfra seek to bring this cause of action individually and on behalf of a putative Maryland class.

18    957.    Ford admits that it is a "merchant" and "seller" with respect to at least some motor

19    vehicles within the meaning of Md. Com. Law §§ 2-104(1) and 2A-103(3) and § 2-103(1)(d).

20    958.    Ford denies each allegation contained in Paragraph 958.

21    959.    Ford admits that the putative class vehicles are "goods" as defined in Md. Com.

22    Law §§ 2-105(1) and 2A-103(1)(h).

23    960.    Ford admits the allegations contained in Paragraph 960 but avers that the implied

24    warranty of merchantability of some putative class members' vehicles may have been disclaimed

25    or otherwise limited by the terms of Ford's express, limited warranty.

26    961.    Ford admits that it sold certain vehicles through authorized dealers.  Ford is

27    without information sufficient to form a belief as to the truth of the remaining allegations

28    contained in Paragraph 961, and on that basis denies them.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1      962.    Ford admits that the sale of some putative class members' vehicles were

2  accompanied by an implied warranty of merchantability, which may have been disclaimed or

3  otherwise limited by the terms of Ford's express, limited warranty.

4      963.    Ford denies each allegation contained in Paragraph 963.

5      964.    Ford denies each allegation contained in Paragraph 964.

6      965.    Ford denies each allegation contained in Paragraph 965.

7      966.    Ford denies each allegation contained in Paragraph 966.

8      967.    Ford denies each allegation contained in Paragraph 967.

9      968.    Ford denies each allegation contained in Paragraph 968.

10     969.    Ford denies each allegation contained in Paragraph 969.

11     970.    Ford denies each allegation contained in Paragraph 970.

12                   **TWENTY-SEVENTH CAUSE OF ACTION**

13           **Violations of the Michigan Consumer Protection Law,**

14               **Mich. Comp. Laws § 445.903, et seq.**

15             **(On Behalf of the Michigan Sub-Class)**

16     971.    Ford reasserts its answers to Paragraphs 1 through 970.

17     972.    Ford states that this claim was dismissed by the Court on March 29, 2024.

18  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 972.

19     973.    Ford states that this claim was dismissed by the Court on March 29, 2024.

20  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 973.

21     974.    Ford states that this claim was dismissed by the Court on March 29, 2024.

22  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 974.

23     975.    Ford states that this claim was dismissed by the Court on March 29, 2024.

24  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 975.

25     976.    Ford states that this claim was dismissed by the Court on March 29, 2024.

26  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 976.

27     977.    Ford states that this claim was dismissed by the Court on March 29, 2024.

28  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 977.

1    978.    Ford states that this claim was dismissed by the Court on March 29, 2024.

2 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 978.

3    979.    Ford states that this claim was dismissed by the Court on March 29, 2024.

4 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 979.

5    980.    Ford states that this claim was dismissed by the Court on March 29, 2024.

6 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 980.

7    981.    Ford states that this claim was dismissed by the Court on March 29, 2024.

8 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 981.

9    982.    Ford states that this claim was dismissed by the Court on March 29, 2024.

10 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 982.

11    983.    Ford states that this claim was dismissed by the Court on March 29, 2024.

12 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 983.

13    984.    Ford states that this claim was dismissed by the Court on March 29, 2024.

14 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 984.

15    985.    Ford states that this claim was dismissed by the Court on March 29, 2024.

16 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 985.

17    986.    Ford states that this claim was dismissed by the Court on March 29, 2024.

18 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 986.

19    987.    Ford states that this claim was dismissed by the Court on March 29, 2024.

20 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 987.

21    988.    Ford states that this claim was dismissed by the Court on March 29, 2024.

22 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 988.

23    989.    Ford states that this claim was dismissed by the Court on March 29, 2024.

24 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 989.

25    990.    Ford states that this claim was dismissed by the Court on March 29, 2024.

26 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 990.

27    991.    Ford states that this claim was dismissed by the Court on March 29, 2024.

28 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 991.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1    992.    Ford states that this claim was dismissed by the Court on March 29, 2024.

2    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 992.

3    993.    Ford states that this claim was dismissed by the Court on March 29, 2024.

4    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 993.

5                          **TWENTY-EIGHTH CAUSE OF ACTION**

6                          **Breach of Express Warranty**

7                    **Mich. Comp. Laws §§ 440.2313 and 440.2860**

8                        **(On behalf of the Michigan Sub-Class)**

9    994.    Ford reasserts its answers to Paragraphs 1 through 993.

10    995.    Ford states that this claim was dismissed by the Court on March 29, 2024.

11    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 995.

12    996.    Ford states that this claim was dismissed by the Court on March 29, 2024.

13    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 996.

14    997.    Ford states that this claim was dismissed by the Court on March 29, 2024.

15    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 997.

16    998.    Ford states that this claim was dismissed by the Court on March 29, 2024.

17    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 998.

18    999.    Ford states that this claim was dismissed by the Court on March 29, 2024.

19    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 999.

20    1000.    Ford states that this claim was dismissed by the Court on March 29, 2024.

21    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1000.

22    1001.    Ford states that this claim was dismissed by the Court on March 29, 2024.

23    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1001.

24    1002.    Ford states that this claim was dismissed by the Court on March 29, 2024.

25    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1002.

26    1003.    Ford states that this claim was dismissed by the Court on March 29, 2024.

27    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1003.

28    1004.    Ford states that this claim was dismissed by the Court on March 29, 2024.

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1004.

2        1005.   Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1005.

4        1006.   Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1006.

6        1007.   Ford states that this claim was dismissed by the Court on March 29, 2024.

7    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1007.

8        1008.   Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1008.

10        1009.   Ford states that this claim was dismissed by the Court on March 29, 2024.

11    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1009.

12        1010.   Ford states that this claim was dismissed by the Court on March 29, 2024.

13    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1010.

14        1011.   Ford states that this claim was dismissed by the Court on March 29, 2024.

15    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1011.

16        1012.   Ford states that this claim was dismissed by the Court on March 29, 2024.

17    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1012.

18        1013.   Ford states that this claim was dismissed by the Court on March 29, 2024.

19    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1013.

20        1014.   Ford states that this claim was dismissed by the Court on March 29, 2024.

21    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1014.

22        1015.   Ford states that this claim was dismissed by the Court on March 29, 2024.

23    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1015.

24        1016.   Ford states that this claim was dismissed by the Court on March 29, 2024.

25    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1016.

26        1017.   Ford states that this claim was dismissed by the Court on March 29, 2024.

27    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1017.

28        1018.   Ford states that this claim was dismissed by the Court on March 29, 2024.

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1018.

2           1019.   Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1019.

4           1020.   Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1020.

6    **<u>TWENTY-NINTH CAUSE OF ACTION</u>**

7    **Breach of the Implied Warranty of Merchantability**

8    **Mich. Comp. Laws §§ 440.2314 and 440.2860**

9    **(On behalf of the Michigan Sub-Class)**

10           1021.   Ford reasserts its answers to Paragraphs 1 through 1020.

11           1022.   Ford admits, based on information and belief, that Plaintiffs Goodrich and Metro

12    seek to bring this cause of action individually and on behalf of a putative Michigan class.

13           1023.   Ford admits that it is a "merchant" and "seller" with respect to at least some motor

14    vehicles within the meaning of Mich. Comp. Laws §§ 440.2104(1) and § 440.2103(1)(c).

15           1024.   Ford denies each allegation contained in Paragraph 1024.

16           1025.   Ford admits that the putative class vehicles are "goods" as defined in Mich. Comp.

17    Laws §§ 440.2105(1) and 440.2803(1)(h).

18           1026.   Ford admits the allegations contained in Paragraph 1026 but avers that the implied

19    warranty of merchantability of some putative class members' vehicles may have been disclaimed

20    or otherwise limited by the terms of Ford's express, limited warranty.

21           1027.   Ford admits that it sold certain vehicles through authorized dealers.  Ford is

22    without information sufficient to form a belief as to the truth of the remaining allegations

23    contained in Paragraph 1027, and on that basis denies those allegations.

24           1028.   Ford admits that the sale of some putative class members' vehicles were

25    accompanied by an implied warranty of merchantability, which may have been disclaimed or

26    otherwise limited by the terms of Ford's express, limited warranty.

27           1029.   Ford denies each allegation contained in Paragraph 1029.

28           1030.   Ford denies each allegation contained in Paragraph 1030.

1    1031.  Ford denies each allegation contained in Paragraph 1031.

2    1032.  Ford denies each allegation contained in Paragraph 1032.

3    1033.  Ford denies each allegation contained in Paragraph 1033.

4    1034.  Ford denies each allegation contained in Paragraph 1034.

5    1035.  Ford denies each allegation contained in Paragraph 1035.

6    1036.  Ford denies each allegation contained in Paragraph 1036.

7    **THIRTIETH CAUSE OF ACTION**

8    **Violations of the Minnesota Prevention of Consumer Fraud Act,**

9    **Minn. Stat.§ 325F.68, et seq.**

10    **(On Behalf of the Minnesota Sub-Class)**

11    1037.  Ford reasserts its answers to Paragraphs 1 through 1036.

12    1038.  Ford admits, based on information and belief, that Plaintiffs Simonds and Kennedy

13    seek to bring this cause of action individually and on behalf of a putative Minnesota class.

14    1039.  Ford admits that the putative class vehicles are "merchandise" as defined in Minn.

15    Stat. § 325F.68.

16    1040.  Ford admits that the first sentence of Paragraph 1040 purports to quote portions of

17    Minn. Stat. § 3 25F.69(1), which statute speaks for itself.  Ford denies each other allegation

18    contained in Paragraph 1040.

19    1041.  Ford denies each allegation contained in Paragraph 1041.

20    1042.  Ford denies each allegation contained in Paragraph 1042.

21    1043.  Ford denies each allegation contained in Paragraph 1043.

22    1044.  Ford denies each allegation contained in Paragraph 1044.

23    1045.  Ford denies each allegation contained in Paragraph 1045.

24    1046.  Ford denies each allegation contained in Paragraph 1046.

25    1047.  Ford denies each allegation contained in Paragraph 1047.

26    1048.  Ford denies each allegation contained in Paragraph 1048.

27    1049.  Ford denies each allegation contained in Paragraph 1049.

28    1050.  Ford is without information sufficient to form a belief as to the truth of the

1  allegations contained in the first sentence of Paragraph 1050, and on that basis denies those

2  allegations.  Ford denies the remaining allegations in Paragraph 1050.

3    1051.  Ford denies each allegation contained in Paragraph 1051, and each of its sub-parts.

4    1052.  Ford denies each allegation contained in Paragraph 1052.

5    1053.  Ford denies each allegation contained in Paragraph 1053.

6    1054.  Ford denies each allegation contained in Paragraph 1054.

7    1055.  Ford denies each allegation contained in Paragraph 1055.

8    1056.  Ford denies each allegation contained in Paragraph 1056.

9    1057.  Ford denies each allegation contained in Paragraph 1057.

10    1058.  Ford admits that Plaintiff Simons sent a letter to Ford dated May 19, 2021, which

11  Ford received on May 24, 2021 and responded to on June 23, 2021.  Ford further admits that

12  Plaintiff Kennedy sent a letter to Ford dated August 26, 2022, which Ford received on August 30,

13  2022 and responded to on September 9, 2022.

14    1059.  Ford denies each allegation contained in Paragraph 1059, except admits that

15  Paragraph 1059 describes the relief requested by Plaintiffs.  Ford denies that Plaintiffs are entitled

16  to such relief.

17    1060.  Ford denies each allegation contained in Paragraph 1060, except admits that

18  Paragraph 1060 describes the relief requested by Plaintiffs.  Ford denies that Plaintiffs are entitled

19  to such relief.

20  **THIRTY-FIRST CAUSE OF ACTION**

21  **Violations of the Minnesota Deceptive Trade Practices Act,**

22  **Minn. Stat. § 325D.43-48, et seq.**

23  **(On Behalf of the Minnesota Sub-Class)**

24    1061.  Ford reasserts its answers to Paragraphs 1 through 1060.

25    1062.  Ford admits, based on information and belief, that Plaintiffs Simonds and Kennedy

26  seek to bring this cause of action individually and on behalf of a putative Minnesota class.

27    1063.  Ford admits that the putative class vehicles are "merchandise" within the meaning

28  of Minn. Stat. § 325F.68.

1064.   Ford admits that the first sentence of Paragraph 1064 purports to quote portions of the Minnesota DTPA, Minn. Stat. § 325D.44, which statute speaks for itself.  Ford denies the remaining allegations contained in Paragraph 1064.

1065.   Ford denies each allegation contained in Paragraph 1065.

1066.   Ford denies each allegation contained in Paragraph 1066.

1067.   Ford denies each allegation contained in Paragraph 1067.

1068.   Ford denies each allegation contained in Paragraph 1068.

1069.   Ford denies each allegation contained in Paragraph 1069.

1070.   Ford denies each allegation contained in Paragraph 1070.

1071.   Ford denies each allegation contained in Paragraph 1071.

1072.   Ford denies each allegation contained in Paragraph 1072.

1073.   Ford denies each allegation contained in Paragraph 1073.

1074.   Ford is without information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1074, and on that basis denies those allegations.  Ford denies the remaining allegations in Paragraph 1074.

1075.   Ford denies each allegation contained in Paragraph 1075, and each of its sub-parts.

1076.   Ford denies each allegation contained in Paragraph 1076.

1077.   Ford denies each allegation contained in Paragraph 1077.

1078.   Ford denies each allegation contained in Paragraph 1078.

1079.   Ford denies each allegation contained in Paragraph 1079.

1080.   Ford denies each allegation contained in Paragraph 1080.

1081.   Ford admits that Plaintiff Simons sent a letter to Ford dated May 19, 2013, which Ford received on May 24, 2021 and responded to on June 23, 2021.  Ford further admits that Plaintiff Kennedy sent a letter to Ford dated August 26, 2022, which Ford received on August 30, 2022 and responded to on September 9, 2022.

1082.   Ford denies each allegation contained in Paragraph 1082, except admits that Paragraph 1082 describes the relief requested by Plaintiffs.  Ford denies that Plaintiffs are entitled to such relief.

1083.   Ford denies each allegation contained in Paragraph 1083, except admits that Paragraph 108.3 describes the relief requested by Plaintiffs.  Ford denies that Plaintiffs are entitled to such relief.

### THIRTY-SECOND CAUSE OF ACTION

**Violations of the Minnesota False Statement in Advertising Act,**

**Minn. Stat. § 325F.67, et seq.**

**(On Behalf of the Minnesota Sub-Class)**

1084.   Ford reasserts its answers to Paragraphs 1 through 1083.

1085.   Ford admits, based on information and belief, that Plaintiffs Simonds and Kennedy seek to bring this cause of action individually and on behalf of a putative Minnesota class.

1086.   Ford admits that the first sentence of Paragraph 1096 purports to quote portions of the Minnesota FSAA, Minn. Stat. Ann. § 325F.67, which statute speaks for itself.  Ford denies the remaining allegations contained in Paragraph 1086.

1087.   Ford denies each allegation contained in Paragraph 1087.

1088.   Ford denies each allegation contained in Paragraph 1088.

1089.   Ford denies each allegation contained in Paragraph 1089.

1090.   Ford denies each allegation contained in Paragraph 1090.

1091.   Ford denies each allegation contained in Paragraph 1091.

1092.   Ford denies each allegation contained in Paragraph 1092.

1093.   Ford denies each allegation contained in Paragraph 1093.

1094.   Ford denies each allegation contained in Paragraph 1094.

1095.   Ford denies each allegation contained in Paragraph 1095.

1096.   Ford is without information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1096, and on that basis denies those allegations.  Ford denies the remaining allegations in Paragraph 1096.

1097.   Ford denies each allegation contained in Paragraph 1097, and each of its sub-parts.

1098.   Ford denies each allegation contained in Paragraph 1098.

1099.   Ford denies each allegation contained in Paragraph 1099.

1    1100.   Ford denies each allegation contained in Paragraph 1100.

2    1101.   Ford denies each allegation contained in Paragraph 1101.

3    1102.   Ford denies each allegation contained in Paragraph 1102.

4    1103.   Ford denies each allegation contained in Paragraph 1103.

5    1104.   Ford admits that Plaintiff Simons sent a letter to Ford dated May 19, 2021, which

6    Ford received on May 24, 2021 and responded to on June 23, 2021.  Ford further admits that

7    Plaintiff Kennedy sent a letter to Ford dated August 26, 2022, which Ford received on August 30,

8    2022 and responded to on September 9, 2022.

9    1105.   Ford denies each allegation contained in Paragraph 1105, except admits that

10   Paragraph 1105 describes the relief requested by Plaintiffs.  Ford denies that Plaintiffs are entitled

11   to such relief.

12   1106.   Ford denies each allegation contained in Paragraph 1106, except admits that

13   Paragraph 1106 describes the relief requested by Plaintiffs.  Ford denies that Plaintiffs are entitled

14   to such relief.

15                    **THIRTY-THIRD CAUSE OF ACTION**

16                      **Breach of Express Warranty**

17                  **Minn. Stat. §§ 336.2-313 and 336.2A-210**

18                  **(On behalf of the Minnesota Sub-Class)**

19   1107.   Ford reasserts its answers to Paragraphs 1 through 1106.

20   1108.   Ford states that this claim was dismissed by the Court on March 29, 2024.

21   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1108.

22   1109.   Ford states that this claim was dismissed by the Court on March 29, 2024.

23   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1109.

24   1110.   Ford states that this claim was dismissed by the Court on March 29, 2024.

25   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1110.

26   1111.   Ford states that this claim was dismissed by the Court on March 29, 2024.

27   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1111.

28   1112.   Ford states that this claim was dismissed by the Court on March 29, 2024.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1112.

2        1113.   Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1113.

4        1114.   Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1114.

6        1115.   Ford states that this claim was dismissed by the Court on March 29, 2024.

7    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1115.

8        1116.   Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1116.

10       1117.   Ford states that this claim was dismissed by the Court on March 29, 2024.

11   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1117.

12       1118.   Ford states that this claim was dismissed by the Court on March 29, 2024.

13   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1118.

14       1119.   Ford states that this claim was dismissed by the Court on March 29, 2024.

15   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1119.

16       1120.   Ford states that this claim was dismissed by the Court on March 29, 2024.

17   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1120.

18       1121.   Ford states that this claim was dismissed by the Court on March 29, 2024.

19   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1121.

20       1122.   Ford states that this claim was dismissed by the Court on March 29, 2024.

21   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1122.

22       1123.   Ford states that this claim was dismissed by the Court on March 29, 2024.

23   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1123.

24       1124.   Ford states that this claim was dismissed by the Court on March 29, 2024.

25   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1124.

26       1125.   Ford states that this claim was dismissed by the Court on March 29, 2024.

27   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1125.

28       1126.   Ford states that this claim was dismissed by the Court on March 29, 2024.

1  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1126.

2       1127.  Ford states that this claim was dismissed by the Court on March 29, 2024.

3  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1127.

4       1128.  Ford states that this claim was dismissed by the Court on March 29, 2024.

5  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1128.

6       1129.  Ford states that this claim was dismissed by the Court on March 29, 2024.

7  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1129.

8       1130.  Ford states that this claim was dismissed by the Court on March 29, 2024.

9  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1130.

10       1131.  Ford states that this claim was dismissed by the Court on March 29, 2024.

11  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1131.

12       1132.  Ford states that this claim was dismissed by the Court on March 29, 2024.

13  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1132.

14       1133.  Ford states that this claim was dismissed by the Court on March 29, 2024.

15  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1133.

16  <div align="center">**<u>THIRTY-FOURTH CAUSE OF ACTION</u>**</div>

17  <div align="center">**Breach of the Implied Warranty of Merchantability**</div>

18  <div align="center">**Minn. Stat. §§ 336.2-314 and 336.2A-212**</div>

19  <div align="center">**(On behalf of the Minnesota Sub-Class)**</div>

20       1134.  Ford reasserts its answers to Paragraphs 1 through 1133.

21       1135.  Ford states that this claim was dismissed by the Court on March 29, 2024.

22  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1135.

23       1136.  Ford states that this claim was dismissed by the Court on March 29, 2024.

24  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1136.

25       1137.  Ford states that this claim was dismissed by the Court on March 29, 2024.

26  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1137.

27       1138.  Ford states that this claim was dismissed by the Court on March 29, 2024.

28  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1138.

1       1139.   Ford states that this claim was dismissed by the Court on March 29, 2024.

2 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1139.

3       1140.   Ford states that this claim was dismissed by the Court on March 29, 2024.

4 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1140.

5       1141.   Ford states that this claim was dismissed by the Court on March 29, 2024.

6 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1141.

7       1142.   Ford states that this claim was dismissed by the Court on March 29, 2024.

8 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1142.

9       1143.   Ford states that this claim was dismissed by the Court on March 29, 2024.

10 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1143.

11       1144.   Ford states that this claim was dismissed by the Court on March 29, 2024.

12 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1144.

13       1145.   Ford states that this claim was dismissed by the Court on March 29, 2024.

14 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1145.

15       1146.   Ford states that this claim was dismissed by the Court on March 29, 2024.

16 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1146.

17       1147.   Ford states that this claim was dismissed by the Court on March 29, 2024.

18 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1147.

19       1148.   Ford states that this claim was dismissed by the Court on March 29, 2024.

20 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1148.

21       1149.   Ford states that this claim was dismissed by the Court on March 29, 2024.

22 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1149.

23       1150.   Ford states that this claim was dismissed by the Court on March 29, 2024.

24 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1150.

25       1151.   Ford states that this claim was dismissed by the Court on March 29, 2024.

26 Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1151.

27                                    **THIRTY-FIFTH CAUSE OF ACTION**

28                              **Violation of the New Jersey Consumer Fraud Act**

1    **N.J. Stat. Ann. §§ 56:8-1, et seq.**

2    **(On behalf of the New Jersey Sub-Class)**

3    1152.   Ford reasserts its answers to Paragraphs 1 through 1151.

4    1153.   Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1153.

6    1154.   Ford states that this claim was dismissed by the Court on March 29, 2024.

7    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1154.

8    1155.   Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1155.

10   1156.   Ford states that this claim was dismissed by the Court on March 29, 2024.

11   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1156.

12   1157.   Ford states that this claim was dismissed by the Court on March 29, 2024.

13   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1157.

14   1158.   Ford states that this claim was dismissed by the Court on March 29, 2024.

15   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1158.

16   1159.   Ford states that this claim was dismissed by the Court on March 29, 2024.

17   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1159.

18   1160.   Ford states that this claim was dismissed by the Court on March 29, 2024.

19   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1160.

20   1161.   Ford states that this claim was dismissed by the Court on March 29, 2024.

21   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1161.

22   1162.   Ford states that this claim was dismissed by the Court on March 29, 2024.

23   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1162.

24   1163.   Ford states that this claim was dismissed by the Court on March 29, 2024.

25   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1163.

26   1164.   Ford states that this claim was dismissed by the Court on March 29, 2024.

27   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1164.

28   1165.   Ford states that this claim was dismissed by the Court on March 29, 2024.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1165.

2         1166.  Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1166.

4         1167.  Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1167.

6         1168.  Ford states that this claim was dismissed by the Court on March 29, 2024.

7    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1168.

8         1169.  Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1169.

10        1170.  Ford states that this claim was dismissed by the Court on March 29, 2024.

11    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1170.

12        1171.  Ford states that this claim was dismissed by the Court on March 29, 2024.

13    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1171.

14        1172.  Ford states that this claim was dismissed by the Court on March 29, 2024.

15    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1172.

16        1173.  Ford states that this claim was dismissed by the Court on March 29, 2024.

17    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1173.

18        1174.  Ford states that this claim was dismissed by the Court on March 29, 2024.

19    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1174.

20                    **THIRTY-SIXTH CAUSE OF ACTION**

21    **Violations of the North Carolina Unfair and Deceptive Acts and Practices Act,**

22                    **N.C. Gen. Stat. § 75-1.1, et seq.**

23                 **(On Behalf of the North Carolina Sub-Class)**

24        1175.  Ford reasserts its answers to Paragraphs 1 through 1174.

25        1176.  Ford admits, based on information and belief, that Plaintiff Pirog seeks to bring

26    this cause of action individually and on behalf of a putative North Carolina class.

27        1177.  Ford admits the allegations contained in Paragraph 1177.

28        1178.  Ford admits that the allegations contained in Paragraph 1178 include language

1    from the North Carolina UDTPA, N.C. Gen. Stat. § 75-1.1(a), and avers that the statute speaks for

2    itself.  Ford denies the remaining allegations contained in Paragraph 1178.

3        1179.   Ford denies each allegation contained in Paragraph 1179.

4        1180.   Ford denies each allegation contained in Paragraph 1180.

5        1181.   Ford denies each allegation contained in Paragraph 1181.

6        1182.   Ford denies each allegation contained in Paragraph 1182.

7        1183.   Ford denies each allegation contained in Paragraph 1183.

8        1184.   Ford denies each allegation contained in Paragraph 1184.

9        1185.   Ford denies each allegation contained in Paragraph 1185.

10       1186.   Ford denies each allegation contained in Paragraph 1186.

11       1187.   Ford denies each allegation contained in Paragraph 1187.

12       1188.   Ford is without information sufficient to form a belief as to the truth of the

13   allegations contained in the first sentence of Paragraph 1188, and on that basis denies those

14   allegations.  Ford denies the remaining allegations in Paragraph 1188.

15       1189.   Ford denies each allegation contained in Paragraph 1189, and each of its sub-parts.

16       1190.   Ford denies each allegation contained in Paragraph 1190.

17       1191.   Ford denies each allegation contained in Paragraph 1191.

18       1192.   Ford denies each allegation contained in Paragraph 1192.

19       1193.   Ford denies each allegation contained in Paragraph 1193.

20       1194.   Ford denies each allegation contained in Paragraph 1194.

21       1195.   Ford admits that Plaintiff Pirog sent a letter to Ford dated January 26 2021, which

22   Ford received on February 1, 2021, and responded to on February 8, 2021.

23       1196.   Ford denies each allegation contained in Paragraph 1196.

24       1197.   Ford denies each allegation contained in Paragraph 1197, except admits that

25   Paragraph 1197 describes the relief requested by Plaintiffs.  Ford denies that Plaintiffs are entitled

26   to such relief.

27                    **THIRTY-SEVENTH CAUSE OF ACTION**

28                       **Breach of Express Warranty**

**N.C. Gen. Stat. §§ 26-1-2-313 and 26-1-2.1-210**

**(On behalf of the North Carolina Sub-Class)**

1198.   Ford reasserts its answers to Paragraphs 1 through 1197.

1199.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1199.

1200.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1200.

1201.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1201.

1202.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1202.

1203.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1203.

1204.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1204.

1205.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1205.

1206.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1206.

1207.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1207.

1208.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1208.

1209.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1209.

1210.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1210.

1211.   Ford states that this claim was dismissed by the Court on March 29, 2024.

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1211.

2          1212.   Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1212.

4          1213.   Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1213.

6          1214.   Ford states that this claim was dismissed by the Court on March 29, 2024.

7    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1214.

8          1215.   Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1215.

10          1216.   Ford states that this claim was dismissed by the Court on March 29, 2024.

11    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1216.

12          1217.   Ford states that this claim was dismissed by the Court on March 29, 2024.

13    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1217.

14          1218.   Ford states that this claim was dismissed by the Court on March 29, 2024.

15    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1218.

16          1219.   Ford states that this claim was dismissed by the Court on March 29, 2024.

17    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1219.

18          1220.   Ford states that this claim was dismissed by the Court on March 29, 2024.

19    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1220.

20          1221.   Ford states that this claim was dismissed by the Court on March 29, 2024.

21    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1221.

22          1222.   Ford states that this claim was dismissed by the Court on March 29, 2024.

23    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1222.

24          1223.   Ford states that this claim was dismissed by the Court on March 29, 2024.

25    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1223.

26          1224.   Ford states that this claim was dismissed by the Court on March 29, 2024.

27    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1224.

28                         **THIRTY-EIGHTH CAUSE OF ACTION**

**Breach of the Implied Warranty of Merchantability**

**N.C. Gen. Stat. §§ 26-1-2-314 and 26-1-2.1-212**

**(On behalf of the North Carolina Sub-Class)**

1225.   Ford reasserts its answers to Paragraphs 1 through 1224.

1226.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1226.

1227.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1227.

1228.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1228.

1229.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1229.

1230.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1230.

1231.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1231.

1232.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1232.

1233.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1233.

1234.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1234.

1235.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1235.

1236.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1236.

1237.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1237.

1    1238.   Ford states that this claim was dismissed by the Court on March 29, 2024.

2    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1238.

3    1239.   Ford states that this claim was dismissed by the Court on March 29, 2024.

4    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1239.

5    1240.   Ford states that this claim was dismissed by the Court on March 29, 2024.

6    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1240.

7    1241.   Ford states that this claim was dismissed by the Court on March 29, 2024.

8    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1241.

9    1242.   Ford states that this claim was dismissed by the Court on March 29, 2024.

10    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1242.

11    **THIRTY-NINTH CAUSE OF ACTION**

12    **Violations of the Washington Consumer Protection Act,**

13    **Wash. Rev. Code § 19.86.010, et seq.**

14    **(On Behalf of the Washington Sub-Class)**

15    1243.   Ford reasserts its answers to Paragraphs 1 through 1242.

16    1244.   Ford admits, based on information and belief, that Plaintiffs Damm and Gates seek

17    to bring this cause of action individually and on behalf of a putative Washington class.

18    1245.   Ford admits the allegations contained in Paragraph 1245 as to Ford and

19    Washington Plaintiffs.  Ford is without information sufficient to form a belief as to the truth of

20    the allegations contained in Paragraph 1245 as to the Washington Sub-Class Members, and on

21    that basis denies those allegations, although some putative class members would likely meet that

22    definition and others would not.

23    1246.   Ford admits that it participates in "trade" or "commerce" as defined by Wash. Rev.

24    Code § 19.86.010.  Ford denies the remaining allegations contained in Paragraph 1246.

25    1247.   Ford admits that the allegations contained in Paragraph 1247 include language

26    from the Washington Consumer Protection Act ("Washington CPA"), Wash. Rev. Code §

27    19.86.020, which statute speaks for itself.  Ford denies the remaining allegations contained in

28    Paragraph 1247.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1248.  Ford denies each allegation contained in Paragraph 1248.

1249.  Ford denies each allegation contained in Paragraph 1249.

1250.  Ford denies each allegation contained in Paragraph 1250.

1251.  Ford denies each allegation contained in Paragraph 1251.

1252.  Ford denies each allegation contained in Paragraph 1252.

1253.  Ford denies each allegation contained in Paragraph 1253.

1254.  Ford denies each allegation contained in Paragraph 1254.

1255.  Ford denies each allegation contained in Paragraph 1255.

1256.  Ford denies each allegation contained in Paragraph 1256.

1257.  Ford is without information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1257, and on that basis denies those allegations.  Ford denies the remaining allegations in Paragraph 1257.

1258.  Ford denies each allegation contained in Paragraph 1258, and each of its sub-parts.

1259.  Ford denies each allegation contained in Paragraph 1259.

1260.  Ford denies each allegation contained in Paragraph 1260.

1261.  Ford denies each allegation contained in Paragraph 1261.

1262.  Ford denies each allegation contained in Paragraph 1262.

1263.  Ford denies each allegation contained in Paragraph 1263.

1264.  Ford denies each allegation contained in Paragraph 1264.

1265.  Ford denies each allegation contained in Paragraph 1265, except Ford admits that Paragraph 1265, describes the relief requested by Plaintiffs.  Ford denies that they are entitled to such relief.

### **FORTIETH CAUSE OF ACTION**

**Breach of Express Warranty**

**Wash. Rev. Code §§ 62A.2-313 and 62A.2A-210**

**(On behalf of the Washington Sub-Class)**

1266.  Ford reasserts its answers to Paragraphs 1 through 1265.

1267.  Ford states that this claim was dismissed by the Court on March 29, 2024.

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1267.

2          1268.   Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1268.

4          1269.   Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1269.

6          1270.   Ford states that this claim was dismissed by the Court on March 29, 2024.

7    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1270.

8          1271.   Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1271.

10         1272.   Ford states that this claim was dismissed by the Court on March 29, 2024.

11   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1272.

12         1273.   Ford states that this claim was dismissed by the Court on March 29, 2024.

13   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1273.

14         1274.   Ford states that this claim was dismissed by the Court on March 29, 2024.

15   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1274.

16         1275.   Ford states that this claim was dismissed by the Court on March 29, 2024.

17   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1275.

18         1276.   Ford states that this claim was dismissed by the Court on March 29, 2024.

19   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1276.

20         1277.   Ford states that this claim was dismissed by the Court on March 29, 2024.

21   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1277.

22         1278.   Ford states that this claim was dismissed by the Court on March 29, 2024.

23   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1278.

24         1279.   Ford states that this claim was dismissed by the Court on March 29, 2024.

25   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1279.

26         1280.   Ford states that this claim was dismissed by the Court on March 29, 2024.

27   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1280.

28         1281.   Ford states that this claim was dismissed by the Court on March 29, 2024.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1281.

2    1282.   Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1282.

4    1283.   Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1283.

6    1284.   Ford states that this claim was dismissed by the Court on March 29, 2024.

7    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1284.

8    1285.   Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1285.

10   1286.   Ford states that this claim was dismissed by the Court on March 29, 2024.

11   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1286.

12   1287.   Ford states that this claim was dismissed by the Court on March 29, 2024.

13   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1287.

14   1288.   Ford states that this claim was dismissed by the Court on March 29, 2024.

15   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1288.

16   1289.   Ford states that this claim was dismissed by the Court on March 29, 2024.

17   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1289.

18   1290.   Ford states that this claim was dismissed by the Court on March 29, 2024.

19   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1290.

20   1291.   Ford states that this claim was dismissed by the Court on March 29, 2024.

21   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1291.

22   1292.   Ford states that this claim was dismissed by the Court on March 29, 2024.

23   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1292.

24   **FORTY-FIRST CAUSE OF ACTION**

25   **Violations of the Wisconsin Deceptive Trade Practices Act,**

26   **Wisc. Stat. § 100.18, et seq.**

27   **(On behalf of the Wisconsin Sub-Class)**

28   1293.   Ford reasserts its answers to Paragraphs 1 through 1292.

1    1294.  Ford states that this claim was dismissed by the Court on March 29, 2024.

2    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1294.

3    1295.  Ford states that this claim was dismissed by the Court on March 29, 2024.

4    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1295.

5    1296.  Ford states that this claim was dismissed by the Court on March 29, 2024.

6    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1296.

7    1297.  Ford states that this claim was dismissed by the Court on March 29, 2024.

8    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1297.

9    1298.  Ford states that this claim was dismissed by the Court on March 29, 2024.

10   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1298.

11   1299.  Ford states that this claim was dismissed by the Court on March 29, 2024.

12   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1299.

13   1300.  Ford states that this claim was dismissed by the Court on March 29, 2024.

14   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1300.

15   1301.  Ford states that this claim was dismissed by the Court on March 29, 2024.

16   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1301.

17   1302.  Ford states that this claim was dismissed by the Court on March 29, 2024.

18   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1302.

19   1303.  Ford states that this claim was dismissed by the Court on March 29, 2024.

20   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1303.

21   1304.  Ford states that this claim was dismissed by the Court on March 29, 2024.

22   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1304.

23   1305.  Ford states that this claim was dismissed by the Court on March 29, 2024.

24   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1305.

25   1306.  Ford states that this claim was dismissed by the Court on March 29, 2024.

26   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1306.

27   1307.  Ford states that this claim was dismissed by the Court on March 29, 2024.

28   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1307.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1308.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1308.

1309.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1309.

1310.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1310.

1311.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1311.

1312.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1312.

1313.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1313.

1314.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1314.

## FORTY-SECOND CAUSE OF ACTION

### Violation of the Nebraska Consumer Protection Act

### Neb. Rev. Stat. §§ 59-1601, et seq.

### (On behalf of the Nebraska Sub-Class)

1315.   Ford reasserts its answers to Paragraphs 1 through 1314.

1316.   Ford admits, based on information and belief, that Plaintiff Krecek seeks to bring this cause of action individually and on behalf of a putative Nebraska class.

1317.   Ford admits the allegations contained in Paragraph 1317 to Ford and Plaintiff Krecek.  Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1317 as to the Nebraska Sub-Class Members, and on that basis denies those allegations, although some putative class members would likely meet that definition and others would not.

1318.   Ford admits that it participates in "trade" or "commerce" as defined by Neb. Rev.

Stat. § 59-1601(2).  Ford denies the remaining allegations contained in Paragraph 1318.

1319.    Ford admits that the allegations contained in Paragraph 1319 include language from the Nebraska CPA, Neb. Rev. Stat. § 59-1602, which statute speaks for itself.  Ford denies the remaining allegations contained in Paragraph 1319.

1320.    Ford denies each allegation contained in Paragraph 1320.

1321.    Ford denies each allegation contained in Paragraph 1321.

1322.    Ford denies each allegation contained in Paragraph 1322.

1323.    Ford denies each allegation contained in Paragraph 1323.

1324.    Ford denies each allegation contained in Paragraph 1324.

1325.    Ford denies each allegation contained in Paragraph 1325.

1326.    Ford denies each allegation contained in Paragraph 1326.

1327.    Ford denies each allegation contained in Paragraph 1327.

1328.    Ford denies each allegation contained in Paragraph 1328.

1329.    Ford is without information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1329, and on that basis denies those allegations.  Ford denies the remaining allegations in Paragraph 1329.

1330.    Ford denies each allegation contained in Paragraph 1330, and each of its sub-parts.

1331.    Ford denies each allegation contained in Paragraph 1331.

1332.    Ford denies each allegation contained in Paragraph 1332.

1333.    Ford denies each allegation contained in Paragraph 1333.

1334.    Ford denies each allegation contained in Paragraph 1334.

1335.    Ford denies each allegation contained in Paragraph 1335.

1336.    Ford admits that Plaintiff Krecek sent a letter to Ford dated September 16, 2022, which Ford responded to on September 28, 2022.

1337.    Ford denies each allegation contained in Paragraph 1337.

1338.    Ford denies each allegation contained in Paragraph 1338, except admits that Paragraph 1338 describes the relief requested by Plaintiffs.  Ford denies that Plaintiffs are entitled to such relief.

1                   **FORTY-THIRD CAUSE OF ACTION**

2                       **Breach of Express Warranty,**

3                **Neb.Rev.St. U.C.C. §§ 2-313 and 2A-210**

4               **(On Behalf of the Nebraska Sub-Class)**

5      1339.  Ford reasserts its Answers to Paragraphs 1 through 1338.

6      1340.  Ford states that this claim was dismissed by the Court on March 29, 2024.

7  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1340.

8      1341.  Ford states that this claim was dismissed by the Court on March 29, 2024.

9  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1341.

10      1342.  Ford states that this claim was dismissed by the Court on March 29, 2024.

11  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1342.

12      1343.  Ford states that this claim was dismissed by the Court on March 29, 2024.

13  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1343.

14      1344.  Ford states that this claim was dismissed by the Court on March 29, 2024.

15  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1344.

16      1345.  Ford states that this claim was dismissed by the Court on March 29, 2024.

17  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1345.

18      1346.  Ford states that this claim was dismissed by the Court on March 29, 2024.

19  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1346.

20      1347.  Ford states that this claim was dismissed by the Court on March 29, 2024.

21  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1347.

22      1348.  Ford states that this claim was dismissed by the Court on March 29, 2024.

23  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1348.

24      1349.  Ford states that this claim was dismissed by the Court on March 29, 2024.

25  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1349.

26      1350.  Ford states that this claim was dismissed by the Court on March 29, 2024.

27  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1350.

28      1351.  Ford states that this claim was dismissed by the Court on March 29, 2024.

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1351.

2          1352.   Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1352.

4          1353.   Ford states that this claim was dismissed by the Court on March 29, 2024.

5    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1353.

6          1354.   Ford states that this claim was dismissed by the Court on March 29, 2024.

7    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1354.

8          1355.   Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1355.

10          1356.   Ford states that this claim was dismissed by the Court on March 29, 2024.

11    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1356.

12          1357.   Ford states that this claim was dismissed by the Court on March 29, 2024.

13    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1357.

14          1358.   Ford states that this claim was dismissed by the Court on March 29, 2024.

15    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1358.

16          1359.   Ford states that this claim was dismissed by the Court on March 29, 2024.

17    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1359.

18          1360.   Ford states that this claim was dismissed by the Court on March 29, 2024.

19    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1360.

20          1361.   Ford states that this claim was dismissed by the Court on March 29, 2024.

21    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1361.

22          1362.   Ford states that this claim was dismissed by the Court on March 29, 2024.

23    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1362.

24          1363.   Ford states that this claim was dismissed by the Court on March 29, 2024.

25    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1363.

26          1364.   Ford states that this claim was dismissed by the Court on March 29, 2024.

27    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1364.

28          1365.   Ford states that this claim was dismissed by the Court on March 29, 2024.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1365.

2        1366.   Ford states that this claim was dismissed by the Court on March 29, 2024.

3    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1366.

4                    **FORTY-FOURTH CAUSE OF ACTION**

5            **Breach of the Implied Warranty of Merchantability,**

6                **Neb.Rev.St. U.C.C.§§ 2-314 and 2A-212**

7                    **(On Behalf of the Nebraska Sub-Class)**

8        1367.   Ford reasserts its answers to Paragraphs 1 through 1366.

9        1368.   Ford states that this claim was dismissed by the Court on March 29, 2024.

10   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1368.

11       1369.   Ford states that this claim was dismissed by the Court on March 29, 2024.

12   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1369.

13       1370.   Ford states that this claim was dismissed by the Court on March 29, 2024.

14   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1370.

15       1371.   Ford states that this claim was dismissed by the Court on March 29, 2024.

16   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1371.

17       1372.   Ford states that this claim was dismissed by the Court on March 29, 2024.

18   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1372.

19       1373.   Ford states that this claim was dismissed by the Court on March 29, 2024.

20   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1373.

21       1374.   Ford states that this claim was dismissed by the Court on March 29, 2024.

22   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1374.

23       1375.   Ford states that this claim was dismissed by the Court on March 29, 2024.

24   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1375.

25       1376.   Ford states that this claim was dismissed by the Court on March 29, 2024.

26   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1376.

27       1377.   Ford states that this claim was dismissed by the Court on March 29, 2024.

28   Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1377.

1378.   Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1378.

1379.   Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1379.

1380.   Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1380.

1381.   Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1381.

1382.   Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1382.

1383.   Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1383.

1384.   Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1384.

1385.   Ford states that this claim was dismissed by the Court on March 29, 2024.

Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1385.

### FORTY-FIFTH CAUSE OF ACTION

**Violation of the Tennessee Consumer Protection Act**

**Tenn. Code §§ 47-18-101, et seq.**

**(On behalf of the Tennessee Sub-Class)**

1386.   Ford reasserts its answers to Paragraphs 1 through 1385.

1387.   Ford admits, based on information and belief, that Plaintiff Batdorf seeks to bring this cause of action individually and on behalf of a putative Tennessee class.

1388.   Ford is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1388 with respect to all the Tennessee Sub-Class Members, and on that basis denies those allegations, although some portion of proposed class members may meet the definition.  Ford further denies that Tenn. Code § 47-18-203(3) provides the definition of "consumers."

1389.   Ford admits that Ford is a person within the meaning of the Tennessee CPA, Tenn. Code § 47-18-103(18).

1390.   Ford admits that it engaged in "trade" or "commerce" within the meaning of Tenn. Code § 47-18-103(18).

1391.   Ford admits that the first sentence of Paragraph 1391 includes language from the Tennessee CPA, Tenn. Code § 47-18-104, which statute speaks for itself.  Ford denies the remaining allegations contained in Paragraph 1391.

1392.   Ford denies each allegation contained in Paragraph 1392.

1393.   Ford denies each allegation contained in Paragraph 1393.

1394.   Ford denies each allegation contained in Paragraph 1394.

1395.   Ford denies each allegation contained in Paragraph 1395.

1396.   Ford denies each allegation contained in Paragraph 1396.

1397.   Ford denies each allegation contained in Paragraph 1397.

1398.   Ford denies each allegation contained in Paragraph 1398.

1399.   Ford denies each allegation contained in Paragraph 1399.

1400.   Ford denies each allegation contained in Paragraph 1400.

1401.   Ford is without information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1401, and on that basis denies those allegations.  Ford denies the remaining allegations in Paragraph 1401.

1402.   Ford denies each allegation contained in Paragraph 1402, and each of its sub-parts.

1403.   Ford denies each allegation contained in Paragraph 1403.

1404.   Ford denies each allegation contained in Paragraph 1404.

1405.   Ford denies each allegation contained in Paragraph 1405.

1406.   Ford denies each allegation contained in Paragraph 1406.

1407.   Ford denies each allegation contained in Paragraph 1407.

1408.   Ford denies the allegations contained in Paragraph 1408.

1409.   Ford denies each allegation contained in Paragraph 1409.

**FORTY-SIXTH CAUSE OF ACTION**

**Breach of Express Warranty,**

**Tenn. Code §§ 47-2-313 and 47-2A-210**

**(On Behalf of the Tennessee Sub-Class)**

1410.   Ford reasserts its answers to Paragraphs 1 through 1409.

1411.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1411.

1412.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1412.

1413.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1413.

1414.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1414.

1415.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1415.

1416.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1416.

1417.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1417.

1418.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1418.

1419.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1419.

1420.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1420.

1421.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1421.

1422.   Ford states that this claim was dismissed by the Court on March 29, 2024. Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1422.

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1       1423.  Ford states that this claim was dismissed by the Court on March 29, 2024.

2  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1423.

3       1424.  Ford states that this claim was dismissed by the Court on March 29, 2024.

4  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1424.

5       1425.  Ford states that this claim was dismissed by the Court on March 29, 2024.

6  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1425.

7       1426.  Ford states that this claim was dismissed by the Court on March 29, 2024.

8  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1426.

9       1427.  Ford states that this claim was dismissed by the Court on March 29, 2024.

10  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1427.

11       1428.  Ford states that this claim was dismissed by the Court on March 29, 2024.

12  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1428.

13       1429.  Ford states that this claim was dismissed by the Court on March 29, 2024.

14  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1429.

15       1430.  Ford states that this claim was dismissed by the Court on March 29, 2024.

16  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1430.

17       1431.  Ford states that this claim was dismissed by the Court on March 29, 2024.

18  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1431.

19       1432.  Ford states that this claim was dismissed by the Court on March 29, 2024.

20  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1432.

21       1433.  Ford states that this claim was dismissed by the Court on March 29, 2024.

22  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1433.

23       1434.  Ford states that this claim was dismissed by the Court on March 29, 2024.

24  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1434.

25       1435.  Ford states that this claim was dismissed by the Court on March 29, 2024.

26  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1435.

27       1436.  Ford states that this claim was dismissed by the Court on March 29, 2024.

28  Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1436.

1    1437.   Ford states that this claim was dismissed by the Court on March 29, 2024.

2    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1437.

3    ### **FORTY-SEVENTH CAUSE OF ACTION**

4    **Breach of the Implied Warranty of Merchantability,**

5    **Tenn. Code §§ 47-2-314 and 47-2A-212**

6    **(On Behalf of the Tennessee Sub-Class)**

7    1438.   Ford reasserts its answers to Paragraphs 1 through 1437.

8    1439.   Ford states that this claim was dismissed by the Court on March 29, 2024.

9    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1439.

10    1440.   Ford states that this claim was dismissed by the Court on March 29, 2024.

11    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1440.

12    1441.   Ford states that this claim was dismissed by the Court on March 29, 2024.

13    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1441.

14    1442.   Ford states that this claim was dismissed by the Court on March 29, 2024.

15    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1442.

16    1443.   Ford states that this claim was dismissed by the Court on March 29, 2024.

17    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1443.

18    1444.   Ford states that this claim was dismissed by the Court on March 29, 2024.

19    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1444.

20    1445.   Ford states that this claim was dismissed by the Court on March 29, 2024.

21    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1445.

22    1446.   Ford states that this claim was dismissed by the Court on March 29, 2024.

23    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1446.

24    1447.   Ford states that this claim was dismissed by the Court on March 29, 2024.

25    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1447.

26    1448.   Ford states that this claim was dismissed by the Court on March 29, 2024.

27    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1448.

28    1449.   Ford states that this claim was dismissed by the Court on March 29, 2024.

1     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1449.

2         1450.   Ford states that this claim was dismissed by the Court on March 29, 2024.

3     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1450.

4         1451.   Ford states that this claim was dismissed by the Court on March 29, 2024.

5     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1451.

6         1452.   Ford states that this claim was dismissed by the Court on March 29, 2024.

7     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1452.

8         1453.   Ford states that this claim was dismissed by the Court on March 29, 2024.

9     Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1453.

10        1454.   Ford states that this claim was dismissed by the Court on March 29, 2024.

11    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1454.

12        1455.   Ford states that this claim was dismissed by the Court on March 29, 2024.

13    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1455.

14        1456.   Ford states that this claim was dismissed by the Court on March 29, 2024.

15    Accordingly, Ford is not required to respond to the allegations set forth in Paragraph 1456.

16                      **FORTY-EIGHTH CAUSE OF ACTION**

17              **Violation of the Texas Deceptive Trade Practices Act**

18                   **Tex. Bus. & Com. Code §§ 17.41, et seq.**

19                      **(On behalf of the Texas Sub-Class)**

20        1457.   Ford reasserts its answers to Paragraphs 1 through 1456.

21        1458.   Ford admits, based on information and belief, that Plaintiff Gonzalez seeks to

22    bring this cause of action individually and on behalf of a putative Texas class.

23        1459.   Ford is without information sufficient to form a belief as to the truth of the

24    allegations contained in Paragraph 1459 with respect to all the Texas Sub-Class Members, and on

25    that basis denies those allegations, although some portion of proposed class members may meet

26    the definition.

27        1460.   Ford admits the allegations contained in Paragraph 1460.

28        1461.   Ford admits the allegations contained in Paragraph 1461, but denies that Paragraph

1461 cites the correct subsection of the statute.

1462.   Ford admits that the first sentence contained in Paragraph 1462 purports to include language from the Texas DTPA, Tex. Bus. & Com. Code § 17.46(a), and avers that the statute speaks for itself.  Ford denies the remaining allegations contained in Paragraph 1462.

1463.   Ford denies each allegation contained in Paragraph 1463.

1464.   Ford denies each allegation contained in Paragraph 1464.

1465.   Ford denies each allegation contained in Paragraph 1465.

1466.   Ford denies each allegation contained in Paragraph 1466.

1467.   Ford denies each allegation contained in Paragraph 1467.

1468.   Ford denies each allegation contained in Paragraph 1468.

1469.   Ford denies each allegation contained in Paragraph 1469.

1470.   Ford denies each allegation contained in Paragraph 1470.

1471.   Ford denies each allegation contained in Paragraph 1471.

1472.   Ford is without information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1472, and on that basis denies those allegations.  Ford denies the remaining allegations in Paragraph 1472.

1473.   Ford denies each allegation contained in Paragraph 1473, and each of its sub-parts.

1474.   Ford denies each allegation contained in Paragraph 1474.

1475.   Ford denies each allegation contained in Paragraph 1475.

1476.   Ford denies each allegation contained in Paragraph 1476.

1477.   Ford denies each allegation contained in Paragraph 1477.

1478.   Ford denies each allegation contained in Paragraph 1478.

1479.   Ford admits it received a letter from Plaintiff Gonzalez dated August 26, 2022, to which Ford responded on September 9, 2022.  Ford denies the remaining allegations contained in Paragraph 1479.

1480.   Ford denies each allegation contained in Paragraph 1480, except admits that Paragraph 1480 describes the relief requested by Plaintiffs.  Ford denies that Plaintiffs are entitled to such relief.

**FORTY-NINTH CAUSE OF ACTION**

**Breach of Express Warranty,**

**Ohio Rev. Code Ann. § 1302.26, et seq.**

**(On Behalf of the Ohio Sub-Class)**

1481.   Ford reasserts its answers to Paragraphs 1 through 1480.

1482.   Ford admits, based on information and belief, that Plaintiff Thomas seeks to bring this cause of action individually and on behalf of a putative Ohio class.

1483.   Ford admits that it is a "merchant" and "seller" with respect to at least some motor vehicles within the meaning of Ohio Rev. Code Ann. §§ 1302.01(5), 1310.01(A)(20), and § 1302.01(4).

1484.   Ford denies the allegations contained in Paragraph 1484.

1485.   Ford admits the allegations contained in Paragraph 1485.

1486.   Ford admits that it installed the engines and the engines' component parts in the putative Class Vehicles.  Ford is without information sufficient to form a belief as to the truth of the allegations whether the Class Vehicles are still covered by the relevant warranty, and on that basis denies them.

1487.   Ford admits that each of its new vehicles sold by authorized Ford and Lincoln dealers come with a New Vehicle Limited Warranty come with a New Vehicle Limited Warranty. Ford is without information sufficient to form a belief as to the truth of the allegations about the basis for the bargains between dealers and purchasers and lessees, and on that basis denies them. Ford denies the remaining allegations contained in Paragraph 1487.

1488.   Ford admits that each of its new vehicles sold by authorized Ford and Lincoln dealers come with a New Vehicle Limited Warranty.  Ford denies the remaining allegations in Paragraph 1488.

1489.   Ford admits that each of its new vehicles sold by an authorized Ford dealer come with a New Vehicle Limited Warranty, which includes a 3-year/36,000 mile (whichever occurs first) bumper-to-bumper warranty for Ford-branded putative class vehicles and a 4-year/50,000 mile (whichever occurs first) bumper-to-bumper warranty for Lincoln-branded putative class

vehicles. Ford further avers that the New Vehicle Limited Warranty for each putative class vehicle speaks for itself.

1490. Ford admits that Paragraph 1490 purports to quote from a portion of one version of Ford's New Vehicle Limited Warranty, although Plaintiffs do not identify the model year or vehicle to which this warranty allegedly applies. Ford avers that the applicable New Vehicle Limited Warranty for each putative class vehicle speaks for itself. Ford further admits that it provides a limited warranty for Ford-branded putative class vehicles covering the powertrain for 5 years or up to 60,000 miles, whichever comes first, as described in the applicable model year and vehicle Warranty Guide, and provides a limited warranty for Lincoln-branded putative class vehicles covering the powertrain for 6 years or up to 70,000 miles, whichever comes first, as described in the applicable model year and vehicle Warranty Guide.

1491. Ford admits that it has offered different levels of certification for pre-owned vehicles, with different limited warranty coverages. Ford otherwise denies the allegations contained in Paragraph 1491.

1492. Ford admits that Paragraph 1492 purports to quote from a portion of a CPO warranty, although Plaintiffs do not identify the model year or vehicle to which this warranty allegedly applies. Ford avers that the applicable CPO for a putative class vehicle speaks for itself.

1493. Ford admits that it installed the engines and the engines' component parts in the putative Class Vehicles. Ford is without information sufficient to form a belief as to the truth of the allegations whether the Class Vehicles are still covered by the relevant warranty, and on that basis denies them.

1494. Ford denies each allegation contained in Paragraph 1494.

1495. Ford is without information sufficient to form a belief as to the truth of the allegations about the basis for the bargains between dealers and purchasers and lessees, and on that basis denies them. Ford denies the remaining allegations contained in Paragraph 1495.

1496. Ford avers that the terms of the applicable warranties for each putative class vehicle speaks for itself. Ford denies each remaining allegation contained in Paragraph 1496.

1497. Ford denies each allegation contained in Paragraph 1497.

1      1498.   Ford denies each allegation contained in Paragraph 1498.

2      1499.   Ford denies each allegation contained in Paragraph 1499.

3      1500.   Ford denies each allegation contained in Paragraph 1500.

4      1501.   Ford denies each allegation contained in Paragraph 1501.

5      1502.   Ford denies each allegation contained in Paragraph 1502.

6      1503.   Ford denies each allegation contained in Paragraph 1503.

7      1504.   Ford admits it received a letter dated September 1, 2022 from Plaintiff Thomas, to which Ford responded on September 9, 2022.  Ford denies each remaining allegation contained in Paragraph 1504.

10      1505.   Ford denies each allegation contained in Paragraph 1505.

11      1506.   Ford denies each allegation contained in Paragraph 1506.

12      1507.   Ford denies each allegation contained in Paragraph 1507.

13      1508.   Ford denies each allegation contained in Paragraph 1508.

## FIFTIETH CAUSE OF ACTION

### Breach of the Implied Warranty of Merchantability,

### Ohio Rev. Code Ann. §§ 1302.27 and 1310.19

### (On Behalf of the Ohio Sub-Class)

1509.   Ford reasserts its answers to Paragraphs 1 through 1508.

1510.   Ford admits, based on information and belief, that Plaintiff Thomas seeks to bring this cause of action individually and on behalf of a putative Ohio class.

1511.   Ford admits that it is a "merchant" and "seller" with respect to at least some motor vehicles within the meaning of Ohio Rev. Code Ann. §§ 1302.01(5), 1310.01(A)(20), and § 1302.01(4).

1512.   Ford denies each allegation contained in Paragraph 1512.

1513.   Ford admits that the putative Class Vehicles are "goods" as defined in of Ohio Rev. Code Ann. §§ 1302.01(8) and 1310.01(A)(8))(h).

1514.   Ford admits the allegations contained in Paragraph 1514 but avers that the implied warranty of merchantability of some putative class members' vehicles may have been disclaimed

1 | or otherwise limited by the terms of Ford's express, limited warranty.

2 |     1515.   Ford admits that it sold certain vehicles through authorized dealers.  Ford is

3 | without information sufficient to form a belief as to the truth of the remaining allegations

4 | contained in Paragraph 1515, and on that basis denies them.

5 |     1516.   Ford admits that the sale of some putative class members' vehicles were

6 | accompanied by an implied warranty of merchantability, which may have been disclaimed or

7 | otherwise limited by the terms of Ford's express, limited warranty.  Ford denies the remaining

8 | allegations contained in Paragraph 1516.

9 |     1517.   Ford denies each allegation contained in Paragraph 1517.

10 |     1518.   Ford denies each allegation contained in Paragraph 1518.

11 |     1519.   Ford denies each allegation contained in Paragraph 1519.

12 |     1520.   Ford denies each allegation contained in Paragraph 1520.

13 |     1521.   Ford denies each allegation contained in Paragraph 1521.

14 |     1522.   Ford denies each allegation contained in Paragraph 1522.

15 |     1523.   Ford denies each allegation contained in Paragraph 1523.

16 |     1524.   Ford denies each allegation contained in Paragraph 1524.

17 |     1525.   Ford admits it received a letter from Plaintiff Thomas dated September 1, 2022

18 | and responded to it on September 9, 2022.  Ford denies the remaining allegations contained in

19 | Paragraph 1525.

20 |     1526.   Ford denies each allegation contained in Paragraph 1526.

21 |     1527.   Ford denies each allegation contained in Paragraph 1527.

22 | **FIFTY-FIRST CAUSE OF ACTION**

23 | **Violation of the Magnuson-Moss Warranty Act,**

24 | **15 U.S.C. §§ 2301, et seq.**

25 |     1528.   Ford reasserts its answers to Paragraphs 1 through 1527.

26 |     1529.   Ford admits, based on information and belief, that Plaintiffs with remaining

27 | warranty claims seeks to bring this cause of action individually.

28 |     1530.   Ford admits that this Court has subject matter jurisdiction over this action.

1531.  Ford denies each allegation contained in Paragraph 1531.

1532.  Ford admits that it is a "supplier" and a "warrantor" within the meaning of 15 U.S.C. § 2301(4)-(5).

1533.  Ford denies each allegation contained in Paragraph 1533.

1534.  Ford denies each allegation contained in Paragraph 1534.

1535.  Ford denies each allegation contained in Paragraph 1535.

1536.  Ford admits that its New Vehicle Limited Warranty that accompanied each vehicle is a written warranty within the meaning of 15 U.S.C. § 2301(6).  Ford admits that 15 U.S.C. 2301(7) defines "implied warranty."  Ford denies the remaining allegations contained in Paragraph 1536.

1537.  Ford is without information sufficient to form a belief as to the truth of the allegations about the basis for the bargains between dealers and purchasers and lessees, and on that basis denies them.  Ford denies the remaining allegations contained in Paragraph 1537.

1538.  Ford denies each allegation contained in Paragraph 1538.

1539.  Ford denies each allegation contained in Paragraph 1539.

1540.  Ford admits it received a letter dated July 10, 2020 from Plaintiff Miller which it responded to on August 7, 2020.  Ford denies the remaining allegations contained in Paragraph 1540.

1541.  Ford denies each allegation contained in Paragraph 1541.

1542.  Ford denies each allegation contained in Paragraph 1542.

1543.  Ford denies each allegation contained in Paragraph 1543.

1544.  Ford admits, based on information and belief, that amount in controversy for Plaintiffs' individual claims exceed $25.  Ford denies Plaintiffs' entitlement to any remedy.  Ford denies each other allegation contained in Paragraph 1544.

1545.  Ford denies each allegation contained in Paragraph 1545.

1546.  Ford denies each allegation contained in Paragraph 1546, except admits that Paragraph 1546 describes the relief requested by Plaintiffs.  Ford denies that Plaintiffs are entitled to such relief.

1    **X.    PRAYER FOR RELIEF**

2        1547.   Ford admits, based on information and belief, that Paragraph 1547 identifies the

3    relief sought by Plaintiffs.  Ford denies that Plaintiffs or members of the putative classes are

4    entitled to any such relief.

5    **XI.    DEMAND FOR JURY TRIAL**

6        1548.   Ford admits, based on information and belief, that Plaintiffs demand a jury trial for

7    all claims so triable.  Ford demands a jury trial on all claims so triable.

8                                **AFFIRMATIVE DEFENSES**

9        Ford incorporates by reference into each of the affirmative defenses below its responses to

10    the allegations contained in Paragraphs 1 through 1548, as set forth above.  In asserting these

11    affirmative defenses, Ford does not assume the burden of proof on any issue as to which the

12    burden properly falls on Plaintiffs.

13                            **FIRST AFFIRMATIVE DEFENSE**

14        Plaintiffs' FACC fails to state a claim against Ford upon which relief can be granted.

15                           **SECOND AFFIRMATIVE DEFENSE**

16        The tort, statutory, and implied warranty claims of Plaintiffs and members of the putative

17    classes are barred by the existence and terms of the applicable limited express warranties sold

18    with their vehicles.

19                            **THIRD AFFIRMATIVE DEFENSE**

20        The claims of, and relief sought by, Plaintiffs and members of the putative classes are, in

21    whole or in part, preempted by the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. §§

22    30118 et seq.

23                           **FOURTH AFFIRMATIVE DEFENSE**

24        Any claims for incidental or consequential damages are barred, including by the

25    applicable limited warranties sold with Plaintiffs' and members of the putative classes' vehicles.

26                            **FIFTH AFFIRMATIVE DEFENSE**

27

28

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1    The claims of Plaintiffs and members of the putative classes are barred by a lack of
2    standing under the various state laws because they have no cognizable injury with respect to such
3    claims.

4    **SIXTH AFFIRMATIVE DEFENSE**

5    The claims of Plaintiffs and members of the putative classes are barred, in whole or in
6    part, by the equitable doctrines of waiver, acquiescence, laches, or estoppel, in that Plaintiffs
7    unreasonably delayed in bringing their claims.

8    **SEVENTH AFFIRMATIVE DEFENSE**

9    Certain claims of certain Plaintiffs and members of the putative classes are barred by the
10   applicable statutes of limitations, including the following claims of Plaintiffs: the claim under the
11   California Consumers Legal Remedies Act, the claim under the California Unfair Competition
12   Law, and the claim under the California Song Beverly Act for breach of implied warranty brought
13   by Plaintiffs Wests; the claim under the Colorado Consumer Protection Act and for Colorado
14   breach of implied warranty brought by Plaintiff Christodaro; the claim for Indiana breach of
15   implied warranty brought by Plaintiff Pickering; the claim under the Kansas Consumer Protection
16   Act brought by Plaintiffs Morfords; the claim under the Maryland Consumer Protection Act
17   brought by Plaintiffs Manfras; and the claim for Ohio tortious breach of implied warranty brought
18   by Plaintiff Thomas.

19   **EIGHTH AFFIRMATIVE DEFENSE**

20   The claims of Plaintiffs and members of the putative classes who have previously
21   adjudicated or resolved claims against Ford regarding alleged engine issues in their putative Class
22   Vehicles, are barred by the doctrines of res judicata, collateral estoppel, and other similar
23   doctrines.

24   **NINTH AFFIRMATIVE DEFENSE**

25   The claims of Plaintiffs and members of the putative classes who have previously
26   adjudicated or resolved claims against Ford regarding alleged engine issues in their putative Class
27   Vehicles are barred, in whole or in part, by release as to those claims.

28   **TENTH AFFIRMATIVE DEFENSE**

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

The claims of Plaintiffs and members of the putative classes are barred, in whole or in part, because they failed to mitigate their damages or took unreasonable, unnecessary, or unduly expensive actions in purported mitigation, and Ford is not responsible therefor.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and members of the putative classes are barred, in whole or in part, by the Due Process Clauses of the Constitution of the United States and the constitutions of the various states under whose laws Plaintiffs bring their claims.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and members of the putative classes are barred, in whole or in part, if they have failed to give timely and sufficient notice of breach or of other noncompliance, as is required by relevant statutes, customs, or legal principles.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and members of the proposed class may be barred, in whole or in part, based upon the improper use or maintenance of their vehicles or the misuse, abuse, unauthorized, or unreasonable use of their vehicles.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and members of the putative classes are barred, in whole or in part, if the alleged problems in their vehicles involved an intervening cause or were attributable, in whole or in part, to a cause other than the purported vehicle defects alleged by the FACC.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and members of any proposed class or subclass are barred by the economic loss doctrine.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The implied warranty claims of Plaintiffs and members of any proposed class or subclass are barred by lack of privity with Ford.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1      Plaintiffs' claims for relief are barred, in whole or in part, because the vehicles in question

2    were manufactured in a reasonably safe manner in full compliance with all applicable laws,

3    statutes, and regulations.

4    <div align="center">**EIGHTEENTH AFFIRMATIVE DEFENSE**</div>

5      The claims of certain members of the putative classes may be barred, in whole or in part,

6    on the ground that they are subject to the defense of accord and satisfaction.

7    <div align="center">**NINETEENTH AFFIRMATIVE DEFENSE**</div>

8      Imposition of punitive damages against Ford in this case would violate the Commerce

9    Clause, Article I, Section 8 of the United States Constitution, because an award of punitive

10   damages would constitute an undue and unreasonable burden on interstate commerce.

11   <div align="center">**TWENTIETH AFFIRMATIVE DEFENSE**</div>

12      Imposition of punitive damages against Ford in this case would violate the Contracts

13   Clause, Article I, Section 10 of the United States Constitution, because an award of punitive

14   damages would impair the contractual obligations of any contracts involving the Plaintiffs or

15   others claimed to be members of the purported class and Ford.

16   <div align="center">**TWENTY-FIRST AFFIRMATIVE DEFENSE**</div>

17      Upon information and belief, the sales contracts or other contracts pursuant to which

18   Plaintiffs and some or all members of the proposed class purchased or leased their vehicles may

19   contain arbitration clauses that may require some or all of the claims asserted herein to be

20   resolved through arbitration.

21   <div align="center">**TWENTY-SECOND AFFIRMATIVE DEFENSE**</div>

22      The FACC fails to describe the claims asserted against Ford with sufficient particularity to

23   permit Ford to ascertain what other defenses may exist.  Ford therefore reserves the right to assert

24   other defenses which may pertain to the claims in the FACC once the precise nature of such

25   claims has been ascertained.

26

27

28

Dated:  May 3, 2024

O'MELVENY & MYERS LLP


By:    /s/ *Randall W. Edwards*
       Randall W. Edwards

*Attorneys for Defendant*
Ford Motor Company

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD

1

## JURY DEMAND

2          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ford demands a trial by jury

3     on all issues and claims so triable.

4

5          Dated:  May 3, 2024                    O'MELVENY & MYERS LLP

6

7                                                 By:    /s/ *Randall W. Edwards*
                                                         Randall W. Edwards
8
                                                 *Attorneys for Defendant*
9                                                 Ford Motor Company

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD'S ANSWER TO THE FACC
NO. 2:20-CV-01796-DAD-CKD