UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA MILLER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | No. 2:20-cv-01796-DAD-CKD<br><br>ORDER GRANTING PLAINTIFFS' MOTIONS TO SUBSTITUTE NAMED PLAINTIFFS AND CLASS REPRESENTATIVES<br><br>(Doc. Nos. 119, 125) |

This matter is before the court on plaintiffs' motions to substitute named plaintiffs and class representatives as to the Ohio sub-class and the Florida sub-class in this action. (Doc. Nos. 119, 125.) The court took the motions to substitute under submission pursuant to Local Rule 230(g). (Doc. No. 120, 135.) For the reasons explained below, the court will grant plaintiffs' motions.

**BACKGROUND**

On September 4, 2020, plaintiff Vanessa Miller initiated this consumer class action against defendant. (Doc. No. 1.) On September 28, 2022, plaintiffs filed the operative first amended consolidated class complaint ("FACCC") on behalf of a number of subclasses divided by state. (Doc. No. 81.) Included in those plaintiffs newly named in the FACCC are plaintiff

/////

1

1  Kimberly Thomas, who is the class representative of the Ohio subclass, and plaintiff Amy Hoffer,
2  who is the class representative of the Florida subclass.  (*Id.* at 17, 54.)

3        On May 22, 2025, plaintiffs filed their pending motion ("the Ohio motion") to substitute
4  plaintiff Kimberly Thomas out for Brad Mullen as a replacement plaintiff and a new
5  representative of the Ohio sub-class.  (Doc. No. 119 at 5.)  Plaintiffs provide a sworn declaration
6  of attorney Cody R. Padgett, counsel for plaintiffs, in support of their motion.  (Doc. No. 119-2 at
7  ¶ 1.)  Attorney Padgett represents that plaintiffs' counsel has been unable to communicate with
8  plaintiff Thomas since July 2, 2024.  (*Id.* at ¶ 6.)  He states that plaintiff Thomas had failed to
9  respond to several emails and phone calls prior to July 2, 2024 and that plaintiffs' counsel
10 attempted to contact plaintiff Thomas by letter, text message, and phone call on July 8, 2024,
11 September 30, 2024, and October 3, 2024.  (*Id.* at ¶¶ 6–8.)  Plaintiffs' counsel then sought a
12 replacement named plaintiff and putative class representative for the Ohio subclass and identified
13 Mr. Mullen.  (*Id.* at ¶¶ 10–11.)  On March 25, 2025, Mr. Mullen signed an attorney representation
14 agreement with three of the firms representing plaintiffs in this action.  (*Id.* at ¶ 11.)  On April 24,
15 2025, a month before plaintiffs filed the Ohio motion, plaintiffs' counsel sent defendant a copy of
16 Mr. Mullen's draft allegations.  (*Id.* at ¶ 12.)

17       On July 22, 2025, plaintiffs filed their pending motion ("the Florida motion") to substitute
18 plaintiff Amy Hoffer out for David Speigner as a replacement plaintiff and a new representative
19 of the Florida sub-class.  (Doc. No. 125-1 at 5.)  Plaintiffs provide a sworn declaration of attorney
20 Natalie Lesser, counsel for plaintiffs, in support of their motion.  (Doc. No. 125-2 at ¶ 1.)
21 Attorney Lesser represents that plaintiff Hoffer has been a responsive named plaintiff but, on June
22 23, 2025, disposed of the vehicle which was the subject of her claims in this action.  (*Id.* at ¶¶ 3,
23 4.)  Plaintiffs also provide a sworn declaration of attorney Padgett in support of their motion.
24 (Doc. No. 125-3.)  Attorney Padgett declares that, immediately upon learning that plaintiff Hoffer
25 had disposed of her vehicle, plaintiffs' counsel began to search for a replacement named plaintiff
26 and reviewed the claims of twenty-six class members in this search.  (*Id.* at ¶ 4.)  On July 10,
27 2025, twelve days prior to the filing of this motion, plaintiffs' counsel informed defendant of their
28 intent to replace plaintiff Hoffer as the named representative for the Florida sub-class.  (*Id.* at ¶ 5.)

1   On July 11, 2025, David Speigner signed an attorney representation agreement with one of the
2   firms—Capstone Law APC—representing plaintiffs in this action.  (*Id.* at ¶ 6.)
3         On June 5, 2025, defendant filed its opposition to the Ohio motion and on June 16, 2025,
4   plaintiffs filed their reply thereto.  (Doc. Nos. 121, 123.)  On August 5, 2025, defendant filed its
5   opposition to the Florida motion and on August 15, 2025, plaintiffs filed their reply thereto.
6   (Doc. Nos. 128, 133.)

## LEGAL STANDARD

8         "A party may amend its pleading once as a matter of course within:  (A) 21 days after
9   serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after
10  service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),
11  whichever is earlier."  Fed. R. Civ. P. 15(a).  Otherwise, a party must seek leave of court to
12  amend a pleading or receive the opposing party's written consent.  *Id.*
13        The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be
14  freely given when justice so requires."  *Id.*  Nevertheless, leave to amend need not be granted
15  when the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces
16  an undue delay in litigation; or (4) is futile.  *See AmerisourceBergen Corp. v. Dialysist W. Inc.*,
17  465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).
18  "Prejudice to the opposing party is the most important factor."  *Jackson v. Bank of Haw.*, 902
19  F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S.
20  321, 330–31 (1971)).  "The party opposing leave to amend bears the burden of showing
21  prejudice."  *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD*
22  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

## DISCUSSION

24  **A.**    **The Ohio Motion**
25        Defendant argues that granting plaintiffs leave to amend is improper because they unduly
26  delayed in finding a replacement plaintiff for the Ohio sub-class, that such leave to amend would
27  be futile, and that permitting amendment will result in further delay.  (Doc. No. 121 at 7–14.)
28  Plaintiffs argue that defendant is incorrect on all three counts.  (Doc. No. 119-1 at 5–11.)

1.     Delay

Plaintiffs argue that they were diligent in seeking this substitution because plaintiffs' counsel was unable to confirm that they had lost contact with plaintiff Thomas until October 2024. (Doc. No. 119-1 at 5–6.) Plaintiffs argue that the delay they took in seeking a new class representative was reasonable in light of the possibility that plaintiff Thomas might reestablish contact. (*Id.*) Defendant argues that plaintiffs should have discovered that plaintiff Thomas was unresponsive in February 2023. (Doc. No. 121 at 8.) In support of this contention, defendant submits a declaration of its counsel of record—attorney Randall W. Edwards—in which he states that defendant had served its first set of interrogatories on plaintiffs on December 21, 2022 and that plaintiffs failed to provide plaintiff Thomas's responses by the deadline of February 17, 2023. (Doc. No. 121-1 at ¶¶ 3, 4.) Plaintiffs respond that plaintiff Thomas was in contact with counsel on July 2, 2024, which indicates that she has not been unresponsive since February 2023 as defendant contends. (Doc. Nos. 119-2 at ¶ 6, 123 at 6.)

Here, plaintiffs have attested to the efforts to contact plaintiff Thomas, including emails, physical letters, text messages, and phone calls, over the course of her participation in this action. (Doc. No. 119-2 at ¶¶ 5–10.) Moreover, plaintiff Thomas had reestablished contact with counsel in July 2024, which supports plaintiffs' counsels' decision to continue attempting to work with her. *See, e.g., Floyd v. Amazon.com, Inc.*, No. 22-cv-01599-KKE, 2025 WL 2768449, at *9 (W.D. Wash. Sept. 29, 2025) (noting that the court had previously found that counsel had acted diligently on the understanding that it would take "the passage of time" to discover that they had lost contact with the named plaintiff). "Although an earlier-filed motion could have saved a month or two in time, that does not necessarily amount to the 'lack of diligence' courts usually observe in denying motion for leave under Rule 16." *Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-cv-03613-WHO, 2020 WL 5893444, at *3 (N.D. Cal. Oct. 5, 2020) (finding that the plaintiffs' counsel had acted diligently despite waiting four months after the loss of contact with the named plaintiffs before filing a motion to substitute those plaintiffs). Defendant argues that the approximately seven month delay between identifying the need for a substitute named plaintiff to the filing of this motion reveals a lack of diligence by plaintiffs' counsel. (Doc. No.

4

121 at 9.) However, this is a highly complex class action where, at one point, 19 separate subclasses were alleged involving plaintiffs across the United States. (*See* Doc. No. 101 at 6.) This complexity makes the long search period for a new class representative appear reasonable, particularly in light of the lack of any argument or evidence on the part of defendant regarding whether plaintiffs have acted in bad faith. *See Krause-Pettai v. Unilever U.S., Inc.*, No. 20-cv-01672-LL-BLM, 2022 WL 2318689, at *2 (S.D. Cal. June 28, 2022) (finding that a delay between the recognition of the need to substitute a named representative and the filing of a motion for leave to amend was reasonable in light of the time required to investigate claims of absent class members). The court therefore concludes that plaintiffs did not unduly delay in seeking to amend their complaint.

2.   Futility

Defendant argues that plaintiffs' proposed amendment would be futile because he has failed in that amendment to allege facts supporting an express warranty claim and that his implied warranty claim is barred by the statute of limitations. (Doc. No. 121 at 11–13.) Plaintiffs state in reply that they do not seek to amend to add an express warranty claim, instead stating that the proposed amendment regarding express warranty claims is solely intended to preserve appellate rights. (Doc. No. 123 at 10–11.) Plaintiffs also argue that Mr. Mullen's claim relates back to plaintiff Thomas's claim and accordingly his claim would not be barred by the statute of limitations. (*Id.* at 11–12.)

Defendant's "argument may cast doubt on whether the new claims will eventually succeed on the merits, but the futility inquiry requires much more: the opposing party must show that 'no set of facts' could support a valid claim." *Idylwilde, Inc. v. Umpqua Feather Merchants, LLC*, No. 3:13-cv-02009-HZ, 2014 WL 12775086, at *2 (D. Or. June 30, 2014); *see also Melendres v. Arpaio*, No. 07-cv-02513-PHX-MHM, 2008 WL 4174918, at *4 (D. Ariz. Sept. 5, 2008) ("Defendants' Response in Opposition does not focus on the underlying merit of the original complaint, nor why any of the initial claims brought by Melendres were futile and should not proceed."). "[E]valuating the merits of proposed claims is generally inappropriate when considering motions for leave to amend." *Banc of Cal., Inc. v. Farmers & Merchants Bank of*

*Long Beach*, No. 16-cv-01601-CJC-AFM, 2017 WL 2972338, at *1 (C.D. Cal. Apr. 19, 2017); *see also Melendres*, 2008 WL 4174918, at *4 ("In order to avoid piecemeal adjudication, this Court would rather address these and other substantive issues when they are squarely presented to the Court in the form of a dispositive motion addressed to a single amended complaint, where the standard of review on appeal would be *de novo* rather than an abuse of discretion.").[1] In light of these legal standards applicable to plaintiffs' motion for leave to amend, the court finds that amendment is not futile.

### 3. Prejudice

Defendant argues in conclusory fashion that permitting amendment will result in further delay because it intends to file another motion to dismiss if amendment is granted. (Doc. No. 121 at 13–14.) Plaintiffs argue that, because no new claims or defendants are added by their amendment and fact discovery does not close for several months, defendant has not shown prejudice. (Doc. No. 123 at 13.) Here, defendant has not shown that it was unaware of Mr. Mullen's claims such that it was surprised by them nor that it has or will incur substantial litigation expenses in responding to those proposed claims. *See Morgan v. Rohr, Inc.*, No. 3:20-cv-00574-GPC-AHG, 2020 WL 3317202, at *4 (S.D. Cal. June 18, 2020) (finding that the defendants had not shown that they would be prejudiced by the granting of the motion to amend

---

[1] Nevertheless, the court observes that "[t]he [Supreme Court] held in *American Pipe [& Construction Company v. Utah*, 414 U.S. 538 (1974)] that the timely filing of a class action tolls the applicable statute of limitations for all persons encompassed by the class complaint." *China Agritech v. Michael H. Resh*, 584 U.S. 732, 735 (2018). "An amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996). Here, Mr. Mullen appears to have been a member of the proposed Ohio Sub-Class, which included "[a]ll persons who purchased or leased a Class Vehicle in the State of Ohio." (Doc. No. 81 at 85.) The court does not decide on the limited briefing submitted in connection with the pending motion whether Mr. Mullen shares an identity of interests with plaintiff Thomas. *See Baranco v. Ford Motor Co.*, No. 17-cv-03580-EMC, 2018 WL 5474549, at *4 (N.D. Cal. Oct. 26, 2018) (finding identity of interests where the plaintiffs alleged the same defect even though the plaintiffs purchased different models in different states); *see also Brewster*, 672 F. Supp. 3d at 917 (finding that the plaintiffs shared an identity of interests because their constitutional claims emerged from the same course of conduct which was carried out pursuant to the same policy at different times).

1 even where they would have to file a third motion to dismiss); *see also Bollinger v. Starbucks*
2 *Corp.*, No. 1:24-cv-00303-JLT-SAB, 2025 WL 808333, at *4 (E.D. Cal. Mar. 13, 2025) (finding
3 no prejudice where the "[p]laintiffs' proposed amendment does not add new claims or new
4 defendants"). Accordingly, the court finds that the prejudice factor is not met here.

5     For the above reasons, the court will grant plaintiffs' motion for leave to amend their
6 complaint and substitute the named plaintiff and class representative of the Ohio sub-class. (Doc.
7 No. 119.)

**B.  The Florida Motion**

9     Defendant argues that plaintiff has not shown good cause to substitute a new
10 representative for the Florida sub-class, it would be prejudiced by the late substitution by being
11 required to conduct additional discovery, and that amendment would be futile because Mr.
12 Speigner's claims are time-barred. (Doc. No. 128 at 7–11.) Plaintiff argues that defendant is
13 wrong on all three counts. (Doc. Nos. 125-1; 133.)

14     First, defendant argues that plaintiffs have not shown good cause to amend the pleadings
15 because plaintiffs' proffered reason is to avoid potential spoilation issues caused by plaintiff
16 Hoffer disposing of her car. (Doc. No. 128 at 7–8.) Defendant cites no authority to support the
17 contention that attempting to substitute a named plaintiff to provide better representation to a
18 class fails to constitute good cause. Moreover, the Rule 16(b) "good cause" standard, which both
19 parties agree applies to this motion, "primarily considers the diligence of the party seeking the
20 amendment." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608–09 (9th Cir. 1992).
21 There is no dispute that plaintiffs were diligent in seeking to replace plaintiff Hoffer by filing the
22 Florida motion only four weeks after learning of her disposal of her vehicle. (Doc. No. 125-1 at
23 7–8.) Therefore, the court finds that plaintiff's proffered reason for substituting the named
24 plaintiff in that action can support a finding of good cause.

25     Second, defendant argues that it has already conducted substantial discovery as to plaintiff
26 Hoffer and that permitting substitution would prejudice it by requiring it to engage in further
27 discovery. (Doc. No. 128 at 8–9.) "The nullification of prior discovery and the need for new
28 discovery can constitute sufficient prejudice to bar a motion to amend a complaint." *Aguilar v.*

*Boulder Brands, Inc.*, No. 3:12-cv-01862-BTM-BGS, 2014 WL 4352169, at *5 (S.D. Cal. Sept. 2, 2014); *see also Hitt v. Ariz. Beverage Co.*, No. 08-cv-00809-WQH-POR, 2009 WL 4261192, at *6 (S.D. Cal. Nov. 24, 2009) (finding that participation in substantial discovery and briefing a motion to dismiss as to the named plaintiffs created substantial prejudice warranting denial of a motion to substitute those named plaintiffs).  Here, however, plaintiffs' proposed amendments do not seek to modify any causes of action and there is no assertion that defendant would be unable to complete discovery prior to the pertinent discovery deadlines.  *See Patton v. Experian Data Corp.*, No. 17-cv-01559-JVS-DFM, 2019 WL 13034866, at *6 (C.D. Cal. Jan. 22, 2019) (finding that the defendant would not be substantially prejudiced by substitution of a class representative where the substitution did not modify the causes of action); *see also Aguilar*, 2014 WL 4352169, at *5 (finding that the defendant had not shown substantial prejudice where the plaintiff's claims would remain largely unchanged upon amendment); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420-YGR, 2016 WL 948874, at *4 (N.D. Cal. Mar. 14, 2016) (finding no prejudice where the proposed substitute representatives were in the class proposed by the original pleadings but substantial prejudice regarding substitute representatives who had purchased "potentially non-qualifying products"); *Castillo v. United Rentals (N. Am.), Inc.*, No. 17-cv-01573-JLR, 2018 WL 3429936, at *4 (W.D. Wash. July 16, 2018) (finding that the defendant did not show substantial prejudice where the proposed substitution would not assert any new legal claims and the new plaintiff was formerly part of the proposed class); *but see Hitt*, 2009 WL 4261192, at *6 (finding prejudice where the defendant would have to conduct new and additional discovery as to the new plaintiffs).  Accordingly, the court concludes that defendant has not shown substantial prejudice warranting a denial of plaintiffs' motion.

Finally, defendant argues that substitution would be futile.  (Doc. No. 128 at 9–11.)  For the same reasons that the court concluded above that the amendments proposed in the Ohio motion would not be futile, the court also concludes that the amendments proposed in the Florida motion would not be futile.

Accordingly, the court will grant plaintiffs' motion to substitute the named class representative with respect to the Florida sub-class.

8

**CONCLUSION**

For the reasons above,

1. Plaintiffs' motions to substitute named plaintiffs and class representatives (Doc. Nos. 119, 125) are GRANTED;

2. Within seven (7) days from the date of entry of this order, plaintiffs shall file their second consolidated amended class complaint; and

3. Defendant shall file its response to plaintiffs' second consolidated amended class complaint within twenty-eight (28) days from the date of filing of the second consolidated amended class complaint.

IT IS SO ORDERED.

Dated:   **December 23, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

9