UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA MILLER, et al., | No. 2:20-cv-01796-DAD-CKD |
| Plaintiffs, | Doc. No. 154 |
| v. | |
| FORD MOTOR COMPANY, | ORDER ADOPTING THE PARTIES' STIPULATION TO MODIFY THE SCHEDULING ORDER AND FILE CONSOLIDATED BRIEFING IN PART |
| Defendant. | |
| TREVOR NELSON, et al., | No. 2:24-CV-02231-DAD-CKD |
| Plaintiffs, | Doc. No. 69 |
| v. | |
| FORD MOTOR COMPANY, | |
| Defendant. | |

On May 7, 2026, the parties in the above-entitled actions filed a joint stipulation requesting that the court modify its scheduling order in each case and to permit plaintiffs to file consolidated and extended briefing with regard to plaintiffs' anticipated motion for class certification. (*Miller* Doc. No. 154; *Nelson* Doc. No. 69.) Pursuant to the parties' stipulation, and good cause appearing, the court will grant the parties' request to modify the schedule of each

1

case.  However, the court will deny the parties' request to authorize the filing of consolidated and extended briefing with regard to plaintiffs' anticipated motions for class certification.

On October 21, 2024, the court issued an order relating *Miller v. Ford Motor Co.*, 2:20-cv-01796-DAD-CKD[1] ("*Miller*") and *Nelson v. Ford Motor Co.*, 2:24-cv-02231-DAD-CKD ("*Nelson*").  (*Miller* Doc. No. 109; *Nelson* Doc. No. 28.)  On January 31, 2025, pursuant to a stipulation by the parties, the court revised the *Miller* scheduling order such that the relevant deadlines aligned with those set by the court in *Nelson*.  (*Miller* Doc. No. 155.)  Despite the parallel paths of these cases, they have not been consolidated, and the parties do not request consolidation for any purpose other than to file consolidated briefing regarding plaintiffs' anticipated motions for class certification.  (*Miller* Doc. No. 154; *Nelson* Doc. No. 69.)

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  In exercising its discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).  In their pending stipulation, the parties state that consolidation of the class certification briefing would be for "administrative purposes only, without prejudice to either Parties' positions on whether the grant or denial of class certification for one or more classes in one case requires the same or similar ruling in the other case[.]"  (*Miller* Doc. No. 154 at 3; *Nelson* Doc. No. 69 at 3.)  The parties do not explain how such consolidation of the class certification briefing would save time and effort, nor do they address whether consolidation would produce any inconvenience, delay, or expense.  The court notes that the parties have agreed that even if they file consolidated briefing, the outcomes may differ.  This suggests to the court that consolidation of the briefing will not save time and effort.  Therefore, the court will decline to grant the parties' request to file consolidated class certification briefing.

---

[1]  On May 6, 2021, the *Miller* case was consolidated with *Reed v. Ford Motor Co.*, 2:21-cv-00417-DAD-CKD.  (*Miller* Doc. No. 36.)

2

The parties' further request that, in light of their request to file consolidated briefing regarding class certification, the page limit for plaintiffs' motion be extended to 40 pages, and the page limit for defendant's opposition be extended to 40 pages. (*Miller* Doc. No. 154 at 3; *Nelson* Doc. No. 69 at 3.) The court will deny the parties' request for extended briefing because the court is denying the parties' request to file consolidated briefing. The court will consider future requests regarding extended briefing should the parties provide sufficient explanation for that such requests.

Accordingly,

1.    The parties' joint stipulation (*Miller* Doc. No. 154; *Nelson* Doc. No. 69.), is GRANTED in part and DENIED in part as follows:

a.    The court modifies the case schedule and sets a briefing schedule for plaintiffs' anticipated motions for class certification as follows:

i.    Expert discovery shall be completed no later than May 29, 2026;

ii.    Plaintiffs' motions for class certification shall be filed no later than June 22, 2026;

iii.    Defendant's oppositions to plaintiffs' motions for class certification shall be filed no later than July 15, 2026;

iv.    Plaintiffs' replies, if any, shall be filed no later than July 29, 2026;

v.    All other dates and deadlines remain unchanged;

b.    The parties' request to file consolidated and extended briefing with respect to plaintiffs' anticipated motions for class certification is DENIED without prejudice; and

2.    The Clerk of the Court is DIRECTED to docket this order in 2:20-cv-01796-DAD-CKD and 2:24-CV-02231-DAD-CKD.

IT IS SO ORDERED.

Dated:    **May 11, 2026**                                    _____
                                                        DALE A. DROZD
                                                        UNITED STATES DISTRICT JUDGE

3