Mark P. Chalos (*pro hac vice*)
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
222 2nd Ave South, Suite 1640
Nashville, Tennessee 37201
Telephone: (615) 313-9000
mchalos@lchb.com

[Additional Counsel on Signature Pages]

*Attorneys for Plaintiffs and the
Proposed Classes and Subclasses*

Randall W. Edwards (S.B. #179053)
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
redwards@omm.com

[Additional Counsel on Signature Pages]

*Attorneys for Defendant Ford Motor
Company*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA MILLER, et al., <br><br> Plaintiffs, <br> v. <br> FORD MOTOR COMPANY, <br><br> Defendant. | Case No. 2:20-cv-01796-DAD-CKD (Consolidated with Nos. 2:21-cv-00417-DAD-CKD, 2:21-cv-00468-DAD-CKD) |
| TREVOR NELSON, et al., <br> Plaintiffs, <br> v. <br> FORD MOTOR COMPANY, <br><br> Defendant. | Case No. 2:24-cv-02231-DAD-CKD <br><br> **JOINT STIPULATION REGARDING CLASS CERTIFICATION BRIEFING; [PROPOSED] ORDER** |

Plaintiffs and Defendant Ford Motor Company, by and through their attorneys of record in the *Miller* (Case No. 2:20-cv-01796) and *Nelson* (Case No. 2:24-cv-02231) actions, stipulate and agree as follows:

WHEREAS, *Miller* is a putative class action that asserts claims on behalf of owners and lessees of certain Ford vehicles with 1.5L, 1.6L, and 2.0L EcoBoost engines;

WHEREAS, *Nelson* is a putative class action that asserts claims on behalf of owners and lessees of certain Ford vehicles with 2.3L EcoBoost engines;

WHEREAS, the parties stipulated to the transfer of *Nelson* to this district and asserted, in relevant part:

> the Parties agree that this action and the *Miller* Action are related, in that both are brought by individuals, including California citizens, against Ford asserting claims related to what plaintiffs in *Miller* and Plaintiffs here contend are similarly defective EcoBoost engines under California law, and that both matters involve at least some overlapping factual allegations, claims, and requests for relief[.]

(*Nelson*, Dkt. 19 at 3);

WHEREAS, after *Nelson* was transferred to this district, Plaintiffs filed a notice of related cases in which they stated:

> The plaintiffs in both cases bring claims on behalf of owners and lessees of Ford vehicles with certain EcoBoost engines (1.5L, 1.6L, and 2.0L in *Miller* and 2.3L in *Nelson*), and they allege that all these vehicles have an engine defect that can cause engine coolant to leak into the engine's cylinders, which can result in overheating, catastrophic engine failures, and potential engine fires. Both *Miller* and this action raise several of the same causes of action and, Plaintiffs allege, call for determination of the same or similar questions of law and fact. It would therefore conserve judicial resources and avoid duplication of efforts to relate and coordinate these cases so they are both pending before Judge Drozd.

(*Nelson*, Dkt. 27 at 1);

WHEREAS, the Court ordered the two cases to be related, finding that assignment of both actions "to the same district judge and magistrate judge will promote substantial efficiency and economy for the court and is likely to be convenient for the parties" (*Nelson*, Dkt. 28 at 1);

- 1 -

WHEREAS, the Parties agreed, and the Court ordered, that "discovery produced in *Miller* can be used in" *Nelson* and the two cases should be on "the same case schedule" (*Nelson*, Dkt. 34 at 4);

WHEREAS, the Parties previously requested leave to consolidate briefing across the two actions for Plaintiffs' anticipated motion for class certification (*Miller*, Dkt. 154; *Nelson*, Dkt. 69);

WHEREAS, the Court denied that request without prejudice on the basis that the Parties had not "explain[ed] how such consolidation of the class certification briefing would save time and effort, nor [did] they address whether consolidation would produce any inconvenience, delay, or expense" (*Miller*, Dkt. 155 at 2; *Nelson*, Dkt. 70 at 2);

WHEREAS, the Parties submit this stipulation to provide further information about why it would be more convenient and efficient and serve judicial economy to proceed with class certification briefing in these actions on a single track;

WHEREAS, Defendant enters into this stipulation without conceding any substantive arguments about whether class certification is proper, including whether common issues exist or predominate within or across these actions;

WHEREAS, the Parties provide the following statements about why a single briefing track is appropriate here:

**Plaintiffs**: Plaintiffs intend to demonstrate that the questions of whether the EcoBoost engines at issue across vehicle populations in both *Miller* and *Nelson* are defective and not merchantable are common questions. Plaintiffs will argue that Ford did not disclose the uniform defect in any of these engines, and class members suffered economic injury as a result. Plaintiffs intend to use common evidence to present these legal and factual arguments that overlap across the *Miller* and *Nelson* cases. Indeed, as noted above, the Parties stipulated that the discovery in *Miller* can be used in *Nelson*, and vice-versa, and all expert reports applied to both cases. Given this near-total substantive overlap, it will be most efficient for the Court, as well as the Parties, to brief class certification on a single track because a single opening, response, and reply brief would be more streamlined than separate briefs in *Miller* and *Nelson* at each stage of the process, which would be largely duplicative in substance.

**Defendant**: Ford agrees that consolidated briefing will be most efficient to present arguments about the certifications of classes in *Miller* and of *Nelson*, given Plaintiffs' contentions, although Ford does not agree that certification of any class encompassing vehicles in *Miller* and *Nelson* is warranted or permitted. Fact and

expert discovery was combined in both *Miller* and *Nelson*. While Ford disputes that the evidence for *Miller* and *Nelson* is common, Ford expects that portions of both Plaintiffs' and Ford's briefs and exhibits will overlap across both cases, and combining the class certification briefing will increase efficiency by preventing the Court from reviewing duplicative briefs. The page limit extension request does not undercut the benefits of consolidated briefing. On its own, *Miller* is a complex case, with 16 states, 23 plaintiffs bringing 28 claims, and spans 3 engines, 5 vehicle lines, and 7 model years, and the parties have designated a total of 8 experts. *Nelson* involves additional claims for an additional 3 vehicle lines over 5 model years. The legal elements of each claim will need to be addressed, as will substantial evidence. Increasing the page limits is justified in *Miller*, and combining the *Miller* and *Nelson* class certification briefing will improve efficiency by presenting key information once in a streamlined matter.

WHEREAS, if the Court permits the Parties to brief class certification on a single track, the Parties respectfully submit that good cause exists to marginally expand the default briefing page limits to allow both sides to present all legal and factual arguments relevant to the claims at issue as follows: Plaintiffs' brief in support of class certification shall not exceed 45 pages, Defendant's brief in response to class certification shall not exceed 45 pages, and Plaintiffs' reply brief in support of class certification shall not exceed 20 pages;

WHEREAS, if the Court declines to grant the Parties' joint stipulation for consolidated briefing, the Parties request in the alternative that the Court expand the page limits for briefing on Plaintiffs' motion for class certification in *Miller* to permit Plaintiffs to file an opening brief of no more than 40 pages, Defendant to respond with a brief of no more than 40 pages, and Plaintiffs to file a reply brief of no more than 20 pages (leaving the *Nelson* page limits to be the Court's default 25-25-15).

IT IS HEREBY STIPULATED by and between Plaintiffs and Defendant that:

1. The Parties agree to file a single track of briefing that will address class certification issues in both *Miller* and *Nelson*;

2. The Parties shall file the consolidated class certification briefing on the *Miller* docket, No. 2:20-cv-01796-DAD-CKD; and

3. Plaintiffs' motion for class certification shall not exceed 45 pages, Defendant's opposition to Plaintiffs' motion for class certification shall not exceed 45 pages, and Plaintiffs' reply in support of class certification shall not exceed 20 pages.

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
Hon. Dale A. Drozd
United States District Judge

Dated: June 5, 2026      LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

*/s/ Mark Chalos*
Mark P. Chalos (*pro hac vice*)
222 2nd Avenue South, Suite 1640
Nashville, Tennessee 37201
Telephone: (615) 313-9000
mchalos@lchb.com

Phong-Chau G. Nguyen (S.B. #286789)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
pgnguyen@lchb.com

Annika K. Martin (*pro hac vice*)
Gabriel Panek (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013
akmartin@lchb.com
gpanek@lchb.com

William A. Kershaw (S.B. #057486)
Stuart C. Talley (S.B. #180374)
Ian J. Barlow (S.B. #262213)
KERSHAW TALLEY BARLOW PC
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 779-7000
Facsimile: (916) 244-4829
bill@ktblegal.com
stuart@ktblegal.com
ian@ktblegal.com

Cody R. Padgett (S.B. #275553)
Majdi Y. Hijazin (*pro hac vice*)
Abigail J. Gertner (*pro hac vice*)
CAPSTONE LAW, APC

- 4 -

1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
cody.padgett@capstonelawyers.com
majdi.hijazin@capstonelawyers.com
abigail.gertner@capstonelawyers.com

Russell D. Paul (*pro hac vice*)
Amey J. Park (*pro hac vice*)
Natalie Lesser (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
rpaul@bm.net
apark@bm.net
nlesser@bm.net

Thomas P. Thrash (*pro hac vice*)
William T. Crowder (*pro hac vice*)
THRASH LAW FIRM PA
1101 Garland Street
Little Rock, AR 72201
Telephone: (501) 374-1058
tomthrash@sbcglobal.net
willcrowder@thrashlawfirmpa.com

Patrick Newsom (*pro hac vice*)
NEWSOM LAW PLC
40 Music Square East
Nashville, Tennessee 37203
Telephone: 615-251-9500
patrick@newsom.law

*Attorneys for Plaintiffs and the Proposed Classes and Subclasses*

Dated:   June 5, 2026

O'MELVENY & MYERS LLP

*/s/ Randall W. Edwards* (as authorized on June 5, 2026)
Randall W. Edwards (S.B. #179053)
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
redwards@omm.com

Amy Laurendeau (S.B. #198321)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
alaurendeau@omm.com

Kelsey M. Larson (S.B. #267982)
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
klarson@omm.com

Sherry A. Rozell (*pro hac vice*)
McAFEE & TAFT
4050 S. Fairview Ave.
Springfield, MO 65807
Telephone: 918-574-3001
sherry.rozell@mcafeetaft.com

*Attorneys for Defendant Ford Motor Company*