UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA MILLER, et al., | No.  2:20-cv-01796-DAD-CKD |
| Plaintiffs, | |
| v. | ORDER RELATING AND REASSIGNING CASES |
| FORD MOTOR COMPANY, | |
| Defendant. | |
| TREVOR NELSON, et al., | |
| Plaintiff, | No.  2:24-cv-02231-DAD-CKD |
| v. | |
| FORD MOTOR COMPANY, | |
| Defendant. | |

On June 5, 2026, the parties filed a stipulation to consolidate class certification briefing between the *Miller, et al. v. Ford Motor Company*, No. 2:20-cv-01796-DAD-CKD (E.D. Cal.) action ("the *Miller* action") and the *Nelson, et al. v. Ford Motor Company*, No. 2:24-cv-02231-DAD-CKD (E.D. Cal.) action ("the *Nelson* action").  (*Miller* Doc. No. 156; *Nelson* Doc. No. 71.)

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  In exercising its discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it

1

would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).  Here, the parties provide extensive explanation regarding the legal and factual arguments that will substantially overlap between class certification motions in both actions.  (*Miller* Doc. No. 156 at 3–4; *Nelson* Doc. No. 71 at 3–4.)  Accordingly, the parties contend that consolidating class certification briefing will be more convenient and efficient for the parties in preparing the anticipated motion for class certification and would conserve judicial resources.  (*Id.*)  The court therefore finds good cause to permit consolidation of class certification briefing across the *Miller* and *Nelson* actions.

For the reasons above,

1.     The parties shall file consolidated class certification briefing in only the *Miller* action;

2.     Plaintiffs' anticipated consolidated motion for class certification shall not exceed forty-five (45) pages, defendant's consolidated opposition shall not exceed forty-five (45) pages, and plaintiffs' reply thereto shall not exceed twenty (20) pages; and

3.     The Clerk of the Court is directed to file this order on the *Miller* and the *Nelson* dockets.

IT IS SO ORDERED.

Dated:    **June 9, 2026**                              _____
                                                        DALE A. DROZD
                                                        UNITED STATES DISTRICT JUDGE

2