RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Tel: +1 (415) 984-8700
Fax: +1 (415) 984-8701

AMY J. LAURENDEAU (S.B. #198321)
alaurendeau@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1 (949) 823-6900
Fax: +1 (949) 823-6994

KELSEY M. LARSON (S.B. #267982)
klarson@omm.com
O'MELVENY & MYERS LLP
400 S. Hope St., 19th Floor
Los Angeles, CA 90071
Tel: +1 (213) 430-6000
Fax: +1 (213) 430-6407

*Counsel for Defendant*
*Ford Motor Company*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA MILLER, et al., as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 2:20-cv-01796-DAD-CKD<br><br>(Consolidated with Nos. 2:21-cv-00417-DAD-CKD, 2:21-cv-00468-DAD-CKD)<br><br>**FORD MOTOR COMPANY'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing: September 21, 2026<br>Time: 1:30 pm<br>Judge: Hon. Dale A. Drozd<br>Courtroom: 4, 15th Floor<br><br>Second Am. Consol. Compl. ("SACC," Dkt. 144) filed: Jan. 5, 2026) |

**FORD'S STATEMENT OF UNDISPUTED FACTS**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Eastern District Local Rule 260(a), Defendant Ford Motor Company ("Ford") submits this Separate Statement of Undisputed Facts in Support of its Motion for Summary Judgment.  Facts agreed upon by both parties are contained in the Joint Statement of Undisputed Facts.

**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS**

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| **Plaintiff Lund (AR)** | |
| 1.  Patricia Lund purchased her used 2016 2.0L Ford Escape on October 21, 2016 from Fort City Motors in Fort Smith, Arkansas. | Sinclair Decl. Ex. C, Lund Dep. 49:6-14. |
| 2.  Ms. Lund did not communicate with Ford Motor Company before filing a lawsuit against it related to her Escape. | Sinclair Decl. Ex. C, Lund Dep. 33:12-15. |
| **Plaintiffs Evan and Amber West (CA)** | |
| 3.  Before their vehicle purchase, the Wests did not speak to anybody at Ford Motor Company. | Sinclair Decl. Ex. D, A. West Dep. 31:7-10; Ex. E, E. West Dep. 58:16-25. |
| 4.  The Wests purchased their Fusion in part for Ms. West's use as a business vehicle to visit clients during her job as a social worker. | Sinclair Decl. Ex. D, A. West Dep. 33:10-13; 34:14-21; 83:1-4. |
| 5.  The applicable warranty on the Wests' 2013 Ford Fusion is Ford's Limited New Vehicle Warranty, which covers certain powertrain components including the engine for the earlier of five years or 60,000 miles. | Sinclair Decl. Ex. A (2013 Ford's Warranty Guide). |
| 6.  Under the Limited New Vehicle Warranty, in certain circumstances an authorized Ford dealer will repair or replace a covered part that fails "during normal use during the applicable coverage period due to a manufacturing defect in factory-supplied materials or factory workmanship." | Sinclair Decl. Ex. A (2013 Ford Warranty Guide) at 9. |
| 7.  Mr. West testified his wife experienced a stalling issue in 2016. | Sinclair Decl. Ex. E, E. West Dep. 110:5-11; 115:24-116:8. |

- 1 -

| | |
|---|---|
| 8. Antelope Valley Ford was unable to replicate the stalling issue in September 2016. | Sinclair Decl. Ex. E, E. West Dep. 93:15-94:20. |
| 9. Mr. West testified that he experienced loss of power issues every three to six months after the September 2016 incident. | Sinclair Decl. Ex. E, E. West Dep. 88:13-17. |
| 10. Mr. West did not take their Fusion into any dealership for any stalling issues while his vehicle was within the warranty period. | Sinclair Decl. Ex. E, E. West Dep. 115:21-116:4; 126:16-18. |
| 11. Mr. West took their Fusion into a repair shop, KJ Grand Am Tires in November 2018 because his vehicle was outside the warranty period. | Sinclair Decl. Ex G, PLTF_003305 (E. West Dep. Ex. 19); Ex. E, E. West Dep. 133:23-134:3; 138:6-11. |
| 12. Ms. West first contacted Ford Motor Company regarding their vehicle in October or November 2020. | Sinclair Decl. Ex. D, A. West Dep. 72:8-14. |
| 13. Ms. West did not recall any specifics of her call with Ford Motor Company Customer Service other than that Ford indicated that it would not cover the engine replacement. | Sinclair Decl. Ex. D, A. West Dep. 72:15-74:8. |
| **Plaintiff Miller (CA)** | |
| 14. Ms. Miller purchased her vehicle for use as a work vehicle. | Sinclair Decl. Ex. H, Miller Dep. 67:15-20. |
| 15. Ms. Miller used her Edge 50% of the time for business use. | Sinclair Decl. Ex. H, Miller Dep. 103:18-23; 105:2-4. |
| **Plaintiff Balaszek (IN)** | |
| 16. In December 2019, Ms. Balaszek took her Escape in for a routine oil change at which the technician noted empty coolant in her vehicle. No engine repair was requested or attempted during this routine oil change. | Sinclair Decl. Ex. J, Balaszek Dep. 75:3-16. |
| 17. Ms. Balaszek continued to drive her Escape after the December 2019 oil change. | Sinclair Decl. Ex. J, Balaszek Dep. 78:18-79:4; 84:15-17. |
| 18. Plaintiff Balaszek has continued to drive her Escape since that time until February 2024, when her daughter became the primary driver. | Sinclair Decl. Ex. J, Balaszek Dep. 32:12-16; 43:20-22; 44:7-17. |
| 19. Ms. Balaszek did not communicate with Ford regarding the engine issues with her Escape. | Sinclair Decl. Ex. J, Balaszek Dep. 97:16-21. |
| **Plaintiff Pickering (IN)** | |

- 2 -

SEPARATE STATEMENT OF
UNDISPUTED FACTS
NO. 2:20-CV-01796-DAD-CKD

| | |
|---|---|
| 20. Mr. Pickering purchased the Fusion for use as a business vehicle. | Sinclair Decl. Ex. M, Pickering Dep. 80:15-81:15. |
| 21. Mr. Pickering did not communicate with Ford Motor Company regarding his Fusion. | Sinclair Decl. Ex. M, Pickering Dep. 133:25-134:5. |
| **Plaintiffs Craig and Kelli Morford (KS)** | |
| 22. Ms. Morford's usage of their Escape has not changed since the Morfords purchased it. | Sinclair Decl. Ex. Q, K. Morford Dep. 69:13-16; *see also* Ex. Q at 55:19-22; 56:4-19; 69:13-16. |
| 23. The Morfords declined to replace the engine in their Escape. | Sinclair Decl. Ex. N, C. Morford Dep. 120:22-25. |
| 24. Since October 2020, the Morfords have continued to drive their Escape, only adding coolant periodically. | Sinclair Decl. Ex. N, C. Morford Dep. 59:2-22, 62:6-18. |
| **Plaintiffs Aaron and Victoria Manfra (MD)** | |
| 25. The Manfras purchased their new 2017 2.0L Ford Edge on April 18, 2017 from Len Stoler Ford in Owings Mills, Maryland. | Sinclair Decl. Ex. S, PLTF_002258 (A. Manfra Dep. Ex. 6); Ex. R, A. Manfra Dep. 21:23-24; 98:11-13. |
| 26. Before purchasing their Edge, Mr. Manfra researched the Ford Edge on third-party websites. | Sinclair Decl. Ex. R, A. Manfra Dep. 89:16-90:19. |
| 27. Before purchasing their Edge, Mr. Manfra only reviewed the Ford website to check on incentives, but he did not use Ford's website as a review tool about the Edge. | Sinclair Decl. Ex. R, A. Manfra Dep. 91:1-5. |
| 28.  Before purchasing his Edge, Mr. Manfra did not communicate with anyone at Ford. | Sinclair Decl. Ex. R, A. Manfra Dep. 98:4-6. |
| **Plaintiff Metro (MI)** | |
| 29. Ms. Metro experienced vehicle hesitation upon acceleration in 2018. | Sinclair Decl. Ex. U, Metro Dep. 138:3-139:10; 144:2-7. |
| 30. Ms. Metro took her vehicle in to Imlay Ford on July 29, 2022. | Sinclair Decl. Ex. U, Metro Dep. 187:6-21. |
| **Plaintiff Kennedy (MN)** | |
| 31. Mark Kennedy purchased his 2016 2.0L Ford Edge used on November 24, 2020 from BMW of Minnetonka. | Sinclair Decl. Ex. T, Kennedy Dep. 116:8-117:1. |
| 32. Mr. Kennedy did not review any advertisements from Ford Motor Company before purchasing his Edge. | Sinclair Decl. Ex. T, Kennedy Dep. 94:18-95:5; 95:22-96:12; 100:25-101:6; 102:8-16. |
| 33. Mr. Kennedy did not see any information regarding the 2016 Edge on Ford's website, but only viewed the specifications for the Ford vehicles | Sinclair Decl. Ex. T, Kennedy Dep. 94:18-95:5; 95:22-96:12. |

- 3 -

| | |
|---|---|
| available at the time of his purchase in 2020. | |
| **Plaintiff Mullen (OH)** | |
| 34. In April 2021, Mr. Mullen experienced trouble initially starting his Edge, but once started, the vehicle would run without issue. | Sinclair Decl. Ex. W, Mullen Dep. 126:1-16; 128:16-18; 131:14-25; 134:25-135:14. |
| 35. From April 2021 to August 2021, Mr. Mullen continued to drive his Edge. | Sinclair Decl. Ex W, Mullen Dep. 63:5-64:25; 185:19-186:2; 192:7-193:23. |
| 36. Mr. Mullen completed a 700-mile road trip from Ohio to Missouri in his Edge, favoring it over his other vehicle. | Sinclair Decl. Ex W, Mullen Dep. 193:20-23. |
| 37. Mr. Mullen has no concerns with his daughter driving the Edge. | Sinclair Decl. Ex W, Mullen Dep. 57:21-24. |
| 38. Mr. Mullen stated his daughter considers the Edge an "upgrade" from her prior vehicle. | Sinclair Decl. Ex W, Mullen Dep. 56:20-57:7. |
| **Plaintiff Batdorf (TN)** | |
| 39. Mr. Batdorf sold his MKC in late 2022 to CarMax located in Hendersonville, Tennessee, after he joined the action. | Sinclair Decl. Ex. AA, Batdorf Dep 30:17-31:18. |
| 40. Mr. Batdorf did not notify Ford when he sold his Lincoln MKC in 2022. | Sinclair Decl. Ex. AA, Batdorf Dep. 31:14-18; 45:2-5. |
| **Plaintiff Gonzalez (TX)** | |
| 41. Mr. Gonzalez did not recall ever contacting Ford Motor Company directly regarding his Escape. | Sinclair Decl. Ex. BB, Gonzalez Dep. 169:16-170:3. |

Dated:  June 22, 2026

O'MELVENY & MYERS LLP

By:   /s/ *Randall W. Edwards*
         Randall W. Edwards

*Counsel for Defendant*
Ford Motor Company

SEPARATE STATEMENT OF
UNDISPUTED FACTS
NO. 2:20-CV-01796-DAD-CKD