RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Tel: +1 415 984 8700
Fax: +1 415 984 8701

AMY J. LAURENDEAU (S.B. #198321)
alaurendeau@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1 (949) 823-6900
Fax: +1 (949) 823-6994

KELSEY M. LARSON (S.B. #267982)
klarson@omm.com
O'MELVENY & MYERS LLP
400 S. Hope St., 19th Floor
Los Angeles, CA 90071
Tel: +1 (213) 430-6000
Fax: +1 (213) 430-6407
*Counsel for Defendant*
FORD MOTOR COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

VANESSA MILLER, et al., as individuals and on behalf of all others similarly situated,

Plaintiffs,

v.

FORD MOTOR COMPANY,

Defendant.

Case No. 2:20-cv-01796-DAD-CKD (Consolidated with Nos. 2:21-cv-00417-DAD-CKD, 2:21-cv-00468-DAD-CKD)

TREVOR NELSON, et al., as individuals and on behalf of all others similarly situated,

Plaintiffs,

v.

FORD MOTOR COMPANY,

Defendant.

Case No. 2:24-cv-02231-DAD-CKD

**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN OPINIONS OF PLAINTIFFS' EXPERT DR. COLIN JORDAN**

Date: September 21, 2026
Time: 1:30 p.m.
Judge: Hon. Dale A. Drozd
Courtroom: 4, 15th Floor

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 21, at 1:30 p.m., or at such other time as the Court shall order, in Courtroom 4 on the 15th Floor of the above-entitled Court, located at 501 I Street, Sacramento, CA 95814, the Honorable Dale A. Drozd, United States District Judge, presiding, Defendant Ford Motor Company will and hereby does move this Court for an order excluding certain opinions and testimony of Plaintiffs' proffered technical expert, Dr. Colin Jordan, Ph.D., as reflected in his report submitted in support of Plaintiffs' Consolidated Motion for Class Certification, filed on June 22, 2026. *See* Jordan Rpt. (Dkt. 162-20). Ford moves for exclusion of certain of Dr. Jordan's expert opinions offered by Plaintiffs in support of certification under the standards for admissibility of expert evidence set forth in Fed. R. Evid. 702 and *Daubert* and its progeny, for the following independent reasons. *See Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993).

First, Dr. Jordan's opinions about whether coolant intrusion presents a safety risk must be excluded because they are unsupported by any reliable methodology or evidence. Dr. Jordan admits that he is aware of no accidents caused by coolant intrusion, undertook no analysis other than relying on a general belief that coolant intrusion can lead to stalling which can lead to accidents, conducted no quantitative analysis of the number of any alleged stalling incidents or whether coolant intrusion led to a complete loss of vehicle motive power, and performed no expert engineering analysis of any complaints or plaintiff testimony other than copying and pasting certain screenshots into his report. Second, Dr. Jordan's opinions related to the adequacy of Ford's testing lack any reliable evidence or methodology because Dr. Jordan admitted he has reviewed no testing protocols or results related to the at-issue vehicles.

Ford respectfully requests that the Court resolve Ford's motion to exclude certain of Jordan's expert opinions before ruling on Plaintiffs' consolidated motion for class certification. *See Ellis v. Costco*, 657 F.3d 970, 982 (9th Cir. 2011) (*Daubert* analysis necessary to determine admissibility of expert testimony at class certification stage). Ford's focus in this motion is on Dr. Jordan's opinions that impact class certification. Ford reserves its rights to challenge other

opinions in later proceedings in this case.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed in support thereof, the supporting Declaration of Amy J. Laurendeau filed in support of Ford's Motions to Exclude Expert Opinions Relevant to Class Certification, the pleadings on file in this matter, oral arguments of counsel (if any), and any other matters as the Court may consider.

Pursuant to Part I.C. of the Court's Standing Order in Civil Cases, the undersigned certifies that the parties met and conferred telephonically regarding the instant motion on August 7, 2026. During that discussion, counsel for Ford explained the nature of this motion and its legal basis and requested, but did not obtain, agreement to the relief sought.

Dated: August 12, 2026

O'MELVENY & MYERS LLP

By: /s/ *Randall W. Edwards*
Randall W. Edwards

*Counsel for Defendant*
Ford Motor Company